**JAW LEGAL**
Jared A. Washkowitz  (7653)
1050 Bishop Street #450
Honolulu, Hawaii 96813
Tel: 808-840-7410
Fax: 415-520-9729
Email: jwash@jawlegal.com

Attorney for Plaintiffs
DAVID DEMAREST and
GREEN MOUNTAIN MYCOSYSTEMS LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAVID DEMAREST and GREEN MOUNTAIN MYCOSYSTEMS LLC, | ) ) ) ) | CASE NO.: |
| Plaintiffs, | ) ) ) | **COMPLAINT; SUMMONS** (In Admiralty) |
| vs. | ) ) ) | |
| RAIED J. ALFOUADI; UNNAMED SAILING VESSEL *in rem*, Hull No. HA 6874 H;  DOE DEFENDANTS 1-20, DOE CORPORATIONS, 1-20, DOE GOVERNMENT AGENCIES 1-20, DOE PARTNERSHIPS 1-20, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |
| _____ | ) | |

**<u>COMPLAINT</u>**

Plaintiffs  DAVID  DEMAREST  (herein  "DEMAREST")  and  GREEN

MOUNTAIN MYCOSYSTEMS LLC (herein "GMM") (collectively "Plaintiffs"), by

-1-

and through their undersigned counsel, and pursuant to the applicable Federal Rules of Civil Procedure and Local Rules, sets forth the following Complaint against Defendants RAIED J. ALFOUADI; UNNAMED SAILING VESSEL *in rem*, Hull No. HA 6874 H, DOE DEFENDANTS 1-20, DOE CORPORATIONS, 1-20, DOE GOVERNMENT AGENCIES 1-20, and DOE PARTNERSHIPS 1-20 (herein collectively "Defendants") as follows:

## Parties, Jurisdiction and Venue

1.      This is a case of admiralty and maritime jurisdiction as more fully alleged herein, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.      Jurisdiction is based upon 28 U.S.C. § 1333 (admiralty) as this action is a claim for an award of salvage and for damages based on an incident that occurred involving vessels in navigation upon the navigable waters of the United States. The Court also has supplemental jurisdiction under 28 U.S.C. §1367 because the in personam state law claims alleged herein arise under the same set of facts as the maritime claims, and form part of the same case or controversy. Venue is proper in this district pursuant to 28 USC § 1391 because Defendants reside in this district and a substantial part of the events giving rise to Plaintiffs' claims occurred in this district.

3.      Plaintiff DAVID DEMAREST is and was, at all relevant times herein, an indivdiual domiciled and residing in the State of Vermont, who also engaged in marine salvage operations in Hawaii either in an individual capacity or in his capacity as sole member of Plaintiff GMM.

4.      Plaintiff GMM is and was , at all material times, Hawaii foreign limited liability company organized and existing under the laws of the State of Vermont with its principal place of business in Underhill, Vermont.  At all relevant times herein Plaintiff was in the business of conducting marine salvage operations.

5.      Upon information and belief, Defendant RAIED J. ALFOUADI (herein "ALFOUADI") is and was all times relevant herein an individual domiciled in Maui County, Hawaii and was the owner and operator of the Defendant UNNAMED SAILING VESSEL, Hull No. HA 6874 H (herein "the Vessel") on the date of the incident as alleged herein below.

6.      DOE DEFENDANTS 1 through 20, DOE CORPORATIONS 1 through 20, DOE GOVERNMENT AGENCIES 1-20, and DOE PARTNERSHIPS 1-20, are sued herein under fictitious names for the reason that their true names and identities are presently unknown to Plaintiffs, except that they are persons and/or entities who are in some manner presently unknown to Plaintiffs engaged in the activities alleged herein; and/or are in some manner responsible for the injuries and damages to

Plaintiffs; and/or are persons and/or entities who conducted some activity in a negligent and/or willful manner; which conduct was the proximate cause of the injuries or damages to Plaintiffs and/or were in some manner related to the previously named Defendants engaged in the activities alleged herein; and Plaintiffs pray leave to insert their true names and capacities, activities and/or responsibilities, whether individual or corporate, when the same are ascertained. Plaintiffs have been unable to ascertain the identities of these DOE DEFENDANTS through a thorough examination of all documents available to Plaintiffs at this time. Defendants ALFOUADI , UNNAMED SAILING VESSEL, Hull No. HA 6874 H and the DOE DEFENDANTS may be collectively referred to herein as "Defendants".

7.      At all relevant times herein Defendants were the owners, operators and/or charterers of the Vessel.

## General Allegations

8.      This lawsuit is brought by Plaintiffs to recover compenstation for salvage services that were rendered to Defendants in connection with Defendants' 29 foot sailing Vessel which ran aground at the Mala Wharf in Lahaina, Maui on January 2, 2022 at approximately 3:30 p.m.

9.      The Mala Wharf was originally built in 1922 as a steel-reinforced concrete structure and was intended to provide a means for steamships to embark and

disembark passengers and goods. Almost immediately after being completed, however, it was discovered that a combination of heavy surf and strong currents made it nearly impossible for the inter-island steamers to tie up there successfully. While it could not be used for its intended purpose, the wharf continued to be used for many years by smaller craft and for shuttling passengers and freight ashore from large ships anchored offshore.  In 1992, the wharf was badly damaged by Hurrican Iniki , and while it could not be used as a wharf any longer, it became an ideal habitat for marine life such as fish, turtles, coral and sharks. The Mala Wharf has continued to be a very popular fishing,  snorkling, and scuba dive site with locals and a world renownedtourist attraction which multiple local commercial operations rely on.

10.    After the Vessel ran aground, Plaintiff immediately began salvage operations at the request of and with the permission of Defendants in order to remove the vessel wreckage and hazardous materials from the site and to minimize the potentially substantial environmental impact caused by the wreckage. Plaintiff alsodiscussed relevant details of the comencment of the salvage with DOBOR the night of the incident. The hazardous materials needing to be promptly removed included fuel, oil, batteries,  paints and epoxy, fishing nets and monofiliment fishing line, and various debris from the Vessel's wreckage.

At the time of initiation of the salvage, the Vessel's mast was vilently hitting the historic wharf and other parts of the Vessel posed an imminent hazard to the delicate underwater reef and surrounding marine life (including monk seals, sea turtles, and whales).

11.    Due to high surf and rough sea conditions at the wreckage site, and the fact that the Vessel was unable to float on it's own prior to comencement of the salvage effort and subsqently broke apart, the salvage operation was difficult and was conducted at great risk and peril to Plaintiffs.  However, in spite of all difficulties and dangers, the salvage operation was completed the morning of January 19, 2022. Removal of the Vessel debris and hazardous materials from the water and tidal zone by Plaintiffs saved Defendants and their insurance carrier from significant liability due to the environmental damage that would have otherwise resulted from the wreckage.

Plaintiffs acted with great skill and uncommon effort to protect the environment (including, but not limited to, utilization of hydrophobic oil absorbants to remove or prevent a slick from forming on the water, Festool® dust extractor when cutting vessel debris into smaller sizes to prevent fiberglass dust from entering the marine environment, and retrieving flotsam from the ocean the entire night of the vessel breaking apart)

12.     Despite demand having been made for payment from Defendants and their insurance company for the reasonable value of the services and materials rendered by Defendants, and a salvage award based on the potential liability of Defendants that was successfully avoided by the actions of Plaintiffs, Plaintiffs have not received anycompensation for their work.

## COUNT I :  BREACH OF ORAL CONTRACT AGAINST IN PERSONAM DEFENDANTS

13.     Plaintiffs incorporate by reference and reallege as if fully set forth herein, the allegations contained in all preceding paragraphs.

14.     At all material times herein, the in personam Defendants (herein "Defendants" for purposes of this cause of action) entered into a valid and binding oral contract (presumed to be based upon the Lloyds Open Form with SCOPIC clause due to the vessel being a total loss prior to intiation of the salvage effort) to compensate Plaintiffs for the reasonable value of their services and expenses in removing the Vessel wreckage.

15.     At all material times Plaintiffs fully performed their contractual obligations and conferred a substantial benefit upon Defendants by removing the Vessel wreckage and by preventing Defendants from incurring significant liability for damage to the environment.

16.     At all material times Defendants have failed to perform their obligation to compensate Plaintiffs for their work and expenses, despite demand having been made by Plaintiffs, and Defendants' failure to perform has not been excused.

17.     As a direct and proximate result of Defendants' breach of the oral contract as alleged herein, Plaintiffs have sustained damages in amounts according to proof at trial.

### COUNT II:  BREACH OF IMPLIED CONTRACT AGAINST IN PERSONAM DEFENDANTS

18.     Plaintiffs incorporate by reference and reallege as if fully set forth herein, the allegations contained in all preceding paragraphs.

19.     At all material times herein, the in personam Defendants (herein "Defendants" for purposes of this cause of action) entered into a valid and binding implied contract to compensate Plaintiffs for the reasonable value of their services and expenses in removing the Vessel wreckage.  The contract was implied by the words and/or actions of Defendants which indicated consent to Plaintiffs' performance of services and provision of equipemnt, materials and the hiring of necessary professional supporting services (specifically, but not limited to, hiring a tilt-bed tow truck and renting multiple dumpsters for disposal of vessel debris).

20.     At all material times Plaintiffs fully performed their contractual obligations in a skillful manner and conferred a substantial benefit upon Defendants by removing the Vessel wreckage and by preventing Defendants from incurring significant liability for damage to the environment.

21.     At all material times Defendants have failed to perform their obligation to compensate Plaintiffs for their work, despite demand having been made by Plaintiffs, and Defendants' failure to perform has not been excused.

22.     As a direct and proximate result of Defendants' breach of the oral contract as alleged herein, Plaintiffs have sustained damages in amounts according to proof at trial.

COUNT III:  QUANTUM MERUIT AGAINST IN PERSONAM DEFENDANTS

23.     Plaintiff incorporates by reference and reallege as if fully set forth herein, the allegations contained in all preceding paragraphs.

24.     At all material times herein, Plaintiffs conferred a benefit upon Defendants by  removing the Vessel wreckage and by preventing Defendants from incurring significant liability for damage to the environment.

25.     At all material times herein, Defendants accepted the benefit and the services and materials of Plaintiffs and knew or should have known that Plaintiffs

expected to be compensated for their reasonable value of their services and expenses and the benefits conferred upon Defendants.

26.    At all material times herein, Defendants failed to compenstate Plaintiffs for the services rendered, materials supplied, and the benefit conferred, despite demand having been made by Plaintiffs.

27.    As a direct and proximate result of Defendants' failure to compensate Plaintiffs for the reasonable value of services rendered, materials supplied, and benefits conferred, Plaintiffs have sustained damages in amounts according to proof at trial.

COUNT IV:  MARITIME PURE SALVAGE AWARD AGAINST ALL DEFENDANTS

28.    Plaintiffs incorporate by reference and reallege as if fully set forth herein, the allegations contained in paragraphs 1 through 19 above.

29.    At all material times herein, the Vessel was in immediate and imminent peril and would have exposed the Defendants to significant fines, penalties and/or other liabilities if left unattended, due to damage the wreck and its hazardous materials would have caused to the reef, historical pier, and surrounding area and Federally-protected marine species (including Monk Seals, Sea Tuttles, and Whales).

30.   The services rendered by Plaintiff  were rendered voluntarily, and the salvage operation was successful in removing the wreckage of the Vessel from the ocean floor and tidal zone , protecting Defendants and their insurers from substanital liability exposures, and salvaging personal documents, equipment, machinery and tools from the wreckage

31.   The operation to rescue the Vessel was undertaken in difficult and dangerous conditions, and involved great risk to Plaintiff.

32.   Accordingly Plaintiff is entitled to a salvage award in an amount fixed by the Court pursuant to applicable law, and said award should be based upon the value of the services rendered by Plaintiffs and the benefit conferred upon Defendants in protecting them from liability exposures.

COUNT V:  MARITIME LIEN AGAINST IN REM DEFENDANTS

33.   Plaintiffs incorporate by reference and reallege as if fully set forth herein, the allegations contained in paragraphs 1 through 19 above.

34.   Compensation for pure salvage is an award secured by a maritime lien. Accordingly Plaintiff asserts and preserves a maritime lien against the Vessel, its cargo, machinery, and insurance in the amount of any award of pure salvage granted by the Court.

WHEREFORE, Plaintiffs DAVID DEMAREST and GREEN MOUNTAIN MYCOSYSTEMS LLC pray for judgment against Defendants, jointly and severally, as follows:

A.      For general and special damages in an amount to be proven at trial in excess of $75,000;

B.      For an award of pure salvage according to proof based on the reasonbale value of services and materials provided by Plaintiffs to Defendants, and the benefit conferred upon Defendants in the form of avoided liability, secured by a maritime lien against the Vessel and its insurance; and

C.      For attorneys' fees, costs of suit, prejudgment interest from the date of this incident, and such other and further relief, both legal and equitable, that this Court deems just and proper under the circumstances.

DATED: Honolulu, Hawaii, Febuary 14, 2022

_/s/Jared A. Washkowitz_____
JARED A. WASHKOWITZ
Attorneys for Plaintiff
GREEN MOUNTAIN MYCOSYSTEMS LLC