FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
01 June 2023 6:07 AM ls
Lucy H. Carrillo, Clerk of Court

Raied Alfouadi (Defendant)

1233 Front Street Lahaina,

Maui County, HI 96761

Email: r_alfo@yahoo.com

# UNITED STATES DISTRICT COURT
## for the
## District of Hawaii

| | |
|---|---|
| DAVID DEMAREST and GREEN MOUNTAIN MYCOSYSTEMS LLC,<br>　　　Plaintiff(s),<br><br>V.<br><br>RAIED J. ALFOUADI; UNNAMED SAILING VESSEL. in rem, State Reg. No. HA 6874 H et al.<br>　　　Defendant(s) | ) **Civil Action No. 22-00064 JAO-KJM**<br>)<br>) **DEFENDANT'S MOTION TO**<br>) **DISMISS COMPLAINT and**<br>) **CERTIFICATE OF SERVICE**<br>)<br>) Trial Date: February 12, 2024<br>) Trial Judge: Honorable Jill A. Otake<br>)<br>) Magistrate Judge:<br>) Honorable Kenneth J. Mansfield |

## <u>DEFENDANT'S MOTION TO DISMISS COMPLAINT</u>

<u>INTRODUCTION</u>

1. The Defendant is filing this motion to dismiss in accordance with Rule 12(b) of Federal Rules of Civil Procedures, respectfully asking the Court to please dismiss the Plaintiff's complaint for lack of Subject Matter Jurisdiction. The limited jurisdiction of federal courts encourages parties to resort to local tribunals when adjudicating issues relevant to those courts. This inhibits excessive federal judicial intervention and funnels claims into appropriate courts. Furthermore, the jurisdictional division between state, and federal tribunals is an essential component of American federalism.

2. In paragraph 1 & 2 of the Court Complaint (docket #1), DAVID DEMAREST and GMM (Plaintiffs) alleges that the Court has subject matter jurisdiction over the case pursuant to 28 U.S.C. § 1333 (admiralty). Then the Plaintiffs **allege** that both of the Plaintiffs are Residents of the State of Vermont.

3. Because both DAVID DEMAREST/ GMM (Plaintiffs), and the Defendant are residents of the State of Hawaii, thus litigants in this case have **NO diversity** and this Court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1332, the plaintiff also must prove that federal court has subject matter jurisdiction not just **claim it**. Thus, Defendant's motion to dismiss should be granted.

STATEMENTS OF FACT

4. Both Plaintiffs and the Defendant are NOT citizens of different States. Thus there is NO diversity of citizenship. It is false to claim that DAVID DEMAREST (Plaintiff) is residing in the State of Vermont.

5. State of Vermont has a requirement for establishing residency; a person must be **PRESENT** in Vermont for **more than 183 days of the taxable year**. DAVID DEMAREST (Plaintiff) has not met the Vermont residency requirement for at least the past 5 (five) years as he has been residing at 1233 Front Street, Lahaina, Maui County, Hawaii 96761, where he receives deliveries (along with his girlfriends residence; also in Maui County, Hawaii). DAVID DEMAREST (Plaintiff) also has been residing in the State of Hawaii at the time this suit was filed on 02/14/2022 till present, he may have briefly traveled to California, and Vermont states to be present for the denials of his many frivolous Court cases in those states.

6. DAVID DEMAREST (Plaintiff) had left Vermont many years ago and may have stayed for an extended time in the states of Alaska, Washington, California, before finally moving to Hawaii; at all times not satisfying **presence** in Vermont for more than 183 days of the taxable year requirement for establishing Vermont residency.

7. Diversity jurisdiction is to be determined as of the time of the filing of the complaint, *Wigand v. Flo-Tek, Inc.,* 609 F.2d 1028, 1032 (2nd Cir.1979), also (Citation omitted) *Nationwide Mutual Fire Insurance Co. v. T & D Cottage Auto Parts and Service Inc.,* 705 F.2d 685, 688 (3rd Cir.1983). Also See Rule 3, Federal Rules of Civil Procedure. Also both Plaintiffs have been residents of the state of Hawaii since the filing of the complaint for well over a year.

8. Furthermore the Plaintiff's corporation (GMM) has its principal place of business and a 100% of its work in the State of Hawaii for the last 5 years; activities such as purchasing materials, employing individuals, and administrating payroll, occurred in the State of Hawaii. According to 28 U.S.C § 1332(c)(2), a corporation is considered to be a citizen of both the state in which it is incorporated and the state where its **principal place of business** is located. Also in paragraph 4 of the complaint (docket #1) the Plaintiffs admits that "*Plaintiff GMM is and was , at all material times, Hawaii foreign limited liability company .*" thus operating in Hawaii.

9. There is no question that the Defendant is a long time resident of the state of Hawaii and the Plaintiffs affirms that in paragraph 5 of the complaint (docket #1). Thus **all litigants** in this case are residents of the state of Hawaii, and **lack diversity**.

10. Courts possess only that power authorized by Constitution and Statute. The prerequisites to the exercise of jurisdiction are specifically defined.

*Article III of the United States Constitution Section 2.*
> *The judicial power shall extend to all cases, in law and equity, "arising under" this Constitution, the laws of the United States, and treaties made, or which shall be made, under their authority;--to all cases affecting ambassadors, other public ministers and consuls;--to all cases of admiralty and maritime jurisdiction;--to controversies to which the United States shall be a party;--to controversies between two or more states;--between a state and citizens of another state;--**between citizens of different states**;--between citizens of the same state claiming lands under grants of different states, and between a state, or the citizens thereof, and foreign states, citizens or subjects.*

11. Federal Courts are courts of limited jurisdiction, and the burden of **proving jurisdiction rests with the party asserting it**. *Kokkonen* v. *Guardian Life Ins. Co. of America*, 511 U. S. 375, 377 (1994); *McNutt* v. *General Motors Acceptance Corp.*, 298 U. S. 178, 189 (1936); see also 13E Wright & Miller §3602.1, at 119. When a plaintiff seeks to litigate a claim in a federal court, the plaintiff must prove the federal court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Under that statue, a federal court has original subject matter jurisdiction over litigation where…the parties are citizens of different states. 28 U.S.C. § 1332(a).

12. When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof. *McNutt*, *supra*, at 189; 15 Moore's §102.14, at 102–32 to 102–32.1., and the **burden** of establishing the contrary **rests upon the party asserting jurisdiction**, *McNutt v. General Motors Acceptance Corp.,* 298 U. S. 178, 182–183 (1936).

MEETING THE STANDARD

13. To survive a motion to dismiss under 28 U.S. Code § 1332 (a)(1) **Plaintiffs must show evidence of diversity of citizenship, not just claim it**. DAVID DEMAREST's (Plaintiff)

4

own local State of Hawaii records; of airline travel, cellphone location(s), local in person purchases, doctor's appointments, weekly physical therapy sessions, acupuncturist visits, etc. would clearly show lack of diversity of citizenship. Similarly GMM (Plaintiff) will NOT be able to show any Financial, payroll, or Tax Records other than work performed in the State of Hawaii for the past 5 Years.

LEGAL STANDARDS

14. Once a defendant has raised a **jurisdictional defense**, the burden shifts to the plaintiffs to prove that the relevant jurisdictional requirements are met. *Time Share Vacation Club v. Atlantic Resorts, Ltd.,* 735 F.2d 61, 63 (3d Cir. 1984).

15. A corporation is deemed to be a resident of both the state in which it is incorporated and the state where its principal place of business is located; 28 U.S.C. § 1332 (c)(1). Thus 28 U.S.C. § 1332 (c) provides "**dual, not alternative, citizenship**" to a corporation that is incorporated in one state and maintains its "Principal Place of Business" in another. *Johnson v. Advance America,* 549 F.3d 932, 935 (4th Cir. 2008).

16. The 9th Circuit *Hertz Test*: A corporation's Principal Place of Business is its "Nerve Center;" that is, the place "where a corporation's officers and other management direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend,* 559 U.S. 77, 92 (2010). The nerve center is the location of the corporation's headquarters, so long as the headquarters "is the actual center of direction, control, and coordination." *Id.* In determining a corporation's nerve center, courts will look to the location of corporate oversight and strategic decision-making. *Central West Virginia Energy Co., Inc. v. Mountain state Carbon, LLC,* 636 F.3d 101,105 (2011). The Principal Place of Business

analysis is performed on a case-by-case basis. *Long v. Silver,* 248 F 3d 309, 315 (4th Cir. 2001). For example, in *Central West Virginia,* the Forth Circuit Court of Appeals considered whether a defendant's principal place of business was located in Michigan or West Virginia. The offices of the defendant's CEO, COO, CFO, and general counsel were in Michigan, while only one corporate officer, who was a vise president and general manager, maintained a West Virginia office. *Id.* at 105. The Michigan officers were responsible for "significant oversight and strategic decision-making," but the day-to-day company management and operations, such **as purchasing materials, selling products, and administrating payroll**, occurred in West Virginia. *Id.* The defendant's corporate fillings in several states, including West Virginia and Michigan, listed Virginia as the company's principal place of business. *Id*.

17. Whereas The 4th Circuit: held that the defendant's Principal Place of Business for purposes of Section 1332 jurisdictional analysis was Michigan. *Id.* at 102. The Court held that under the *Hertz* Test, the defendant's principal place of business was Michigan because corporate policies were set in Michigan, high-level corporate decisions were made in Michigan, and corporate oversight occurred in Michigan. *Id.* at 103. The court acknowledged that employees who made day-to-day decisions were located in West Virginia, and that company was "active in the West Virginia business community;" however the Court held that under the *Hertz* analysis, the defendant's "**nerve center**" was in Michigan. *Id.* at 102; see also *Kansas City Life Ins. Co. v. Citicorp. Acceptance Co., Inc.*, 731 F. Supp. 106 107 (1989) (company's principal place of business was Missouri where CEO's office was located in Missouri and board of directors meetings were held there).

18. As in the aforementioned case law applying both the 4th circuit using **Nerve Center test** (where is the corporate office?), and 9th circuit using **Principal Place of Business test** (where does a corporation has its bulk of activity at?) there remain no questions as to GMM (Plaintiff) being a resident of the state of Hawaii.

19. Since GMM (Plaintiff) has 100% of its operations for the past 5 years in the State of Hawaii, therefore GMM also satisfies the "**continuous and systematic**" standard; in which the corporation is fairly regarded as "**at home**". This also shows that GMM is negligent; as prudent foreign corporations know their affiliations and connections with **forums** they do not consider as their home to protect themselves. Yet here we see that Plaintiffs allege diversity for the purpose of claiming jurisdiction. Furthermore, in paragraph 4 of the complaint (docket #1) the Plaintiffs **admits** that "*Plaintiff GMM is and was , at all material times, Hawaii foreign limited liability company .*" Which is consistent with 28 U.S.C. § 1332 (c)(1), a corporation is deemed to be a resident of both the state in which it is incorporated and the state where its principal place of business is located.

20. Federal courts are courts of limited jurisdiction, and the burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it. *Kokkonen* v. *Guardian Life Ins. Co. of America*, 511 U. S. 375, 377 (1994); *McNutt* v. *General Motors Acceptance Corp.*, 298 U. S. 178, 189 (1936); see also 13E Wright & Miller §3602.1, at 119.

21. When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof. *McNutt*, *supra*, at 189; 15 Moore's §102.14, at 102–32 to 102–32.1. , and the burden of establishing the contrary rests upon the party asserting jurisdiction, McNutt v. General Motors Acceptance Corp., 298 U. S. 178, 182–183 (1936).

22. A grant of a motion to dismiss pursuant to Rule 12(b)(6) "serves the very valuable function of saving judicial and party resources in cases where it simply would not be productive to proceed." *Worthington v. Subaru-Isuzu Auto., Inc.,* 868 F. Supp. 1067, 1068 (N.D. Ind. 1994).

23. If every claim were allowed to proceed to trial, "the costs generated thereby would be enormous and there would be little benefit in the way of increased accuracy in the results." *Gomez v. Illinois State Board of Educ.,* 811 F.2d 1030, 1039 (7th Cir. 1987)

CONCLUSION

24. The prerequisites to the exercise of jurisdiction are specifically defined, and the plain import of the statute is that the District Court is vested with authority to inquire at any time whether these conditions have been met. They are conditions, which must be met by the party who seeks the exercise of jurisdiction in his favor. He must allege in his pleading the facts essential to show jurisdiction. If he fails to make the necessary allegations, he has no standing. If he does make them, an inquiry into the existence of jurisdiction is obviously for the purpose of determining whether the facts support his allegations. In the nature of things, the authorized inquiry is primarily directed to the one who claims that the power of the Court should be exerted in his behalf. As he is seeking relief subject to this supervision, it follows that he must carry throughout the litigation the burden of showing that he is properly in court. The authority which the statute vests in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment, or that the party asserting jurisdiction may be relieved of his burden by any formal procedure. If his allegations of jurisdictional facts are challenged by his adversary

in any appropriate manner, he must support them by competent proof. And, where they are not so challenged, the court may still insist that the jurisdictional facts be established, or the case be dismissed, and, for that purpose, the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence. Only in this way may the practice of the District Courts be harmonized with the true intent of the statute, which clothes them with adequate authority and imposes upon them a correlative duty.

Date: June 01, 2023                                            /S/ *Raied Alfouadi* .

RAIED ALFOUADI (Defendant)