**JAW LEGAL**
Jared A. Washkowitz (7653)
1050 Bishop Street #450
Honolulu, HI 96813
Telephone: (808) 840-7410
Facsimile:  (415) 520-9729
Email: jwash@jawlegal.com

Attorney for Plaintiffs
DAVID DEMAREST and
GREEN MOUNTAIN MYCOSYSTEMS LLC

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| DAVID DEMAREST and GREEN MOUNTAIN MYCOSYSTEMS LLC, <br><br>Plaintiffs, <br><br>vs. <br><br>RAIED J. ALFOUADI; UNNAMED SAILING VESSEL in rem, Hull No. HA 6874 H; DOE DEFENDANTS 1-20, DOE CORPORATIONS, 1-20, DOE GOVERNMENT AGENCIES 1-20, DOE PARTNERSHIPS 1-20, <br><br>Defendants. | Case No.:  22-CV-00064 JAO KJM <br><br>**PLAINTIFFS DAVID DEMAREST AND GREEN MOUNTAIN MYCOSYSTMES LLC'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 1 TO PRECLUDE PLAINTIFFS FROM INTRODUCING EVIDENCE AND ARGUMENT CONTRARY TO MATTERS DEEMED ADMITTED; CERTIFICATE OF SERVICE** <br><br><u>Final Pretrial Conference</u> <br>Date:   August 7, 2024 <br>Time:  10:00 a.m. <br>Judge:  Hon. Jill A. Otake <br><br>Trial Date:  August 19, 2024 |

## PLAINTIFFS DAVID DEMAREST AND GREEN MOUNTAIN MYCOSYSTMES LLC'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 1 TO PRECLUDE PLAINTIFFS FROM INTRODUCING EVIDENCE AND ARGUMENT CONTRARY TO MATTERS DEEMED ADMITTED

Plaintiffs DAVID DEMAREST and GREEN MOUNTAIN MYCOSYSTEMS LLC (herein "Plaintiffs") by and through their undersigned counsel and pursuant to the applicable Local Rules and Federal Rules of Civil Procedure hereby files his Memorandum in Opposition to Plaintiff's Motion in Limine No. 1 as follows:

In their Motion in Limine No. 1, filed on July 22, 2024 (Dkt. 91), Defendant for the first time in this litigation contends that their First Request for Answers to Admissions dated February 21, 2024 are deemed admitted and that Plaintiffs should be precluded from presenting any evidence in this matter that contravenes the admissions, which would effectively prevent Plaintiffs from putting on any evidence at all.

Defendant never sought summary judgment on the basis of deemed admisisons, even though they had ample time to do so. Defendant instead chose to file a motion for judgment on the pleadings, which was denied in part and granted in part, and which led to Plaintiffs filing their First Amended Complaint.

Rule 36(b) of the Federal Rules of Civil Procedure allows a party to withdraw

or amend any request that is deemed admitted upon noticed motion. The Ninth Circuit has held that a party should be allowed to withdraw or amend a deemed admission "when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." 999 v. C.I.T. Corp., 776 F.2d 866, 869 (9th Cir. 1985).

Here, Plaintiffs have filed a motion to withdraw or amend the deemed admissions, and the motion is set for hearing at the Final Pretrial Conference on August 7, 2024. If the Motion is granted than Defendant's motion will be moot.

The Requests for Admissions that Defendant served includes 61 requests, that if deemed admitted, would preclude the presention of any evidence whatsoever on any issue of the case. Plaintiffs did serve a response to the Requests on July 19, 2024 (Dkt. 88) which denied most of the requests. More importantly, the requests were dated Feburary 21, 2024, and Plaintiff's seven and a half hour deposition was taken on March 18, 2024, before responses to the requests were even due. Defendant cannot seriously contend that his strategy was altered in any way by the alleged deemed admissions when Plaintiff's deposition was taken before the responses were even due. In addition, numerous other depositions have been taken in the case, mosly in March and April 2024, including depositions of witness Jeff Pratt, DLNR Officer Cory

Fernandez, a DLNR 30(b)(6) representative, Raied Alfouadi, and Plaintiff's expert Sebastian Coppes. Each of the 61 requests for admissions cover subject matter that was addressed and testified to at Plaintiff and his expert's depositions, as well as the other depositions, and ample discovery has been conducted on all issues in this case,

Defendant claims in his Motion that because of the deemed admissions, Defendant did not depose several witnesses. This is hard to believe given the other alleged admissions and the numerous depositions that the defense took. In addition, the defense is aware that admissions can be withdrawn or amended by motion, so if he was choosing who to depose based on the alleged admissions it was at his own risk, especially since it was clear after Plaintiff's seven and a half hour deposition (which was taken in March before Plaintiff's response to the requests was even due) that the many of the requests for admissions were not in fact admitted. Moreover, Defendant still has the ability to contact any witness and subpoena them to testify at trial.

Defendant claims that a key piece of evidnece would have been admissible based on the admission, i.e. an email from Russel T. Sparks from the DLNR. However, if Defendant's entire case rests on one email, they should have deposed Mr. Sparks despite the alleged admission, given that admissions can be withdrawn or amended by motion, especially since the proposed email does not lay any foundation for Mr. Sparks' statement. Defendant also is not precluded from calling Mr. Sparks as

a witness at the trial. Witness lists are not due until July 29, 2024 and Mr. Sparks can be subpoenaed to testify at trial just like any other witness.

Defendant also claims that because of the deemed admissions, he refrained from asking Plaintiff certain questions at Mr. Demarest's deposition. This is clearly a false and misleading statement, because the Requests for Admissions were dated February 21, 2024, and Mr. Demarest was deposed on March 18, 2024, before his responses to the admissions were due. Defendant's disingenuous argument on this point is indicative that Defendant's other arguments are also false and misleading.

Based on the foregoing, Plaintiffs respectfully request that Defendant's Motion in Limine No. 1 be denied and that the Court award such further relief to Plaintiffs as the Court deems proper.

DATED: Honolulu, Hawaii   July 29, 2024

      __/s/Jared A. Washkowitz_____
      JARED A. WASHKOWITZ
      Attorneys for Plaintiffs
      DAVID DEMAREST and GREEN MOUNTAIN
      MYCOSYSTEMS LLC