IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAVID DEMAREST and GREEN MOUNTAIN MYCOSYSTEMS LLC, | ) ) ) | CIVIL NO. 22-00064 JAO-KJM |
| | ) | ORDER DENYING PLAINTIFFS |
| Plaintiffs, | ) ) | DAVID DEMAREST AND GREEN MOUNTAIN MYCOSYSTEMS LLC'S MOTION TO AMEND SCHEDULING |
| vs. | ) ) | ORDER TO PERMIT FILING OF MOTION TO WITHDRAW OR |
| RAIED J. ALFOUADI; DOE | ) ) | AMEND ANY REQUESTS FOR ADMISSIONS THAT DEFENDANT |
| DEFENDANTS 1-20; DOE | ) | CONTENDS HAVE BEEN DEEMED |
| CORPORATIONS 1-20; DOE | ) | ADMITTED |
| GOVERNMENT AGENCIES 1-20; | ) | |
| DOE PARTNERSHIPS 1-20, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING PLAINTIFFS DAVID DEMAREST AND
GREEN MOUNTAIN MYCOSYSTEMS LLC'S MOTION TO
AMEND SCHEDULING ORDER TO PERMIT FILING OF MOTION
TO WITHDRAW OR AMEND ANY REQUESTS FOR ADMISSIONS
THAT DEFENDANT CONTENDS HAVE BEEN DEEMED ADMITTED

On July 22, 2024, Plaintiffs David Demarest and Green Mountain

Mycosystems LLC (collectively, "Plaintiffs") filed a Motion to Amend Scheduling

Order to Permit Filing of Motion to Withdraw or Amend any Requests for

Admissions That Defendant Contends Have Been Deemed Admitted ("Motion").

ECF No. 97.  On July 29, 2024, Defendant Raied J. Alfouadi ("Defendant") filed a

Memorandum in Opposition to the Motion.  ECF No. 110.  On August 2, 2024,

Plaintiffs filed a Reply.  ECF No. 112.

The Court elected to decide this matter without a hearing pursuant to Rule

7.1(c) of the Local Rules of Practice for the United States District Court for the

District of Hawaii.  ECF No. 99.  After carefully considering the Motion,

submissions by the parties, applicable law, and record in this case, the Court

DENIES the Motion for the reasons set forth below.

## BACKGROUND

On February 21, 2024, Defendant served Plaintiffs with a First Request for

Answers to Admissions ("Request") via email and U.S. Mail.  ECF Nos. 55, 110-2,

110-3.  Plaintiffs' response was due 30 days after service, on March 22, 2024.

Fed. R. Civ. P. 36(a)(3).  Plaintiffs did not respond to the Request by the March 22,

2024 deadline.  ECF No. 97 at 2.

Pursuant to the operative scheduling order, trial is set for August 19, 2024.

ECF No. 46 at 1 ¶ 1.  The discovery and dispositive motions deadlines were on

March 22, 2024.  *Id.* at 2 ¶¶ 5a, 6.  All other non-dispositive motions were due by

May 21, 2024.  *Id.* ¶ 7.

On July 2, 2024, Defendant filed his Final Pretrial Statement in preparation

for the July 9, 2024 Final Pretrial Conference before the undersigned.  ECF No. 82.

Defendant's Final Pretrial Statement disclosed that Plaintiffs failed to timely

respond to the Request and, therefore, the matters in the Request were deemed

admitted and undisputed for purposes of trial.  *Id.* at 5.  Defendant also listed the matters deemed admitted.  *Id.* at 5–10.

On July 9, 2024, the undersigned conducted a Final Pretrial Conference with the parties.  ECF No. 85.  Plaintiffs did not raise the issue of the matters deemed admitted in the Request or any forthcoming motions related to amending the scheduling order or withdrawing or amending the Request.

On July 19, 2024, Plaintiffs belatedly served Defendant with their response to the Request.  ECF No. 88; ECF No. 97-3.  On July 22, 2024, Defendant filed a motion in limine, requesting that the district court preclude Plaintiffs from introducing evidence and argument contrary to the matters deemed admitted in the Request.  ECF No. 91.  Later that day, Plaintiffs filed the instant Motion.  ECF No. 97.

## DISCUSSION

Plaintiffs seek to amend the operative scheduling order to allow Plaintiffs to file a motion to withdraw or amend the Request.  Federal Rule of Civil Procedure 16 sets the standard for modifying a schedule.  Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).  The "good cause" standard "primarily considers the diligence of the party seeking the amendment."  *Johnson*, 975 F.2d at

609.  Courts may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension."  *Id.* (citations omitted).

If, however, "the party seeking the modification was not diligent, the court should deny the motion."  *Jackson v. United States*, Civil. No. 11-00308 ACK-RLP, 2012 WL 2190815, at *1 (D. Haw. June 13, 2012) (citation omitted); *see also Johnson*, 975 F.2d at 609 ("If that party was not diligent, the inquiry should end."). This is because "[a]llowing parties to disregard the Rule 16 Scheduling Order would 'undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.'"  *Ass'n of Apt. Owners of Imperial Plaza v. Fireman's Fund Ins. Co.*, Civ. No. 11-00758 ACK-KSC, 2013 WL 2156469, *3 (D. Haw. May 16, 2013) (quoting *Johnson*, 975 F.2d at 610).

Plaintiffs argue that good cause exists for withdrawal or amendment of the Request, would not prejudice Defendant, and would promote adjudication of the case on its merits.  ECF No. 97.  Defendant argues that Plaintiffs set forth no facts sufficient to satisfy the good cause standard or otherwise excuse Plaintiffs' failure to timely file a motion to withdraw or amend the Request or a motion to amend the scheduling order.  ECF No. 110 at 9–12.  The Court agrees with Defendant.

Plaintiffs fail to establish that good cause exists to modify the operative scheduling order.  Plaintiffs do not dispute the timely service of the Request or the

March 22, 2024 deadline for Plaintiffs' response to the Request. Plaintiffs did not

respond to the Request until July 19, 2024, nearly four months after the deadline.

Plaintiffs argue that their delayed response was "based on a good faith belief that a

settlement was imminent" and they did not serve their response "until it became

clear that settlement was not going to happen." ECF No. 112 at 3. Given the

Court's extensive involvement in this case and the settlement discussions between

the parties, the Court does not believe that Plaintiffs had a reasonable basis for this

belief. Nevertheless, even if such a reasonable basis existed, Plaintiffs should have

diligently sought an extension—by agreement or motion—of their deadline to

respond to the Request pending a final settlement.

Moreover, given Plaintiffs' purported deliberate strategy not to timely

respond to the Request, Plaintiffs knew or should have known that they would

need to file a motion to withdraw or amend the Request before the expiration of the

motions deadlines or file a motion to amend the scheduling order to prevent the

matters in the Request from being deemed admitted by operation of law. Fed. R.

Civ. P. 36(a)(3). Plaintiffs should have filed the appropriate motion as early as

March, after the missed responsive deadline to the Request. Alternatively, if

Plaintiffs were not aware of the missed deadline, they should have become aware

on or about July 2, 2024, when Defendant filed his Final Pretrial Statement.

Plaintiffs were not diligent in waiting until July 22, 2024, to file the Motion in light

of the imminent trial date of August 19, 2024, and the accompanying pretrial deadlines.

Whether through strategy or oversight, Plaintiffs failed to timely seek amendment of the scheduling order. Either reason falls short of establishing the required good cause. "Carelessness and/or change in litigation strategy do not amount to diligence." *Onyx Pharms., Inc. v. Bayer Corp.*, No. C–09–2145 EMC, 2011 WL 4527402, at *2, (N.D. Cal. Sept. 21, 2011) (citations omitted); *see also Johnson*, 975 F.2d at 609 ("[C]arelessness is not compatible with a finding of diligence." (citations omitted)); *Berger v. Rossignol Ski Co., Inc.*, No. C 05–02523 CRB, 2006 WL 1095914 (N.D. Cal. Apr. 25, 2006) (denying motion for leave to amend after finding that the delay was due to deliberate change in litigation strategy), *aff'd*, 214 F. App'x 981 (Fed. Cir. 2007); *Aldaya v. Encore Cap. Grp, Inc.*, No. CV 15-00284 SOM-RLP, 2017 WL 11139923, at *3 (D. Haw. Mar. 7, 2017) ("Attorney error and oversight do not establish diligence." (citations omitted)).

Under these circumstances, the Court cannot find that Plaintiffs were diligent in seeking to amend the scheduling order. It is settled Ninth Circuit law that "[a] scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Johnson*, 975 F.2d at 610 (citation omitted). A court's "decision to honor the terms of its binding scheduling

6

order does not simply exalt procedural technicalities over the merits" of a case.  *Id.*
A court's disregard of a scheduling order "would undermine the court's ability to
control its docket, disrupt the agreed-upon course of the litigation, and reward the
indolent and the cavalier.  Rule 16 was drafted to prevent this situation."  *Id.* at
610–11 (citations omitted).

For these reasons, the Court finds that Plaintiffs did not act diligently and
have not met the good cause standard under Rule 16(b).  Because Plaintiffs were
not diligent, the inquiry ends.  *Id.* at 609.

CONCLUSION

Based on the foregoing, the Court DENIES Plaintiffs' Motion to Amend
Scheduling Order to Permit Filing of Motion to Withdraw or Amend any Requests
for Admissions That Defendant Contends Have Been Deemed Admitted (ECF No.
97).

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, August 5, 2024.



Kenneth J. Mansfield
United States Magistrate Judge

*Demarest, et al. v. Alfouadi, et al.*, Civil No. 22-00064 JAO-KJM; Order Denying Plaintiffs David
Demarest and Green Mountain Mycosystems LLC Motion to Amend Scheduling Order to Permit Filing
of Motion to Withdraw or Amend any Requests for Admissions That Defendant Contends Have Been
Deemed Admitted

7