IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAVID DEMAREST and GREEN MOUNTAIN MYCOSYSTEMS LLC, | CASE NO. 22-CV-00064-JAO-KJM (In Admiralty) |
| Plaintiffs, | MEMORANDUM IN SUPPORT |
| vs. | |
| RAIED J. ALFOUADI; DOE DEFENDANTS 1-20, DOE CORPORATIONS, 1-20, DOE GOVERNMENT AGENCIES 1-20, DOE PARTNERSHIPS 1-20, | |
| Defendants. | |

**MEMORANDUM IN SUPPORT**

**I.   INTRODUCTION**

Plaintiff seeks damages in the amount of $5,476.61 as depreciation expense arising from the use of former plaintiff David Demarest's ("Mr. Demarest") girlfriend's Toyota Tacoma truck during the subject salvage operation. See Exhibit A at pg. 197, lines 15-22. As discussed below, this amount is based solely on Mr. Demarest's experience as a layperson. Pursuant to Rules 403 and 701 of the Federal Rules of Evidence ("FRE"), the Court should preclude Mr. Demarest, in his individual or official capacity, and any other lay witness, from presenting evidence

testimony regarding depreciation expenses related to the motor vehicles, tools, and/or other materials used during the subject salvage operations.

## II. ARGUMENT

Mr. Demarest lacks the professional experience and expert technical judgment required to offer an opinion as to the depreciation of assets, such as motor vehicles, used in maritime salvage operations. The lay opinion is also based on speculation and data lacking trustworthiness.

In his deposition, Mr. Demarest testified that the subject truck "suffered accelerated depreciation" as a result of being used in the salvage operation. Exhibit A at pg. 196, lines 23-25. Mr. Demarest produced no photographs of the Truck and did not take it to an auto body shop to have the alleged damages documented. Exhibit A at pg. 197, lines 4-14. Furthermore, Mr. Demarest was unable to recall the days the truck was used and not used. Id. at pg. 198-99, lines 18-25; 1-8. Mr. Demarest opined that "the depreciation was impacted by the salt" and "hard use." Id. When asked how he came up with the damage amount of $5,479.61, Mr. Demarest responded:

> A. The way I came across that number was, one, a couple small items that were damaged, like the cost to replace the 12-volt cover that got damaged, it's a small trivial cost but it was something that I took note of those details. And then also the condition that I personally estimated it to be in prior to and then it being in a lower quality what those values would be.

2

> Q. Do you have any experience as an automotive or auto body repair estimator?
>
> A. No, I do not. Other than just the common sense of if Kelly Blue Book says excellent is worth this and fair is worth this, that would be how I would determine that.

Exhibit A at pg. 200, lines 7-23.

Under FRE Rule 701, lay testimony "is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Id. Subsection (c) was added in 2000 "to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing." Everest Stables, Inc. v. Canani, 2011 U.S. Dist. LEXIS 163107, at *4-5 (C.D. Cal. Oct. 6, 2011) (citing 2000 Advisory Comm. Notes, Fed. R. Evid. 701). "Calculating depreciation requires 'professional experience' and 'technical judgment' in choosing between different calculation methods, and [is] therefore 'beyond the scope of lay opinion testimony.'" Id. (quoting James River Ins. Co. v. Rapid Funding, Ltd. Liab. Co., 648 F.3d 1134, 1142 (10th Cir. 2011)); Bruce v. Pac. Specialty Ins. Co., 2016 U.S. Dist. LEXIS 201306, at *16 (D. Colo. Aug. 15, 2016) (relying on James River and explaining that depreciation rates are issues requiring expert opinion).

Here, it is undisputable that the record contains no evidence demonstrating that Mr. Demarest has the requisite specialized knowledge, technical judgment, and/or professional experience to opine, in accordance with FRE Rule 702, as to the depreciation of the truck.  See Exhibit A at pg. 200, lines 7-23.  Allowing Mr. Demarest to testify, in his individual or official capacity, and present evidence regarding the depreciation of his girlfriend's truck would only circumvent what FRE Rule 701(c) was designed to protect against.  See  2000 Advisory Comm. Notes, Fed. R. Evid. 701.  Such evidence is therefore inadmissible under FRE Rules 701 and 403 and should be excluded from trial.

### III. CONCLUSION

Based on the argument and authorities above, Defendant respectfully requests that this Honorable Court grant Defendant's motion in limine and issue an order precluding Plaintiff from presenting lay testimony or evidence as to the depreciation of the vehicles, tools, and/or materials used during the subject salvage operation.

DATED:  Honolulu, Hawaii, August 18, 2025.

/s/ Brent K. Wilson
JAMES V. MYHRE
BRENT K. WILSON
Attorneys for Defendant
RAIED J. ALFOUADI