GLENN KATON *Admitted Pro Hac Vice*
Katon Law
385 Grand Avenue, Suite 200
Oakland, California 94610
Telephone: (510) 463-3350
Facsimile: (510) 463-3349

ASHFORD & WRISTON
A Limited Liability Law Partnership LLP

KEVIN W. HERRING         6722-0
kherring@awlaw.com
RYAN M. TOYOMURA     11300-0
rtoyomura@awlaw.com
First Hawaiian Center
999 Bishop Street, Suite 1400
Honolulu, Hawaii 96813
Telephone: (808) 539-0400

Attorneys for Plaintiff
  GREEN MOUNTAIN MYCOSYSTEMS, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAVID DEMAREST AND GREEN MOUNTAIN MYCOSYSTEMS LLC<br><br>Plaintiffs,<br><br>vs.<br><br>RAIED J. ALFOUADI, ET. AL.,<br><br>Defendants. | CIVIL 1:22-cv-00064-JAO-KJM<br>(In Admiralty)<br><br>PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN **OPPOSITION TO MOTION IN LIMINE NO. 6 [RE: TO EXCLUDE PLAINTIFF'S EXPERT SEBASTIAAN COPPES' TESTIMONY REGARDING U.S. COAST GUARD BASIC ORDER AGREEMENT RATES]**; DECLARATION OF RYAN M. TOYOMURA; EXHIBITS "A" AND "B" CERTIFICATE OF SERVICE<br><br>Trial Date: September 15, 2025<br>Trial Judge: Hon. Jill A. Otake |

3545853

# PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN **OPPOSITION** татого MOTION IN LIMINE NO. 6 [RE: TO EXCLUDE PLAINTIFF'S EXPERT SEBASTIAAN COPPES' TESTIMONY REGARDING U.S. COAST GUARD BASIC ORDER AGREEMENT RATES]

The Court has requested supplemental briefing to address the applicability of the U.S. Coast Guard Basic Ordering Agreement Rates ("BOA Rates") and the Special Compensation P&I Clause (SCOPIC) in relation to Plaintiff's claims. Although SCOPIC is generally applied to a salvage contract, neither the SCOPIC nor the BOA Rates are expressly allowed **or disallowed** by the courts as a basis to prove an amount of recovery in an equitable claim for salvage. In order to succeed on the quantum meruit claim, Plaintiff must prove the value of the services or benefit conferred to the Defendant in salvaging the boat—a question of fact. Plaintiff's expert witness, Mr. Sebastiaan Coppes, intends to testify, based on his specialized experience in salvage operations, that the BOA Rates are a reasonable basis to ascertain the value of the services that Plaintiff provided. Such testimony should be admissible where the trier of fact may accord the proper weight.

## A.    Legal Standard for Quantum Meruit

The Ninth Circuit has explained that:

> Quantum meruit (or quasi-contract) is an equitable remedy implied by the law under which a plaintiff who has rendered services benefiting the defendant may recover the reasonable value of those services when necessary to prevent unjust enrichment of the defendant." "The requisite elements of quantum meruit are (1) the plaintiff acted pursuant to 'an explicit or implicit request for the services' by the defendant, and (2) the services conferred a benefit on the defendant."

3545853

Taylor v. Google, LLC, No. 22-16654, 2024 WL 837044, at *2 (9th Cir. Feb. 28, 2024) (citations omitted); see also Hawaii Ventures, LLC v. Otaka, Inc., 114 Haw. 438, 483–84, 164 P.3d 696, 741–42 (2007) ("A court "may give restitution" and "prevent the unjust enrichment of the defendant, where the plaintiff's property has been used in discharging an obligation owed by the defendant." (citations omitted)).

### B. SCOPIC Generally Applied to Contract Salvage

With respect to a salvage contract, SCOPIC "provides salvors with an alternative way to calculate a special compensation salvage award than under Article 14 of the International Salvage Agreement of 1989. It applies by incorporation into the LOF contract and sets out agreed tariff rates of remuneration and indemnity for a range of different services that may be provided." 2 Admiralty & Mar. Law ("Admiralty Law") § 16:6 n.9 (6th ed.); see also Martin Davies, Whatever Happened to the Salvage Convention 1989?, 39 J. Mar. L. & Com. 463, 480 n.100 (2008). Special compensation under Article 14 allows payment to a salvor who prevented or minimized damage to the environment even if no property was salvaged. Admiralty Law at § 16:1k n.36.

Although some Courts have applied or recognized the basis of Article 14 in determining a salvage award, it does not appear that SCOPIC has been applied in the same way. See e.g., In re Mielke, No. 10-13519, 2013 WL 5913681, at *9–10

(E.D. Mich. Nov. 1, 2013); DOROTHY J v. City of New York, 749 F. Supp. 2d 50, 63 n.9 (E.D.N.Y. 2010). Furthermore, it does not appear that Courts have applied SCOPIC to an equitable claim i.e., quantum meruit. However, as Mr. Coppes' opined, SCOPIC along with the BOA Rates could be a reasonable basis to determine costs and expenses incurred by the Plaintiff. [See Exhibit "A" "Coppes's Report" at 7, ¶ 4.5.]

### C. The BOA Rates are a Reasonable Basis to Calculate the Value of Plaintiff's Services Provided to Defendant

Plaintiff's counsel would first like to correct his statement at the hearing on Defendant's Motion in Limine No. 6. Counsel may have inadvertently referred to case law applying salvage factors to an award, not BOA Rates. See e.g., San Francisco Bar Pilots v. Vessel Peacock, 7 33 F.2d 680, 681–82 (9th Cir. 1984).

> A basic ordering agreement is a written instrument of understanding, negotiated between an agency, contracting activity, or contracting office and a contractor, that contains (1) terms and clauses applying to future contracts (orders) between the parties during its term, (2) a description, as specific as practicable, of supplies or services to be provided, and (3) methods for pricing, issuing, and delivering future orders under the basic ordering agreement. A basic ordering agreement is not a contract.

1 Ann. Fed. Acquisition Reg. Desk Ref. § 16.703(a). Although not a contract, the BOA is used to "expedite contracting for uncertain requirements for supplies or services when specific items, quantities, and prices are not known at the time the agreement is executed . . . ." Id. at § 16.703(b).

"Quantum meruit is not a completely free-wheeling approach that allows a plaintiff as much compensation as the plaintiff subjectively believes is appropriate. Nor can a party utilize its own idea of what would be a reasonable hourly or daily rate for services. Rather, it is based on the concept of an **objective and customary market for services**." Kinetic Energy Dev. Corp. v. Trigen Energy Corp., 107 S.W.3d 301, 304 (Mo. Ct. App. 2003) (emphasis added).

The value of Plaintiff's salvage services is a critical question of fact for which Plaintiff should be allowed to present evidence. See Incase Inc. v. Timex Corp., 488 F.3d 46, 54 (1st Cir. 2007) ("The question of what [is] fair and reasonable compensation for the services rendered is a question of fact." (brackets in the original)); Tanuvasa v. City & Cnty. of Honolulu, 2 Haw. App. 102, 115, 626 P.2d 1175, 1184 (1981) ("[T]he amount of damages is left to the jury to be determined on such evidence as is available." (capitalization in brackets)).

Mr. Coppes intends to testify at trial, based on his experience in salvage operations where BOA Rates were applied, as to the reasonableness of using the BOA Rates to determine the value of Plaintiff's services. [See Coppes's Report at 7, ¶¶ 4.2 – 4.6.] Although there is no authority that expressly allows **or disallows** using the BOA Rates, such rate seems fair and reasonable given its purpose to "expedite contracting for . . . services when specific items, quantities, and prices are not known at the time the agreement is executed . . . ." 1 Ann. Fed. Acquisition Reg. Desk Ref. § 16.703(b). As Mr. Coppes' opined, the "BOA rates are pre-

established with the contractor to avoid negotiating at a time of need, similar to the SCOPIC principle. [See Exhibit "B" Coppes's Rebuttal Report at 2.] The BOA Rates system was applied to numerous emergency salvage operations such as Hurricane Irma and Michael in Florida. [See Id.] Therefore, Mr. Coppes will demonstrate at trial that the BOA Rates are reasonable, in part, because they are commonly used to determine the value of services in salvage operations. See Berkley v. Williams, No. 21-5773, 2022 WL 3452472, at *3 (6th Cir. July 11, 2022) ("Recovery in quantum meruit is limited to the reasonable value of the goods or services provided, **'to be judged by the customs and practices prevailing in that kind of business,'** and cannot be made without proof of the reasonable value of those goods or services." (emphasis added)).

Based on the foregoing, Mr. Coppes's testimony on the use of BOA Rates to calculate compensation for the Plaintiff is admissible and should be allowed, and the Motion in Limine No. 6 should be denied or stricken.

DATED: Honolulu, Hawaii; September 3, 2025.

/s/ Ryan M. Toyomura
KEVIN W. HERRING
RYAN M. TOYOMURA
Ashford & Wriston, LLLP

GLENN KATON
Katon Law

Attorneys for Plaintiffs
GREEN MOUNTAIN MYCOSYSTEMS, LLC