Kevin W. Herring (6722-0)
Ryan M. Toyomura (11300-0)
ASHFORD + WRISTON, LLLP
First Hawaiian Center
999 Bishop Street, Suite 1400
Honolulu, HI 96813
kherring@awlaw.com
rtoyomura@awlaw.com
(808) 539-0441
(808) 533-4945 (fax)
kherring@awlaw.com

Glenn Katon (*Pro Hac Vice*)
KATON.LAW
385 Grand Avenue, Suite 200
Oakland, CA 94610
gkaton@katon.law
(510) 463-3350
(510) 463-3349 (fax)

ATTORNEYS FOR GREEN MOUNTAIN MYCOSYSTEMS LLC

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| DAVID DEMAREST and GREEN MOUNTAIN MYCOSYSTEMS LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>RAIED J. ALFOUADI, et al.,<br><br>Defendants. | Case No.: 22-CV-00064 JAO KJM<br><br>**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EXPERT OPINIONS**<br><br>Judge: Hon. Jill A. Otake<br><br>Trial Date: September 15, 2025 |

Plaintiff Green Mountain Mycosystems LLC files these Objections to Defendant's Expert Opinions pursuant to the Court's September 2, 2025 Minute Order (ECF 231).

William Leschaeve's expert report on behalf of Defendant Alfouadi (ECF 52) consists almost entirely of interpretations of the law and bare statement of opinion without any support for how he arrived at the opinion. Neither type of opinion is admissible and the Court should, therefore, disallow his testimony in its entirety.

Plaintiff objects to the following paragraphs of his report:

¶ **2.2**. Leschaeve is providing his opinion on how salvage contracts work. Contract interpretation is a matter of law for the Court to decide. Sentences four through nine of the paragraph are particularly egregious. There he opines on how to determine salvage awards under salvage contracts, which contract provisions apply under certain circumstances, and how a contract claim is processed. All of these opinions invade the province of the Court to determine the applicable law and apply it.

¶ **2.3**. This is pure legal opinion on the application of the law with respect to SCOPIC and an international treaty.

¶ **3.2**. Leschaeve does not explain why it would be any more strange to have a verbal LOF SCOPIC contract that a written one, since either would streamline negotiations and provide a simple agreement. He also does not explain why it would matter if the contract were "strange" in that way.

¶ **3.3**. The report again provides pure contract interpretation. The last

sentence even opines on the proper forum for this dispute to be resolved.

¶ **3.4**. This paragraph is pure opinion on what is the applicable law and how it should be applied.

¶ **3.6**. This paragraph is more opinion on how to interpret the terms of the contract and a bare opinion that former Plaintiff Demarest should be compensated at the rate of salvage foreman. He provides support for the opinions in this paragraph.

¶ **3.9**. This is a bare opinion on how he says a salvor should do business, with no basis provided for that opinion.

¶ **3.11**. This is another bare opinion without explanation of its bases.

¶ **3.12**. This is pure legal opinion on the effect of The 1989 Internation Salvage Convention with respect to the value of averting environmental harm. As an aside, the opinion is patently incorrect. See William L. Neilson, *The 1989 International Convention on Salvage*, 24 Conn. L. Rev. 1203, 1244-45 (1992) ("Article 13 consists of a reiteration of all the traditional criteria for awards with the addition of "the skill and efforts of the salvors in preventing or minimizing damage to the environment."").

¶ **4.1**. The report opines on the supposed inadequacy of the contractual basis for Plaintiff's claim. Leschaeve basically assumes the role of judge here.

¶ **4.2**. Leschaeve again provides the pure legal opinion that Plaintiff should

bring his claim in arbitration. He even purports to decide the arbitration.

**¶ 4.3**. The report opines that Plaintiff's work is worth no more than $43,789.21, without provide any bases for how he reached that number.

Based upon the foregoing, William Leschaeve has no admissible testimony to provide and he should not take the stand.

>   Respectfully submitted,
>
>   /s/ Glenn Katon
>   Glenn Katon
>
>   ATTORNEY FOR GREEN MOUNTAIN
>   MYCOSYSTEMS LLC

CERTIFICATE OF SERVICE

On September 5, 2025, I served counsel of record in this case with the foregoing document through the Court's ECF filing system pursuant to LR 5.6(c).

>   /s/ Glenn Katon
>   Glenn Katon