IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GREEN MOUNTAIN MYCOSYSTEMS, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> RAIED J. ALFOUADI; UNNAMED SAILING VESSEL in rem, Hull No. HA 6874 H; DOE DEFENDANTS 1 - 20, DOE CORPORATIONS, 1 - 20, DOE GOVERNMENT AGENCIES 1 - 20, DOE PARTNERSHIPS 1 - 20, <br><br> Defendants. | CIVIL NO. 22-00064 JAO-KJM <br><br><br> ORDER REGARDING DEPOSITION DESIGNATIONS |

**ORDER REGARDING DEPOSITION DESIGNATIONS**

The Court rules on the objections to the deposition designations, ECF Nos. 227, 229, as explained below.

I.    **BACKGROUND**

The parties have informed the Court that they have stipulated to the use the depositions of the following witnesses in lieu of live testimony:  (1) Jeffrey Pratt, if he is not served with a trial subpoena; and (2) Department of Land and Natural

Resources ("DLNR") employees, even if available. *See* ECF No. 235 at 2.[1] The Court appreciates the parties' successful efforts to reach agreement on these witnesses. In light of the stipulation, the Court renders its rulings on the objections to the relevant depositions in Section II.A (Mr. Pratt) and Section II.B (DLNR employees), below. The Court notes that DLNR employee Edward Underwood *may* testify. *See* ECF No. 235 at 2 ("*If* the parties call Edward Underwood to testify…" (Emphasis added.). *If he does testify, then the parties may not use his deposition except as impeachment.*) *See* Fed. R. Civ. P. 32(a)(2); *see also* Fed. R. Civ. P. 26(a)(3)(A)(ii) (explaining that designations shall be made "of those witnesses whose testimony the party expects to present by deposition").

Plaintiff has also designated Defendant Raied J. Alfouadi's deposition, *see* ECF No. 216, and he is expected to testify at trial, *see* ECF No. 227. Defendant submitted objections and counter-designations, arguing in part that Mr. Alfouadi will testify in person, so the Court should preclude Plaintiff from using his deposition as substantive evidence. *See* ECF Nos. 227, 250. But availability is not a consideration here. Under Rule 32(a), "[a]n adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's

---

[1] Defendant originally objected to the testimony of Corey Fernandez, a DLNR employee, based on Plaintiff's failure to establish his unavailability. *See* ECF No. 227 at 4.

2

officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)." Fed. R. Civ. P. 32(a)(3). This means Plaintiff Green Mountain Mycosystems may utilize Mr. Alfouadi's deposition at trial, even if he testifies. *See id*. The Court renders its rulings on objections to Mr. Alfouadi's objections and counter-designations in Section II.C., below.

## II.    RULINGS ON OBJECTIONS

### A.    Jeffrey Pratt's Deposition

As stated, the parties stipulated that if Mr. Pratt was served with a trial subpoena, they would not seek to use his deposition in lieu of his testimony. *See* ECF No. 235 at 2. Mr. Pratt was served on September 30, 2025, *see* ECF No. 255, and so the Court will not rule on his deposition designations.

### B.    DLNR Employees' Depositions

#### 1.    Edward R. Underwood

##### a.    Plaintiff's Objections

Plaintiff raised objections to Defendant's Designation of Edward R. Underwood's Deposition in the first two columns of the chart below. *See* ECF No. 229 at 2. The Court's rulings on the objections may be found in the third column.

3

| Designation | Objections | Court's Ruling |
|---|---|---|
| 13/3-13 | Undisclosed expert opinion; legal conclusion; speculation | Overruled. The witness can testify to the practices of his agency based on his experience. |
| 15/12-22 | Undisclosed expert opinion; legal conclusion; speculation | Overruled. The witness can testify to the practices of his agency based on his experience. |
| 20/17-23 | Lack of foundation; speculation | Overruled. The witness expressed a familiarity with the area and his statements were not speculative. |
| 23/1-11 | Hearsay; lack of foundation | Overruled. He is not testifying to an out-of-court statement. |
| 30/4-16 | Irrelevant | Overruled. Offers context for the incident. |
| 32/12-17 | Lacks foundation; speculation | Sustained as to relevance. |

### b. Defendant's Objections

Defendant raised objections to Plaintiff's Designation of Edward R. Underwood's Deposition in the first two columns of the chart below. *See* ECF No. 227 at 3. The Court's rulings on the objections may be found in the third column.

4

| Page/Lines | Position | Court's Ruling |
|---|---|---|
| 9/20-10/5 | Objection. *FRE* 402 (irrelevant). | Overruled. He can testify to the practices of his agency. |
| 21/20-22/25 | Objection. *FRE* 802 (hearsay) and assumes facts not in evidence. | Overruled. Mr. Underwood was not testifying to the contents of the DLNR email, but rather that he agreed with the statement in it. In other words, the email is not offered for the truth of the matter asserted. |
| 28/7-22 | Objection to lines 10-18 as it assumes facts not in evidence and *FRE* 402 (irrelevant). | Sustained in part, overruled in part. Overruled as to lines 15 through 18 because he can testify as to the conditions of the incident site. |
| 31/13-19 | FRE 402 (irrelevant); assumes facts not in evidence; Order granting Defendant's MIL No. 1 | Overruled. This testimony is relevant and offers context for his overall testimony. |

Defendant counter-designated the same passages of Mr. Underwood's transcript as it designated. *See* ECF No. 227 at 3. The Court maintains the same rulings regarding those passages that Defendant designated, *except that 32/12-17 would be admitted to complete the context*.

### 2. Cory Fernandez

Defendant did not designate Cory Fernandez's deposition. Below are Defendant's objections to Plaintiff's designations of Fernandez's deposition in the

5

first two columns.  *See* ECF No. 227 at 4–5.  The Court's rulings on the objections may be found in the third column.

| Page/Lines | Position | Court's Ruling |
|---|---|---|
| 17/13-18/2 | No objection to p. 17 lines 13-15, object to p. 17 lines 16-25, p. 18 lines 1-2. *FRE* 801 and 802 (hearsay). Order granting Defendant's MIL No. 1 | Sustained as to hearsay. |
| 25/7-26/8 | Objection. *FRE* 801 and 802 (hearsay) and *FRE* 403 (cumulative). Order granting Defendant's MIL No. 1 | Reserve ruling; the Court will rule on this objection after looking at the exhibit referred to therein, which does not appear to be attached to the transcript. |
| 31/25-33/3 | No objection to p. 31 line 25 and 32 line 115.[2] Objection to p. 32 lines 16-25 and p. 33 lines 1-3. *FRE* 801 and 802 (hearsay) and *FRE* 403 (cumulative). Order granting Defendant's MIL No. 1 | Sustained as to hearsay. |
| 37/5-16 | Objection. *FRE* 801 and 802 (hearsay) and *FRE* 403 (cumulative). Order granting Defendant's MIL No. 1 | Sustained as to hearsay. |

---

[2] The Court believes that "line 115" is a typo and this was intended to read as "line 1-15."

| 38/23-39/4 | FRE Rule 801 and 802 (hearsay); Order granting Defendant's MIL No. 1 | Sustained as to hearsay. |
|---|---|---|
| 39/11-16 | Objection. *FRE* 801 and 802 (hearsay) and *FRE* 403 (cumulative). Order granting Defendant's MIL No. 1 | Sustained as to hearsay. |

Defendant also counter-designated several passages of Mr. Fernandez's testimony. *See* ECF No. 227 at 5–6. The Court is satisfied that the counter-designations through page 27 will be admitted in the event the objections related to page 25 above are overruled. No one has provided the Court with Mr. Fernandez's complete deposition transcript, and so the Court is unable to assess the validity of the counter-designations from page 52 onward. The Court therefore will not consider any of those counter-designations at trial.[3]

## C.   Defendant Raied J. Alfouadi

---

[3] The deposition designations and counter-designations in this case are messy because the parties have consistently failed to provide the Court with all of the relevant transcripts. *See* Fed. R. Civ. P. 32(c) ("Unless the court orders otherwise, a party must provide a transcript of any deposition testimony the party offers[.]"); ECF No. 249 (EO directing the parties seeking to designate and counter-designate the transcripts of Mr. Fernandez and Mr. Alfouadi to file the relevant portions of their transcripts no later than Sept. 12, 2025).

7

As mentioned above, Plaintiff designated passages of Mr. Alfouadi's deposition. Below are Defendant's counter-designations and objections. The Court's ruling is in the fourth column. Where the Court disallows the counter-designation, such ruling is without prejudice to Mr. Alfouadi testifying to the substance of the counter-designation, subject to trial objections.

| Page/Lines | Position | Counter-Designations for Completeness | Court's Ruling |
|---|---|---|---|
| 110/19-112/18 | No objection. | 112/19-25, 113/1 | The counter-designation will not be admitted. It is not necessary for completeness. |
| 171/25-172/12 | No objection. | 172/13-23 | The counter-designation will be admitted for completeness. |
| 175/17-25 | No objection. | 176/1-2 | The counter-designation will be admitted for completeness. |

| | | | |
|---|---|---|---|
| 184/1-8 | Objection. Vague and ambiguous; Order Granting Defendant's MIL No. 1; incomplete, FRE 403 (confusion of issues). | 184/7-20[4] | Overruled.<br><br>The Court's ruling on Motion in Limine 1 was with regard to what Mr. Demarest admitted. Here, Mr. Alfouadi is making an admission, and while what he testified to during his deposition is inconsistent with Mr. Demarest's admission that GMM was not engaged in the business of marine salvage between January 2 and 31, 2022, *see* ECF No. 180 at 5, the Court's ruling on the motion in limine was not intended to preclude admissions by Mr. Alfouadi. The Court will allow the cross-designations to complete the context. |

---

[4] There appears to be a typo in ECF No. 227 at 3 (Defendant's objections). There, the line range is listed as "7-0." Based on the submission of Alfouadi's transcript, the Court believes the proposed line range is 7-20. *See* ECF No. 250-1 at 7.

| | | | |
|---|---|---|---|
| 200/7-17 | Objection. Order Granting Defendant's MIL No. 1; Defendant filed a superceding (sic) answer, incomplete, FRE 403 (confusion of issues). | 200/18-25, 201/1<br><br>184/8-20 | Overruled.<br><br>For the same reasons as outlined immediately above, Mr. Alfouadi's statements are admissible and not inconsistent with the Court's ruling on Motion in Limine No. 1. The Court will allow the cross-designations to complete the context. |

## III.   RELATED ORDER

The Court and the parties seemed to agree at the final pretrial conference that the Court would consider the deposition testimony by simply reading the depositions.  Because the deposition transcripts are not easily found in one location, the Court DIRECTS the parties as follows, for ease of the Court's review of the depositions for purposes of the bench trial and to make the record easier to read:

(1) No later than October 15, 2025, the parties shall meet and confer and file a document entitled "Designated Depositions."  That document shall include the following:

   a. As Exhibit A:  The deposition transcript lines of Edward R. Underwood, consistent with the rulings above, highlighted in yellow.

   b. As Exhibit B:  The deposition transcript lines of Corey Fernandez's transcript, consistent with the rulings above, highlighted in yellow.  Where the Court reserved ruling on any portions of the transcript, those lines shall be underlined.

   c. As Exhibit C:  The deposition transcript lines of Raied J. Alfouadi's transcript, consistent with the rulings above, highlighted in yellow.

    d. For each of the transcripts, the full transcript need not be submitted, but the relevant pages shall appear in order.

(2) The parties shall also provide the "Designated Depositions" to the Court in two three-ring binders, with tabs for each exhibit, no later than October 16, 2025.

IT IS SO ORDERED.

Dated: Honolulu, Hawaiʻi, October 9, 2025.



Jill A. Otake
United States District Judge

---

CIV. NO. 22-00064 JAO-KJM, *Demarest et al. v. Alfouadi, et al.*; Order Regarding Deposition Designations