IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAVID DEMAREST and GREEN MOUNTAIN MYCOSYSTEMS LLC, | CASE NO. 22-CV-00064-JAO-KJM (In Admiralty) |
| Plaintiffs, | MEMORANDUM IN SUPPORT OF MOTION |
| vs. | |
| RAIED J. ALFOUADI; UNNAMED SAILING VESSEL in rem, Hull No. HA 6874 H; DOE DEFENDANTS 1-20; DOE CORPORATIONS 1-20; DOE GOVERNMENT AGENCIES 1-20; DOE PARTNERSHIPS 1-20, | |
| Defendants. | |

## MEMORANDUM IN SUPPORT OF MOTION

**I.    BACKGROUND**

On September 12, 2025, in accordance with the Court's Order ECF No. 249 dated September 11, 2025,[1] Defendant Raied J. Alfouadi ("Defendant") filed his Notice of Submission of His Counterdesginated Transcripts of Cory Fernandez ("Mr. Fernandez"). See ECF No. 251.[2]  Therein, Defendant's counter-designations

---

[1] See ECF No. 249 (ordering "the parties seeking to designate and counter-designate the depositions of Cory Fernandez . . . , ECF No. 225 (Defendant's Objections and Counter-Designations), to file the relevant portions of said deposition transcripts no later than 9/12/25").
[2] A true and correct copy of ECF Nos. 251 and 251-1 are attached hereto as "Exhibit A" for the Court's convenience.

Mr. Fernandez's testimony were listed in table format, ECF. No. 251 at 2-3. Specifically, *inter alia*, Defendant counter-designated the following:

| PAGE | LINES |
|------|-------|
| 52 | 7-21 |
| 53 | 1-3 |
| 55 | 8-20 |
| 56 | 4-5; 7-11 |
| 57 | 14-25 |
| 58 | 1, 13-25 |
| 59 | 1-7 |
| 77 | 5-17 |

ECF. No. 251 at 2-3.

Defendant also attached, as "Exhibit A" to ECF No. 251, the highlighted sections in Mr. Fernandez's deposition transcript corresponding to the counter-designations listed on pages 2 and 3 of ECF No. 251, inclusive of pages 52-77 as listed above. See ECF No. 251-1.

On October 9, 2025, the Court issued its Order Regarding Deposition Designations. ECF. No. 258 ("Order"). Therein, the Court noted and ordered that:

> Defendant also counter-designated several passages of Mr. Fernandez's testimony. *See* ECF No. 227 at 5–6. The Court is satisfied that the counter-designations through page 27 will be admitted in the event the objections related to page 25 above are overruled. *No one has provided the Court with Mr. Fernandez's complete deposition transcript, and so the Court is unable to assess the validity*

2

> *of the counter-designations from page 52 onward. The Court therefore will not consider any of those counter-designations at trial.*

ECF No. 258 at 7 (emphasis added).

Defendant respectfully contends that he timely complied with the Court's order, ECF No. 249, by submitting the highlighted counter-designated portions of Mr. Fernandez's deposition transcript in ECF No. 251-1. As such, Defendant requests that the Court reconsider its Order in part, with respect to Defendant's counter-designations noted on pages 52-77 of Mr. Fernandez's deposition transcript.

## II.    ARGUMENT

### A.    Legal Standard

Motions for reconsideration, under Local Rule ("LR") 60.1, must be filed within fourteen [14] days after the subject order is filed. LR 60.1. Here, the Court's Order, ECF No. 258, was filed on October 9, 2025. See id. Thus, the instant Motion is timely.

Defendant's Motion is brought under Rule 60(a) *Federal Rules of Civil Procedure* ("Rule") which provides that the court "may correct . . . a mistake arising from oversight or omission whenever one is found in a . . . order[,]" as well as LR 60.1(c), manifest error of fact. The Ninth Circuit also recognizes that reconsideration is appropriate "if the court overlooked material facts that were presented to it before it made its decision." United States v. Strain, No. 3:97-cr-

3

00004-TMB-SAO-1, 2019 U.S. Dist. LEXIS 167574, at *3 n.13 (D. Alaska Sep. 27, 2019) (citation omitted); Sch. Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

    **B.    The Court Should Reconsider The Order Because Defendant Timely Filed His Counter-Designations To Mr. Fernandez's Deposition Transcript, With Corresponding Highlighted Portions Of The Transcript, In ECF No. 251-1**

Defendant respectfully contends that based on the facts presented above, which were available to the Court before the Order was issued on October 9, 2025, the Court should reconsider the Order in part and issue an amended Order ruling on Defendant's counter-designations of Mr. Fernandez's deposition testimony, specifically:

| PAGE | LINES |
|---|---|
| 52 | 7-21 |
| 53 | 1-3 |
| 55 | 8-20 |
| 56 | 4-5; 7-11 |
| 57 | 14-25 |
| 58 | 1, 13-25 |
| 59 | 1-7 |
| 77 | 5-17 |

See ECF Nos. 251 at 2-3; 251-1 at pgs. 52, 53, 55, 56, 57, 58, 59, and 77.

The above counter-designations correspond to Defendant's cross-examination of Mr. Fernandez and Defendant asserts that he would be severely prejudiced if he was unable to rely on them at trial.

### C.  GMM Does Not Oppose This Motion

On October 14, 2025, counsel for the parties met and conferred, pursuant to the Order, ECF No. 258.  During the meeting, counsel for Defendant advised counsel for GMM of the instant Motion and factual basis for it.  Counsel for GMM advised that GMM did not oppose the Motion.  Declaration of James V. Myhre at ¶ 5.

### III.  CONCLUSION

Based on the foregoing facts, authorities, and supporting documents, Defendant respectfully requests that his Motion be granted and the Court issue an amended Order ruling on Defendant's counter-designations described herein.

DATED:  Honolulu, Hawaii, October 15, 2025.

/s/James V. Myhre
JAMES V. MYHRE
BRENT K. WILSON
Attorneys for Defendant
RAIED J. ALFOUADI