Of Counsel:
MYHRE & STORM

JAMES V. MYHRE        #5092-0
jmyhre@mtmhawaiilaw.com
BRENT K. WILSON       #10518-0
bwilson@mtmhawaiilaw.com
1003 Bishop Street, Suite 1290
Honolulu, Hawaii  96813
Telephone (808) 524-2466

Attorneys for Defendant
RAIED J. ALFOUADI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAVID DEMAREST and GREEN MOUNTAIN MYCOSYSTEMS LLC, | CASE NO. 22-CV-00064-JAO-KJM (In Admiralty) |
| Plaintiffs, | DEFENDANT RAIED J. ALFOUADI'S STATEMENT OF POSITION RE: PLAINTIFF'S APPLICATION TO PERMIT LATE FILING *NUNC PRO TUNC*; CERTIFICATE OF SERVICE |
| vs. | |
| RAIED J. ALFOUADI; UNNAMED SAILING VESSEL in rem, Hull No. HA 6874 H; DOE DEFENDANTS 1-20; DOE CORPORATIONS 1-20; DOE GOVERNMENT AGENCIES 1-20; DOE PARTNERSHIPS 1-20, | |
| Defendants. | Trial:   October 8, 2025<br>Judge:  Honorable Jill A. Otake |

# DEFENDANT RAIED J. ALFOUADI'S STATEMENT
# OF POSITION RE: PLAINTIFF'S APPLICATION TO
# PERMIT LATE FILING *NUNC PRO TUNC*

Defendant Raied J. Alfouadi ("Alfouadi"), by and through his undersigned counsel, Myhre & Storm, hereby submits his Statement Of Position regarding Plaintiff Green Mountain Mycosystems' ("GMM") Application to Permit Late Filing *Nunc Pro Tunc* [ECF No. 275], filed on December 10, 2025, with respect to GMM's untimely Findings of Fact and Conclusions of Law [ECF No. 274] ("Application"). As discussed below, the Application is improper and should be denied.

## I.    BACKGROUND

At the conclusion of trial, on October 23, 2025, the Court ordered that the parties' Findings of Fact And Conclusions of Law ("FFCL") were due by December 1, 2025. ECF No. 268. GMM filed its FFCL at 12:58 a.m. on December 2, 2025. ECF No. 274, Notice of Electronic Filing. According to GMM, the basis for the late filing was that counsel, Mr. Katon, was unaware that Hawaii did not observe daylight savings time. ECF No. 275 at ¶ 3. Furthermore, co-counsel for GMM, Mr. Toyomura, was apparently out of the country during the days leading up to the December 1, 2025 deadline, and consequently, Mr. Katon did not have the benefit of coordinating the filing of GMM's FFCL with Mr. Toyomura. *Id.* at ¶ 4.

## II. LEGAL STANDARD

Generally, federal courts may issue *nunc pro tunc* orders, or "now for then" orders, to "reflect the reality of what has already occurred[.]" *Roman Cath. Archdiocese of San Juan v. Acevedo Feliciano* ("*Acevedo*"), 589 U.S. 57, 65, 140 S. Ct. 696, 206 L. Ed. 2d 1 (2020) (quoting *Missouri v. Jenkins*, 495, U.S. 33, 49, 110 S. Ct. 1651, 109 L. Ed. 2d 31 (1990)).

Such orders are generally not appropriate to change the facts that actually occurred: "Put colorfully, '*nunc pro tunc* orders are not some Orwellian vehicle for revisionist history—creating 'fact' that never occurred in fact." *Acevedo*, 589 U.S. at 65 (quoting *United States v. Gillespie*, 666 F. Supp. 1337, 1339 (N.D. Ill. 1987)). In other words, the court "cannot make the record what it is not." *Id.* (quoting *Jenkins*, 495 U.S. at 49). Ninth Circuit law accords with the above legal principles. *See United States v. Sumner*, 226 F.3d 1005, 1010 (9th Cir. 2000) ("'*Nunc pro tunc* amendments are permitted primarily so that errors in the record may be corrected. The power to amend nunc pro tunc is a limited one, and may be used only where necessary to correct a clear mistake and prevent injustice.' . . . *It does not imply the ability to alter the substance of that which actually transpired or to backdate events to serve some other purpose* . . . Rather, its use is limited to making the record reflect what the district court actually intended to do at an earlier date, but

which it did not sufficiently express or did not accomplish due to some error or inadvertence.") (emphasis added)).

### III. STATEMENT OF POSITION

Based on the above authorities, the Application should be denied because it is an improper use of a *nunc pro tunc* order. There is no dispute that the GMM's FFCL were filed after the December 1, 2025 deadline. GMM admits that the basis for the untimely filing was that counsel was unaware that Hawaii did not observe daylight savings time, s*ee* ECF No. 275 at ¶ 3, and co-counsel was not available to assist/coordinate with respect to the filing of GMM's FFCL by/before the December 1, 2025 deadline. *See id.* at ¶ 4. GMM's request that the Court now permit it to file its FFCL *nunc pro tunc*, on these facts, is inappropriate because it merely backdates GMM's FFCL and creates fact where none previously existed. *See Acevedo*, 589 U.S. at 65; *Sumner*, 226 F.3d at 1010.

Furthermore, it is undisputed that he parties had one month to complete and timely file their respective FFCL. GMM's election to file its FFCL so close to the deadline was a risk it voluntarily assumed. The facts presented by GMM also show a lack of diligence (one week after the deadline) in bringing this matter to both the Court and counsel for Alfouadi's attention. *See* ECF No. 275 at ¶ 6.

## IV.  CONCLUSION

Accordingly, based on the facts and authorities presented above, Alfouadi's position is that the Application is improper and should be denied.

DATED:  Honolulu, Hawaii, December 10, 2024.

/s/ Brent K. Wilson
JAMES V. MYHRE
BRENT K. WILSON
Attorneys for Defendant
RAIED J. ALFOUADI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAVID DEMAREST and GREEN MOUNTAIN MYCOSYSTEMS LLC, | CASE NO. 22-CV-00064-JAO-KJM <br> (In Admiralty) <br><br> CERTIFICATE OF SERVICE |
| Plaintiffs, | |
| vs. | |
| RAIED J. ALFOUADI; DOE DEFENDANTS 1-20, DOE CORPORATIONS, 1-20, DOE GOVERNMENT AGENCIES 1-20, DOE PARTNERSHIPS 1-20, | |
| Defendants. | |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of DEFENDANT RAIED J. ALFOUADI'S STATEMENT OF POSITION RE: PLAINTIFF'S APPLICATION TO PERMIT LATE FILING NUNC PRO TUNC was duly served upon the following party via CM/ECF on December 10, 2025.

>KEVIN W. HERRING, ESQ.
>kherring@awlaw.com
>RYAN M. TOYOMURA, ESQ.
>rtoyomura@awlaw.com
>First Hawaiian Center
>999 Bishop Street, Suite 1400
>Honolulu, Hawaii 96813

GLENN KATON, ESQ. (*Pro Hac Vice*)
385 Grand Ave. Suite 200
Oakland, CA 94610

Attorneys for Plaintiff
GREEN MOUNTAIN MYCOSYSTEMS

DATED:  Honolulu, Hawaii, December 10, 2025.

/s/ Brent K. Wilson
JAMES V. MYHRE
BRENT K. WILSON
Attorneys for Defendant
RAIED J. ALFOUADI

2