Of Counsel:
MYHRE & STORM

JAMES V. MYHRE          #5092-0
jmyhre@mtmhawaiilaw.com
BRENT K. WILSON         #10518-0
bwilson@mtmhawaiilaw.com
1003 Bishop Street, Suite 1290
Honolulu, Hawaii  96813
Telephone (808) 524-2466

Attorneys for Defendant
RAIED J. ALFOUADI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GREEN MOUNTAIN MYCOSYSTEMS LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> RAIED J. ALFOUADI, <br><br> Defendant. | ) CASE NO. 22-CV-00064-JAO-KJM <br> ) (In Admiralty) <br> ) <br> ) DEFENDANT RAIED J. <br> ) ALFOUADI'S MEMORANDUM IN <br> ) SUPPORT OF BILL OF COSTS; <br> ) AFFIDAVIT OF BRENT K. WILSON; <br> ) CERTIFICATE OF SERVICE <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Trial:    October 20, 2025 <br> ) Judge:  Honorable Jill A. Otake <br> ) <br> ) |

### DEFENDANT RAIED J. ALFOUADI'S
### <u>MEMORANDUM IN SUPPORT OF BILL OF COSTS</u>

Defendant RAIED J. ALFOUADI ("Defendant"), pursuant to 28 U.S.C. § 1920; Rule 54(d)(1), *Federal Rules of Civil Procedure*; Rule 54.1, *Local Rules of Practice for the U.S. District Court for the District of Hawaii*; and the attached Affidavit of Brent K. Wilson, hereby submits his Memorandum In Support of Bill of Costs. Defendant's Bill of Costs is being filed concurrently with this Memorandum.

## I.    <u>BACKGROUND AND PROCEDRUAL HISTORY</u>

In this admiralty case, a sailing vessel owned by Defendant ran aground in January 2022 near Mala Wharf in Lahaina, Maui. Former plaintiff David Demarest ("Demarest"),[1] as the sole member of Plaintiff Green Mountain Mycosystems, LLC ("Plaintiff" or "GMM") alleged that GMM had entered into an agreement with Defendant to salvage the vessel, for which GMM was never paid.  *See* ECF No. 77. On June 20, 2024, Plaintiff filed its First Amended Complaint ("FAC") for Breach of Oral Salvage Contract (Count I), Breach of Implied Salvage Contract (Count II), Quantum Meruit (County III), and Pure Salvage (Count IV). *See generally, id.*

---

[1] Demarest moved for voluntary dismissal with prejudice under *Federal Rule of Civil Procedure* 41(a)(2), conceding that he had no standing on the claims in this action because he assigned all of his individual claims to GMM. ECF No. 154. The Court granted his motion. ECF No. 157.

The Court held a four-day bench trial on the above matters, from October 20 – 23, 2025, after which the parties submitted written closing arguments and proposed findings of fact and conclusions of law.  *See* ECF Nos. 271-74.  On March 11, 2026, based on the record, including the admissible testimony and exhibits, the Court issued its Findings of Fact and Conclusions of Law, and found in Defendant's favor as to <u>all</u> Counts.  *See generally* ECF No. 283.  The Clerk's Judgment was also entered on March 11, 2026.  ECF No. 284.

On March 20, 2026, Defendant emailed Plaintiff a list of Defendant's proposed taxable costs and supporting invoices for the following costs (collectively "Bill of Costs"):

| TRIAL / DEPOSITION TRANSCRIPTS | | |
|---|---|---|
| **(D) Deponent**<br>**(C) Court Reporter** | **Invoice(s)** | **Amount** |
| (D) David Demarest | 5500 | $2,581.05 |
| (D) Jeffrey Pratt | 5452 | $794.03 |
| (D) Cory Fernandez | 5793 | $431.41 |
| (D) Sebastian Coppes | 5730 | $1,265.55 |
| (D) Raied Alfouadi | 6136 | $925.60 |
| (C) Cynthia Fazio (pre-trial transcript) | 20250062 | $192.63 |
| (C) Cynthia Fazio (trial transcripts) | 20250070 | $10,393.27 |
| | | |
| | **Subtotal** | **$16,583.54** |
| | | |
| **SERVICE OF TRIAL SUBPOENA** | | |
| Mark Stack Service | 25082801;  25082901; 25100802 | $180.00 |
| Michael K. Smythe LLC | K25-276; K25-310 | $365.00 |
| | | |

2

| | | Subtotal | $545.00 |
|---|---|---|---|
| | | | |
| | | **TOTAL TAXABLE COSTS** | **$17,128.54** |

*See* Affidavit of Brent K. Wilson ("Wilson Aff.") at ¶ 3.   On March 23, 2026, the parties met and conferred about Defendant's Bill of Costs.  *Id.* at ¶ 4.  The parties, however, were unable to resolve all disputes regarding Defendant's Bill of Costs. *Id.* at ¶ 5.

## II.    <u>DISCUSSION</u>

In general, costs should be allowed to the prevailing party unless a federal statute, the *Federal Rules of Civil Procedure*, or a Court order provides otherwise. *See* Fed. R. Civ. P. 54(d)(1). There are no such countervailing statutes, rules, or Court orders.  Federal statutes and Court rules allow the Clerk to tax costs in favor of a prevailing party for deposition transcript costs. *See* 28 U.S.C. § 1920(2) (allowing taxation of costs for, "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case"); *see also* LR 54.1(f)(2) (allowing taxation of costs for, "[t]he Cost of a stenographic and/or video original and one copy of any deposition transcript necessarily obtained for use in the case is allowable.").[2]

---

[2] LR 54.1(f)(2) states: "The Cost of a stenographic and/or video original and one copy of any deposition transcript necessarily obtained for use in the case is allowable. A deposition need not be introduced in evidence or used at trial so long as, at the time it was taken, it could reasonably be expected that the deposition would be used for trial preparation, rather than mere discovery."

The Bill of Costs must be filed and served within 14 days after entry of judgment. *See* LR 54.1(b). Judgment was entered in this case on March 11, 2026. *See* ECF No. 284. Accordingly, the 14-day period prescribed by LR 54.1(b) expires on March 25, 2026, and the Bill of Costs submitted concurrently herewith is timely filed.

A. **Depositions**

At the time the above-described depositions were taken, Defendants expected to use each deposition transcript for trial preparation and not mere discovery. See Tom Affidavit. The deponents were parties and/or percipient witnesses to the allegations, claims, and/or defenses in this case:

| Deponent | Litigation Role |
|---|---|
| David Demarest | Sole member of Plaintiff Green Mountain Mycosystems LLC |
| Jeffrey Pratt | Percipient witness of facts relating to the subject grounding of Defendant's boat, damage to same, salvage of same; Plaintiff's alleged salvage contract with Defendant; communications between the parties; Demarest's involvement in wreck removal |
| Cory Fernandez | An investigating Hawaii Department of Land and Natural Resources officer with knowledge of his investigation of the subject grounding; associated reports relating thereto; communications with Plaintiff; communications with Defendant; administrative authority and procedural basis for assessing fines for environmental damage |

4

> associated with accidental boat groundings; authenticity of photographs and documents and things; and other relevant matters.

| | |
|---|---|
| Sebastian Coppes | Plaintiff's retained expert witness |
| Raied Alfouadi | Defendant |

*See* Wilson Decl. at ¶ 6.  The deposition costs sought to be taxed are in accordance with LR 54.1(f)(2) and should be awarded by the Court.  *See id.*

### B.    Pre-Trial And Trial Transcripts

Under 28 U.S.C. § 1920(2) a prevailing party may recover "(f)ees for printed or electronically recorded transcripts necessarily obtained for use in the case."  "By its terms, the rule creates a presumption in favor of awarding costs to the prevailing party." Ass'n of Mexican—Am. Educators v. California, 231 F.3d 572, 591 (9th Cir. 2000).  At the Court's discretion, copies of pretrial and trial transcripts, as well as copies of depositions, may be taxed as costs if they are "reasonably necessary" for use in the case.  *Nelson v. United States*, No. 3:19-cv-01761-HZ, 2022 U.S. Dist. LEXIS 254627, at *2 (D. Or. June 22, 2022) (citing *Independent Iron Works, Inc. v. United States Steel Corp.*, 322 F.2d 656, 677-78 (9th Cir.1963)).

Invoice No. 20250062, above, corresponds to a pre-trial transcript of the motions in limine hearing held on September 2, 2025.  S*ee* ECF No. 231.  At the hearing, with respect to Defendant's Motion in Limine No. 6, to exclude Plaintiff's expert's testimony regarding U.S. Coast Guard basic order agreements ("BOA"),

5

Judge Otake ordered supplemental briefing addressing the interplay between BOA rates and certain "SCOPIC" rates alleged by Plaintiff in its FAC. *See* ECF No. 231 at 2. Accordingly, in light of the facts known at the time the expense was incurred, the pretrial transcript corresponding to invoice No. 20250062 was necessarily obtained for use in this case as it was reasonably necessary for the purpose of preparing the supplemental briefing.

Similarly, invoice No. 20250070 relates to costs necessarily incurred for the trial transcripts. The parties agreed, and the Court ordered, that closing arguments would be submitted in writing, and that citations to the trial record, while not required, would be beneficial to the party submitting the closing argument. *See* ECF Nos. 231 at 2; 268. Additionally, the Court required that parties' findings of fact and conclusions of law include citations. *See* ECF No. 268. As such, Defendant contends that the costs incurred for both the pre-trial and trial transcripts were reasonably necessary for use in this case, and therefore, the Court should award same. *See Nelson*, 2022 U.S. Dist. LEXIS 254627, at *2 (citing *Independent Iron Works, Inc.*, 322 F.2d at 677-78).

### C.    Trial Subpoena

Service of process fees are properly taxed under 28 U.S.C. § 1920(1). *Alflex Corp. v. Underwriters Laboratories, Inc.*, 914 F.2d 175, 177 (9th Cir. 1990). 28 U.S.C. § 1920(1) provides that the Court may award the prevailing party "[f]ees of

the clerk and marshal." Marshal's fees are governed by 28 U.S.C. § 1921, which allows the collection of fees for serving a subpoena or summons. 28 U.S.C. § 1921(a)(1)(A)-(B). LR 54.1(f) allows the taxation of "fees for the service of process and service of subpoenas by someone other than the marshal . . . to the extent that they are reasonably required and actually incurred." *Id.*

Above, Defendant's service fees correspond to subpoena's issued to percipient witnesses called to testify at trial, specifically, Edward R. Underwood and Jeffrey Pratt. Both Underwood and Pratt were served twice due to the fact that trial was originally scheduled for September 15, 2025, but was ultimately continued by Plaintiff to October 20, 2025. *See* ECF Nos. 244; 247. Defendant contends that the costs incurred with respect to the service of both witnesses, to ensure their appearance at trial via subpoena, was reasonably required and actually incurred.

## III.   CONCLUSION

Given the above, Defendant respectfully requests that the Clerk tax the total amount of **$17,128.54** in costs against Plaintiff as set forth in Defendants' Bill of Costs filed contemporaneously herein, and the itemization and documentation attached thereto.

DATED:  Honolulu, Hawaii, March 24, 2026.

/s/ Brent K. Wilson
JAMES V. MYHRE
BRENT K. WILSON
Attorneys for Defendant
RAIED J. ALFOUADI

7