IN THE UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| DAVID DEMAREST and GREEN MOUNTAIN MYCOSYSTEMS LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> RAIED J. ALFOUADI, et al., <br><br> Defendants. | Case No.:  22-CV-00064 JAO KJM <br><br> **MEMORANDUM IN SUPPORT OF MOTION** |

## MEMORANDUM IN SUPPORT OF MOTION

Plaintiff GREEN MOUNTAIN MYCOSYSTEMS LLC ("GMM") respectfully moves this Court for a thirty (30) day extension of time to file a Notice of Appeal regarding the Findings of Fact and Conclusions of Law (ECF 283) and Judgment (ECF 284) that were entered on March 11, 2026.  Absent an extension of time, the deadline to file a notice of appeal would be Monday, April 10, 2026.

Good cause exists to grant the Motion because the parties are currently engaged in settlement negotiations.  Those negotiations, which were initiated by counsel for Defendant RAIED J. ALFOUADI ("Alfouadi") on April 2, 2026, seek to settle and resolve pending and future matters related to this case as well any potential appeal.  GMM believes that the ongoing settlement discussions would benefit from the additional dialogue, thought and reflection that would be possible

with an extension.  Because of the short time-frame, and the good-faith progression of the discussions, GMM respectfully requests that the Motion be reviewed on an expedited basis.

GMM believes that it is important to preserve its right to appeal the underlying orders and judgment pending the outcome of ongoing good faith settlement discussions between GMM and Defendant. An extension of time ensures that both parties can continue good-faith settlement negotiations without fear that such negotiations are only being employed for tactical or strategic reasons.

An extension of time to file a notice of appeal is reasonable and would not prejudice any party. Indeed, a settlement agreement would advance judicial economy and efficiency, as it would likely result in the full resolution of this case, including any pending and future motions and requests, and any appeals of the underlying orders and judgment.

## I.    LEGAL STANDARD

The grant or denial of a motion to extend time to file a notice of appeal is at the discretion of the district court. See State of Or. v. Champion Int'l Corp., 680 F.2d 1300, 1301 (9th Cir. 1982)

Fed. R. App. P. ("FRAP") Rule 4(a)(1)(A) provides that a notice of appeal must be filed within 30 days after entry of the judgment or order appealed from. The district court may extend the time to file a notice of appeal if:

(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

(ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

FRAP Rule 4(a)(5)(A).

As this motion is being made before the 30-day deadline under FRAP Rule 4(a)(1)(A), the "**good cause**" standard is applicable. See State of Or. v. Champion Int'l Corp., 680 F.2d 1300, 1301 (9th Cir. 1982) ("Although the Rule allows an extension of time upon a showing of excusable neglect or 'good cause,' the latter is applicable only where a motion is filed before the extension of the thirty-day period. The good cause language was added to the Rule by a 1979 amendment because the excusable neglect standard 'never fit exactly the situation in which the appellant seeks an extension before the expiration of the initial time.'").

## II.    RELEVANT FACTS

On March 11, 2026, the Court entered its "Findings of Fact and Conclusions of Law," [ECF 283] and "Judgment In A Civil Case". See ECF 284.

The 30-day deadline for GMM to file its Notice of Appeal is Friday, April 10, 2026, based upon the filing date of the FOF/COL and Judgment. See FRAP Rule 4(a)(1)(A) and Rule 26.

On April 2, 2026, Alfouadi's counsel contacted GMM's counsel Ryan M. Toyomura, and conveyed a preliminary settlement proposal to resolve all matters related to this case, including a potential appeal. See Dec. of Ryan M. Toyomura at ¶ 3.

On April 6, 2026, counsel for GMM and Alfouadi met again to discuss the settlement proposal. Given that the settlement discussion was moving in a positive direction, GMM's counsel proposed that GMM request an extension of time to file a notice of appeal to preserve its right to appeal the underlying orders and judgment, pending the outcome of the good-faith settlement discussions. See id. at ¶ 5.

This Motion followed.

## III.   DISCUSSION

FRAP Rule 4(a)(5)(A) provides that this Court may grant an extension to file a notice of appeal for good cause. See Champion Int'l Corp., 680 F.2d 1300 at 1301. "Good cause comes into play 'in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually

occasioned by something that is not within the control of the movant.'" Bishop v. Corsentino, 371 F.3d 1203, 1207 (10th Cir. 2004).

GMM was approached very recently with anoffer of settlement to dispose of all matters related to the underlying case, including an appeal, on April 2, 2026. See Dec. of Ryan M. Toyomura at ¶ 3. At the conclusion of this meeting, GMM's counsel set a follow-up meet and confer for April 6, 2026, to conduct substantial discussions on the proposed settlement. Id. at ¶ 4.

At the April 6, 2026, meet and confer, counsel had substantive discussions on the settlement proposal and GMM presented additional settlement terms for Alfouadi's consideration. Based upon the progress of the negotiations, GMM's counsel proposed that GMM request an extension to file its notice of appeal, pending the outcome of the settlement negotiations, which would likely go beyond April 10, 2026. Id. at ¶ 5-6. Counsel also had substantial discussion about the purpose and timeline for the request for extension. Id.

First, the circumstances that led up to this Motion was not "within the control of the movant," as Alfouadi initiated settlement discussions on April 2, 2026. Corsentino, 371 F.3d at 1207. Since April 2, GMM worked diligently and quickly with opposing counsel to hold further settlement negotiations and discuss the need for an extension to file the Notice of Appeal.

Second, GMM's desire to continue settlement discussions is "good cause" for an extension of time.[2] Indeed, the Ninth Circuit has stated that "It is well recognized that settlement agreements are judicially favored as a matter of sound public policy. Settlement agreements conserve judicial time and limit expensive litigation." Ahern v. Cent. Pac. Freight Lines, 846 F.2d 47, 48 (9th Cir. 1988). In fact, there is "an overriding public interest in settling and quieting litigation." Id.

## IV. CONCLUSION

Based on the foregoing, GMM respectfully requests this Court to grant the Motion for an extension of time to file a Notice of Appeal pending the outcome of the settlement negotiations between the parties. GMM respectfully requests that this Court expedite its review of this Motion, given the April 10, 2026, deadline to file the Notice of Appeal.

DATED:  Honolulu, Hawaii; April 8, 2026

/s/ Ryan M. Toyomura
KEVIN W. HERRING
RYAN M. TOYOMURA
Ashford & Wriston, LLLP

GLENN KATON

---

[2] The filing of a Notice of Appeal generally "divests a district court of jurisdiction over those aspects of the case involved in the appeal." Stein v. Wood, 127 F.3d 1187, 1189 (9th Cir. 1997). GMM believes that a settlement could be made more complicated if the Ninth Circuit obtained jurisdiction of this case and prefers that the Court retain jurisdiction pending the outcome of the settlement negotiations.

Katon.Law

Attorneys for Plaintiffs
GREEN MOUNTAIN MYCOSYSTEMS, LLC

5091755.5

7