IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GREEN MOUNTAIN MYCOSYSTEMS LLC, | ) CASE NO. 22-CV-00064-JAO-KJM<br>) (In Admiralty)<br>) |
| Plaintiffs, | ) MEMORANDUM IN SUPPORT OF<br>) MOTION |
| vs. | )<br>) |
| RAIED J. ALFOUADI, | )<br>) |
| Defendant. | )<br>) |

# TABLE OF CONTENTS

*Page(s)*

I. INTRODUCTION .................................................................................. 1

II. PROCEDURAL BACKGROND ........................................................... 1

    A. GMM's Claims ............................................................................. 1

    B. Alfouadi Presents His Claim for Attorneys' Fees ...................... 2

III. WITH NO OBJECTION BY GMM, THE COURT SHOULD GRANT AFOUADI'S MOTION FOR ATTORNEYS' FEES .................................. 4

    A. Legal Standard ............................................................................4

        1. HRS § 607-14 Applies Under The "Maritime But Local" Doctrine ................................................................................4

        2. Entitlement To Attorneys' Fees .................................................... 5

    B. GMM's Action is in the Nature of Assumpsit ........................................6

    C. Apportionment is Impracticable ...........................................................10

    D. Alfouadi is the Prevailing Party..........................................................11

    E. Alfouadi's Attorneys' Fees Were Reasonably Incurred......................12

        1. Attorneys' Rates Are Reasonable................................................12

        2. Attorneys' Hours Were Reasonably Expended ........................ 14

    F. Alfouadi is Entitled to Attorneys' Fees Equal To 25% Of GMM's Requested Damages ................................................................................15

IV. CONCLUSION.....................................................................................17

I

# TABLE OF AUTHORITIES

*Case*                                                                    *Page(s)*

17A James Wm. Moore, *et al., Moore's Federal Practice*
*P* 124.46 (3d ed. 2009) ................................................................4

*808 Dev., LLC v. Murakami*, 111 Hawaii 349, 366,
141 P.3d 966, 1013 (2016) ...........................................................8

*Airgo, Inc. v. Horizon Cargo Transp., Inc.*,66 Haw. 590,
670 P.2d 1277 (1983) ....................................................................4

*American Dredging Co. v. Miller*, 510 U.S. 443 (1994)............................5

*Askew v. American Waterways Operators, Inc.*, 411 U.S. 325, (1973) ....................5

*Au v. Funding Grp., Inc.*, 933 F. Supp. 2d 1264, 1270 (D. Haw. 2013) .................11

*Au v. Republic State Mortg. Co.*, No. CIV.11-00251 JMS,
2014 WL 770291, at *3 (D. Haw. Feb. 14, 2014) .....................................10

*Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997) ...............................12

*Bay & Delta Tractor Tug Co. v. Barge Pac. Trader*,
1997 WL 797935, at *1 (N.D. Cal. Dec. 16, 1997) .....................................9

*Blackwall*, 77 U.S. 1, 14, (1869) ...................................................8

*Blair v. Ing*, 96 Haw. 327, 31 P.3d 184 (2001) ..........................6, 8, 10, 11

*BlueEarth Biofuels, LLC v. Hawaiian Elec. Co., No. CIVIL 09-00181 LEK-KSC,*
*2015 U.S. Dist. LEXIS 24374, at *1 (D. Haw. Feb. 27, 2015)* ..................7

*Bruser v. Bank of Haw.*, No. CV 14-00387 LEK-RLP,
2017 WL 1534189, at *5 (D. Haw. Apr. 27, 2017) ..............................10, 11

*B.P. North Am. Trading Co. v. Panamax Nova*,
784 F.2d 975, 976 (9th Cir. 1986)....................................................4

*Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 ...............................12

# **TABLE OF AUTHORITIES**

*Case*                                                                                          *Page(s)*

*Demarest v. Alfouadi*, No. 22-00064 JAO-KJM,
2024 LX 108784, at *29 (D. Haw. June 6, 2024).......................................................9

*Durette v. Aloha Plastic Recycling, Inc.*, 105 Haw. 490, 504,
100 P.3d 60, 74 (2004) ...............................................................................................8

*Evanow v. M/V Neptune*, 163 F.3d 1108, 1115 (9th Cir. 1998)..................................9

*Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000) ..............................12

*Food Pantry, Ltd. v. Waikiki Bus. Plaza, Inc.*, 58 Haw. 606,
620, 575 P.2d 869, 879 (1978) ..................................................................................11

*Fought & Co. v. Steel Eng'g & Erection, Inc.*, 87 Haw. 37, 53,
951 P.2d 487, 502-503 (1998) ...................................................................................11

*Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992) ..............................13, 14

*Haw. Stevedores, Inc. v. Island Cement*, LLC, No. 09 00250 DAE BMK, 2009 U.S.
Dist. LEXIS 102541, at *1 (D. Haw. Oct. 16, 2009)..................................................5

*Hawaii Ventures, LLC, v. Otaka, Inc.*, 114 Hawaii 438,
134 P.3d 696, 742 (2002) ............................................................................................8

*Healy-Tibbitts Const. Co. v. Hawaiian Indep. Refinery, Inc.*,
673 F.2d 284, 286 (9th Cir. 1982) ..............................................................................7

*Helfand v. Gerson*, 105 F.3d 530, 537 (9th Cir. 1997) .............................................9

*Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ....................................................12

*Hong v. Kong*, 5 Haw. App. 174, 683 P.2d 833 (1984) .............................................8

*In re Hoopai*, 581 F.3d 1090, 1102 (9th Cir. 2009) ................................................11

*Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) .......................................12

## **TABLE OF AUTHORITIES**

*Case*                                                                                                *Page(s)*

*Kahala Royal Corp. v. Goodsil Anderson Quinn & Stifel*,
113 Haw. 251, 280, 151 P.3d 732, 761 (2007)..........................................................7

*Kona Enterprises, Inc. v. Est. of Bishop*, 229 F.3d 877,
844 (9th Cir. 2000)..................................................................................6, 7, 8, 10

*Leslie v. Est. of Tavares*, 93 Haw. 1, 5, 994 P.2d 1047,
1051 (2000) ..................................................................................................6, 7

*Matter of Arb. Between United Public Workers and Dep't of Transp.*,
487 P.3d 302, 308 (Haw. 2021)..........................................................................13

*MFD Partners v. Murphy*, 9 Haw. App. 509, 514,
850 P.2d 713, 716 (1992) ...................................................................................11

*Porter v. Hu*, 116 Hawaii 42, 66, 169 P.3d 994, 1018 (Haw. Ct. App. 2007)............8

*Privratsky v. Liberty Mutual Fire Ins. Co.*, 2025 WL 2144853,
at *8 (D. Haw. Feb. 14, 2025)............................................................................14

*Roberts v. City of Honolulu*, 938 F.3d 1020, 1024-25 (9th Cir. 2019) ....................12

*Rodrigues v. Chan*, 705 P.2d 67 (Haw. Ct. App. 1985)........................................15

*Sheehan v. Centex Homes*, 853 F. Supp. 2d 1031, 1038 (D. Haw. 2011).................6

*Schulz v. Honsador, Inc.*, 67 Haw. 433, 436, 690 P.2d 279, 282 (1984)...................6

*Seven Signatures Gen. P'ship v. Irongate Azrep BW LLC*,
871 F.Supp.2d 1040, at 1054-55 .........................................................................14

*Smothers v. Renander*, 633 P.2d 556, 563 (Haw. Ct. App. 1981) ...........................14

*Stevedores, Inc. v. Island Cement, LLC*, No. 09 00250 DAE BMK,
2009 U.S. Dist. LEXIS 102541, at *9 (D. Haw. Oct. 16, 2009)................................4

*Sun Ship, Inc. v. Pennsylvania*, 447 U.S. 715, 100 S. Ct. 2432 (1980) ....................5

# TABLE OF AUTHORITIES

*Case*                                                                          *Page(s)*

*Tug Blarney, LLC v. Ridge Contracting, Inc.*, 14 F. Supp. 3d 1255,
1266 (D. Alaska 2014) ...............................................................................9

*U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*,
768 F.2d 1099, 1104 (9th Cir. 1985) .........................................................9

*Yamaha Motor Corp. v. Calhoun,*516 U.S. 199, 116 S. Ct. 619,
133 L. Ed. 2d 578 (1996) ........................................................................4, 5

## *Federal Rules of Civil Procedure*

41(a)(2)........................................................................................................1

54(d) .......................................................................................................2, 3, 4

## *U.S.D.C. Dist. of Hawaiʻi Local Rules*

54.1 ............................................................................................................4

54.2.............................................................................................................4

54.2(d)(2) ................................................................................................2, 4

54.2(d)(5) ...................................................................................................3

54.2(e) .......................................................................................................4

54.2(f).........................................................................................................3

7.8................................................................................................................4

## *Hawaiʻi Statutes*

HRS § 607-14..............................................1, 2, 3, 4, 5, 6, 10, 11, 12, 15

## MEMORANDUM IN SUPPORT OF MOTION

### I.    INTRODUCTION

On March 11, 2026, based on the record, including the admissible testimony and exhibits, the Court issued its Findings of Fact and Conclusions of Law in this matter.   The Court found in Defendant RAIED J. ALDOUADI's ("Alfouadi") favor, and against Plaintiff GREEN MOUNTAIN MYCOSYSTEMS LLC. ("GMM"), as to <u>all</u> Counts.  *See generally* ECF No. 283.  The Clerk's Judgment was entered on March 11, 2026.  ECF No. 284.

As the prevailing party, Alfouadi respectfully contends that he is entitled to an award of attorneys' fees pursuant to Hawaii Revised Statutes ("HRS") § 607-14, which allows the prevailing party to recover its reasonable attorneys' fees in all actions in the nature of assumpsit.  By this Motion, as more fully discussed below, Alfouadi requests an award of $31,602.69 in attorneys' fees.

### II.    PROCEDURAL BACKGROND

#### A.    GMM's Claims

In this admiralty case, a sailing vessel owned by Alfouadi ran aground in January 2022 near Mala Wharf in Lahaina, Maui. Former plaintiff David Demarest ("Demarest"),[1] as the sole member of GMM, alleged that GMM had

---

[1] Demarest moved for voluntary dismissal with prejudice under *Federal Rule of Civil Procedure* 41(a)(2), conceding that he had no standing on the claims in this action because he assigned all of his individual claims to GMM. ECF No. 154. The Court granted his motion. ECF No. 157.

entered into an agreement with Alfouadi to salvage the vessel, for which GMM was never paid. *See* ECF No. 77. On June 20, 2024, Plaintiff filed its First Amended Complaint ("FAC") for Breach of Oral Salvage Contract (Count I), Breach of Implied Salvage Contract (Count II), Quantum Meruit (County III), and Pure Salvage (Count IV). *See generally, id.*

The Court held a four-day bench trial on the above matters, from October 20 – 23, 2025, after which the parties submitted written closing arguments and proposed findings of fact and conclusions of law. *See* ECF Nos. 271-74.

On March 11, 2026, the Court found in favor of Alfouadi, and against GMM, as to <u>all</u> Counts. *See generally* ECF No. 283. The Clerk's Judgment was also entered on March 11, 2026. ECF No. 284.

B.   **Alfouadi Presents His Claim For Attorneys' Fees**

On March 25, 2026, pursuant to LR 54.2(d)(2), Alfouadi forwarded to GMM redacted copies of Alfouadi's invoices for legal services, a summary of the individual attorneys' hours and hourly rates, and evidence that Alfouadi intended to rely on to establish the appropriate hourly rates being claimed, in the amount of $33,330.69 pursuant to HRS § 607-14 and Rule 54(d) of the *Federal Rules of Civil Procedure*. *See* Exhibit A at 2-3. GMM had 14 days after receipt of the attorneys'

2

fee information—by April 8, 2026—to disclose any evidence they might use to oppose the fee request.  *See* LR 54.2(d)(5).

On April 6, 2026, during a meet-and-confer of the parties regarding Alfouadi's Bill of Costs, the parties also discussed Alfouadi's Fee Motion and the documents supporting same.  Declaration of James V. Myhre ("Myhre Decl.") at ¶ 21.  At the April 6, 2026 conference, GMM requested that Alfouadi reduce the amount of the claim upon which his fees were based[2] by $6,849.51.  *See* Exhibit E; Myhre Decl. at ¶ 22.   This amount represented a truck depreciation claim that was ultimately abandoned by GMM just before trial, but was part of the original damages sought by GMM against Alfouadi.  Myhre Decl. at ¶ 23.  GMM further represented that if Alfouadi would make the requested reduction, then GMM would not object to the instant Motion.  *Id.* at ¶ 24; s*ee* Exhibit E.

On April 8, 2026, Alfouadi agreed to GMM's requested reduction. Myhre Decl. at ¶ 26; s*ee* Exhibit A at 1.  As such, the total GMM claim amount upon which Alfouadi's Fee Motion would be based is $126,410.75.  *Id.*  Accordingly, Alfouadi would proceed with filing his Fee Motion, in accordance with LR 54.2(f), for $31,602.69 (25% of $126,410.75).  *Id.*  Alfouadi requested that GMM confirm its agreement, with respect to the new totals and re-confirm its previous no-objection

---

[2] Alfouadi originally sought an award of attorneys' fees in the amount of $33,330.69 (25% of GMM's alleged $133,322.76 in damages) under HRS 607-14, FRCP 54(d).  *See* Myhre Decl. at ¶ 19.

3

to the Fee Motion, given the reduction.[3]  *Id.* at ¶ 29.  GMM responded ". . . . Agreed."

on April 9, 2026.  *Id.* at ¶ 30; Exhibit A at 1-2.

## III.    WITH NO OBJECTION BY GMM, THE COURT SHOULD GRANT AFOUADI'S MOTION FOR ATTORNEYS' FEES

### A.    Legal Standard

#### 1.    HRS § 607-14 Applies Under The "Maritime But Local" Doctrine

Under federal maritime law, "[t]he prevailing party in an admiralty case is

generally not entitled to an award of attorney's fees absent statutory authorization."

*B.P. North Am. Trading Co. v. Panamax Nova*, 784 F.2d 975, 976 (9th Cir. 1986).

However, "[b]ecause Hawaii's assumpsit statute does not conflict with general

maritime law, HRS § 607-14 applies under the 'maritime but local' doctrine."  *Haw.*

*Stevedores, Inc. v. Island Cement, LLC*, No. 09 00250 DAE BMK, 2009 U.S. Dist.

LEXIS 102541, at *9 (D. Haw. Oct. 16, 2009) (citing *See Airgo, Inc. v. Horizon*

*Cargo Transp., Inc.,*66 Haw. 590, 670 P.2d 1277 (1983) (Haw. Rev. Stat. § 607-14

is a substantive, not procedural, law.); 17A James Wm. Moore, *et al., Moore's*

*Federal Practice P* 124.46 (3d ed. 2009) (state law applies if not in conflict with

general maritime law) (citing *Yamaha Motor Corp. v. Calhoun,*516 U.S. 199, 116 S.

---

[3] The parties also agreed that the 4/6/25 video conference to discuss the Bill of Costs and Fee Motion satisfied the meet-and-confer requirements under LR 7.8, 54.1, and 54.2. *See* Exhibit A at 1. With no objection by GMM to the Fee Motion, it was agreed by and between the parties that compliance with LR 54.2(e) (joint statement) was no longer required.  *Id.*; *see* LR 54.2(e) (requiring the joint statement "[i]*f any matters remain in dispute* after the above steps [set forth in LR. 54.2(d)] are taken . . . .").

Ct. 619, 133 L. Ed. 2d 578 (1996) (unanimous decision upholding application of local substantive law in a federal admiralty court); *American Dredging Co. v. Miller,* 510 U.S. 443 (1994); *Sun Ship, Inc. v. Pennsylvania,* 447 U.S. 715, 100 S. Ct. 2432 (1980); *Askew v. American Waterways Operators, Inc.,* 411 U.S. 325, (1973)))).

Hawaii law applies to GMM's oral and implied salvage contract, as well as, its quantum meruit claims (Counts I - III). *See* ECF No. 283 at 23. Since this case involves a contract entered in Hawaii, to be performed in Hawaii, and was alleged to have been breached in Hawaii, there is no conflict regarding federal interests to preclude the application of HRS § 607-14 here. *See Haw. Stevedores, Inc. v. Island Cement, LLC*, No. 09 00250 DAE BMK, 2009 U.S. Dist. LEXIS 102541, at *9 (D. Haw. Oct. 16, 2009); *Hambrook v. Smith*, No. 14-00132 ACK-KJM, 2016 U.S. Dist. LEXIS 109484, at *67-69 (D. Haw. Aug. 17, 2016) (citing *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 206 (1996) and *Haw. Stevedores* for the same proposition).

### 2.    <u>Entitlement To Attorneys' Fees</u>

HRS Section 607-14 provides, in relevant part: "[I]n all the courts, in all actions in the nature of assumpsit . . . there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable." HRS § 607-14. Attorneys'

fees awarded pursuant to Section 607-14 "shall not exceed twenty-five pr cent of the judgment. *Id.*

"In order to award reasonable attorneys' fees under [HRS § Section 607-14], the court must determine whether: (1) the action is in the nature of assumpsit . . .; (2) the moving party is the prevailing party; (3) the fees requested are reasonable; and (4) the fees do not exceed twenty-five percent of the judgment." *Sheehan v. Centex Homes*, 853 F. Supp. 2d 1031, 1038 (D. Haw. 2011).

**B.    GMM's Action Is In The Nature Of Assumpsit**

"It is well settled under Hawai'i law that 'an action in the nature of assumpsit includes 'all possible contract claims.'" *Kona Enterprises, Inc. v. Est. of Bishop*, 229 F.3d 877, 844 (9th Cir. 2000) (citing *Leslie v. Est. of Tavares*, 93 Haw. 1, 5, 994 P.2d 1047, 1051 (2000)). "Assumpsit is a common law form of action which allows for the recovery of damages for the non-performance of a contract, either express or implied, written or verbal, as well as quasi contractual obligations." *Id.* (quoting *Leslie*, 93 Haw. at 5, 994 P.2d at 1051).

"The focus of this analysis is thus on the 'substance' of the action, 'rather than [on] the formal language employed or the form of the pleadings.'" *Id.* (citing *Schulz v. Honsador, Inc.*, 67 Haw. 433, 436, 690 P.2d 279, 282 (1984), *overruled on other grounds* by *Blair v. Ing*, 96 Haw. 327, 31 P.3d 184 (2001)). "Instead, '[t]he character of the action should be determined from the facts and issues

raised in the complaint, the nature of the entire grievance, and the relief sought.'" *Id.*

(citing *Leslie*, 93 Haw. at 6, 994 P.2d at 1052).

Further, for an action to be in the nature of assumpsit, the plaintiff's

"primary objective must be to obtain monetary relief for breach of contract." *Kahala*

*Royal Corp. v. Goodsil Anderson Quinn & Stifel*, 113 Haw. 251, 280, 151 P.3d 732,

761 (2007). The Ninth Circuit "requires an evaluation of the nature of each claim

when determining whether an action is in the nature of assumpsit." *BlueEarth*

*Biofuels, LLC v. Hawaiian Elec. Co.*, No. CIVIL 09-00181 LEK-KSC, 2015 U.S.

Dist. LEXIS 24374, at *7 (D. Haw. Feb. 27, 2015)

In a suit with mixed claims, the existence of contract claims may result

in a finding that the action is in the nature of assumpsit unless those "contract claims

are merely decorative . . . and not germane to the genuine dispute being litigated."

*Kona Enterprises, Inc.*, 229 F.3d at 884. When there is doubt as to the nature of the

suit, the presumption is that it sounds in assumpsit. *See Healy-Tibbitts Const. Co. v.*

*Hawaiian Indep. Refinery, Inc.*, 673 F.2d 284, 286 (9th Cir. 1982). The party

opposing the request for fees under HRS § 607-14 has the burden of showing that

"all claims" alleged are not in the nature of assumpsit. *Kona Enterprises, Inc.*, 229

F.3d at 885 (citation omitted).

Here, Counts I and II, breach of oral and implied salvage contract, are

clearly in the nature of assumpsit under HRS § 607-14. *See 808 Dev., LLC v.*

7

*Murakami*, 111 Hawaii 349, 366, 141 P.3d 966, 1013 (2016); *Blair v. Ing*, 96 Haw. 327, 332, 31 P.3d 184, 189 (2001).

Similarly, Count III, quantum meruit,[4] is an equitable claim in the nature of assumpsit. *See Porter v. Hu*, 116 Hawaii 42, 66, 169 P.3d 994, 1018 (Haw. Ct. App. 2007) (explaining that an unjust enrichment claim constitutes "an equity action within the realm of assumpsit."); *see also Hong v. Kong*, 5 Haw. App. 174, 683 P.2d 833 (1984) (holding that a claim for rescission and restitution was an action in the nature of assumpsit arising from a promise implied by law to prevent unjust enrichment).

Although Count IV, pure salvage, is not in the nature of assumpsit,[5] the factual allegations in GMM's First Amended Complaint ("FAC") show that the substance, or gravamen, of the entire grievance between the parties is the alleged breach of the oral/implied salvage contract. *See generally* ECF No. 77; *Kona Enterprises, Inc.*, 229 F.3d at 884. Moreover, GMM's primary objective in bringing

---

[4] The Court explained that "the basis of recovery on quantum meruit is that a party has received a benefit from another which is unjust for him to retain without paying therefor." ECF No. 283 at 31 (quoting *Hawaii Ventures, LLC, v. Otaka, Inc.*, 114 Hawaii 438, 134 P.3d 696, 742 (2002). The Court also relied on *Durette v. Aloha Plastic Recycling, Inc.*, 105 Haw. 490, 504, 100 P.3d 60, 74 (2004) (stating that to prove a claim for unjust enrichment a plaintiff must only establish that she conferred a benefit upon the opposing party and retention would be unjust). ECF No. 283 at 31.

[5] "Compensation as salvage is not viewed by the admiralty courts merely as pay, on the principle of a quantum meruit, or as a remuneration PRO OPERE ET LABORE, but as a reward given for perilous services, voluntarily rendered, and as an inducement to seamen and others to embark in such undertakings to save life and property." *Blackwall*, 77 U.S. 1, 14, (1869).

its claims against Alfouadi was to obtain monetary relief for Alfouadi's alleged breach of the oral/implied salvage contract, and attorneys' fees and costs. *See* FAC, ECF No. 77 at ¶¶ 16-17; 21-22; p. 17 at ¶ C; *Helfand v. Gerson*, 105 F.3d 530, 537 (9th Cir. 1997) ("[A] plaintiff's prayer for attorney fees is a significant indication that the action is in assumpsit.")

Further, Count IV necessarily required the resolution of Counts I and II. To prevail on its pure salvage claim, *inter alia*, GMM needed to establish, by a preponderance of the evidence, that its actions were voluntary—"that is, [GMM] must be under no official or legal duty to render the assistance." ECF No. 283 at 37-38 (citing *Bay & Delta Tractor Tug Co. v. Barge Pac. Trader*, 1997 WL 797935, at *1 (N.D. Cal. Dec. 16, 1997), quoting *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985), *superseded by statute on other grounds*)). "There are two types of salvage claims: (1) 'pure' salvage claims, where salvage services are rendered without any prior agreement; and (2) 'contract' salvage claims pursuant to a contract." *Demarest v. Alfouadi*, No. 22-00064 JAO-KJM, 2024 LX 108784, at *29 (D. Haw. June 6, 2024) (citing *Tug Blarney, LLC v. Ridge Contracting, Inc.*, 14 F. Supp. 3d 1255, 1266 (D. Alaska 2014)). A salvage contract precludes the salvor's right to pure salvage. *Id.* (citing *Evanow v. M/V Neptune*, 163 F.3d 1108, 1115 (9th Cir. 1998) ("The existence of a salvage contract is typically

9

raised as a defense to a pure salvage claim in order to escape the application of the more generous pure salvage award rule.")).

As such, Counts I and II, breach of oral/implied salvage contract, were not merely "decorative" in nature, but were "germane" to the genuine dispute litigated between GMM and Alfouadi because GMM's Count IV, pure salvage, turned on the resolution of Counts I and II. *See Kona Enterprises, Inc.*, 229 F.3d at 884. Accordingly, the Court should find that this action is in the nature of assumpsit for purposes of HRS § 607-14.

## C.    **Apportionment Is Impracticable**

"A court awarding attorneys' fees pursuant to § 607-14 must apportion the fees claimed between assumpsit and non-assumpsit claims, if practicable." *Au v. Republic State Mortg. Co.*, No. CIV.11-00251 JMS, 2014 WL 770291, at *3 (D. Haw. Feb. 14, 2014) (citing *Blair*, 6 Haw. at 332, 31 P.3d at 189). "However, if apportionment would be impracticable because the various claims are inextricably linked to the breach of contract, then the Court may decline to apportion attorneys' fees between the claims." *Bruser v. Bank of Haw.*, No. CV 14-00387 LEK-RLP, 2017 WL 1534189, at *5 (D. Haw. Apr. 27, 2017).

Here, judgment was entered in favor of Alfouadi on all Counts in GMM's FAC. ECF No. 283 at 2. As noted above, Count IV, the only non-assumpsit claim, required resolution of the salvage contract dispute. Therefore, the Court

10

should find that apportioning Count IV is impracticable because it is inextricably linked to the breach of oral/implied salvage contract claims in Counts I and II. *See Bruser*, 2017 WL 1534189, at \*5; *Blair*, 96 Haw. at 333, 31 P.3d at 190.

### D.    Alfouadi Is The Prevailing Party

HRS § 607-14 states that reasonable attorneys' fees shall be taxed in favor of the "prevailing party" in assumpsit actions. *Id.*; *Au v. Funding Grp., Inc.*, 933 F. Supp. 2d 1264, 1270 (D. Haw. 2013). "In determining which party is the prevailing party in complex litigation, Hawaiian courts focus on which party prevailed on the 'disputed main issue.'" *In re Hoopai*, 581 F.3d 1090, 1102 (9th Cir. 2009) (citing *Food Pantry, Ltd. v. Waikiki Bus. Plaza, Inc.*, 58 Haw. 606, 620, 575 P.2d 869, 879 (1978)). "The 'disputed main issue,' in turn, is identified by looking to the 'principal issues raised by the pleadings and proof in a particular case.'" *Id.* (citing *Fought & Co. v. Steel Eng'g & Erection, Inc.*, 87 Haw. 37, 53, 951 P.2d 487, 502-503 (1998)). "Thus, the 'prevailing party' is the party that succeeds on the issue or issues that are (1) the 'principal' issues raised in the litigation and (2) disputed by the parties.'" *Id.*

As previously established, it is clear that Alfouadi is the prevailing party because judgment was entered in his favor as to all of GMM's claims against him. *See* ECF No. 283 at 2; *Au*, 933 F. Supp. 2d at 1270 (citing *MFD Partners v. Murphy*, 9 Haw. App. 509, 514, 850 P.2d 713, 716 (1992) (stating "a party in whose

11

favor judgment is rendered by the district court is the prevailing party in that court.")).  Therefore, Alfouadi is the "prevailing party" for purposes of HRS § 607-14.

### E.    Alfouadi's Attorneys' Fees Were Reasonably Incurred

Alfouadi requests his reasonable attorneys' fees, in the amount of $31,602.69, for work performed by counsel in litigating this matter beginning on July 13, 2023.  *See* Exhibit C at 2.  HRS § 607-14 requires that the Court determine the  reasonableness of the fees requested. *See id.*  An award of reasonable attorneys' fees is generally based on the traditional "lodestar" calculation set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  *See Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). A reasonable fee is determined by multiplying (1) "the number of hours reasonably expended on the litigation" by (2) "a reasonable hourly rate." *Hensley*, 461 U.S. at 433-34.

#### 1.    Attorneys' Rates Are Reasonable

A reasonable hourly rate is determined by assessing the prevailing market rate in the relevant community for similar work performed by attorneys of comparable skill, experience, and reputation. *See Roberts v. City of Honolulu*, 938 F.3d 1020, 1024-25 (9th Cir. 2019). The relevant community is the forum in which the district court sits. *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (citing *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)). The Court may also rely on its

12

own knowledge and experience in determining a reasonable hourly rate. *See Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (holding district court did not abuse its discretion by relying on its own knowledge and experience to determine reasonable hourly rate for attorney fees).

The lodestar calculations for each attorney that worked on this litigation are as follows:

| MYHRE & STORM | | | | |
|---|---|---|---|---|
| **Attorney** | **Position** | **Hours Billed[6]** | **Hourly Rate** | **Total Billed** |
| James V. Myhre | Partner | 412.9 | $175.00 | $72,257.50 |
| Brent K. Wilson | Partner | 956.4 | $175.00 | $167,300.00 |
| **TOTAL** | | **1369.3** | | **$239,627.50[7]** |

Alfouadi's attorneys have nearly fifty years of combined insurance defense experience, skills, and reputation in the local legal community. *See* Myhre Decl. at ¶¶ 8-11.  As an award of attorneys' fees is determined by the prevailing rates of attorneys practicing in the relevant market, the rates for Alfouadi's attorneys are compared to the actual billing rates of other comparable attorneys in the local community.  *See* Exhibit D; *see also Gates v. Deukmejian,* 987 F.2d 1392, 1405 (9th Cir. 1992); *see also Matter of Arb. Between United Public Workers and Dep't of Transp.,* 487 P.3d 302, 308 (Haw. 2021) ("[A]n award of reasonable attorneys' fees

---

[6] *See* Exhibits A through C.
[7] This amount does not include Hawaii General Excise Tax.

to the State would be calculated based on the prevailing market rates in the community.").  As shown in Exhibit D, the rates charged by Alfouadi's attorneys—to be clear, discounted insurance defense rates—are considerably lower than the rates approved by this Court for other local attorneys with less experience.  *See id.*  Thus, Alfouadi contends that his attorneys' rates are reasonable.

### 2.    Attorneys' Hours Were Reasonably Expended

"The Court must also determine whether the hours of work performed were reasonably necessary to achieve the results obtained." *Privratsky v. Liberty Mutual Fire Ins. Co.,* 2025 WL 2144853, at *8 (D. Haw. Feb. 14, 2025). The prevailing party has the burden of submitting documentation of "the appropriate hours expended in the litigation . . . and evidence in support of those hours worked." *Seven Signatures Gen. P'ship v. Irongate Azrep BW LLC,* 871 F.Supp.2d 1040, at 1054-55; *see also Smothers v. Renander,* 633 P.2d 556, 563 (Haw. Ct. App. 1981). The losing party "then has the burden of rebuttal that requires submission of evidence challenging the accuracy and reasonableness of the hours charged or the facts asserted by the fee applicant in the affidavits." *Irongate,* 871 F.Supp.2d at 1055 (citing *Gates v. Deukmejian,* 987 1392, 1397-98 (9th Cir. 1992)). The Court can deduct requested hours or time that it determines "excessive, redundant, or otherwise unnecessary." *Gates,* 987 F.2d at 1397.

14

This action, brought in admiralty, presented both contract and equitable issues invoking the application of state and federal maritime law. Given the years of hotly contested litigation, extensive dispositive motions practice, the deemed admissions and related motions practice, discovery, former plaintiff David Demarest's voluntary dismissal of his individual claims against Alfouadi with prejudice, Demarest/GMM's withdrawal and substitution of counsel, two trial continuances, and a bench trial, the hours expended by Alfouadi's counsel were reasonable to defend Alfouadi and obtain a final judgment on the merits in his favor as to all Counts.

Moreover, GMM has not objected to any of the specific hours or tasks of Alfouadi's attorneys.  *See* Exhibits A and E.

### F.     Alfouadi Is Entitled To Attorneys' Fees Equal To 25% Of GMM's Requested Damages

Under HRS § 607-14, the Court shall not award fees in excess of twenty-five (25) percent of the judgment.  Since Alfouadi is the undisputed prevailing party, the amount on which fees are assessed is the amount sued. *Rodrigues v. Chan,* 705 P.2d 67 (Haw. Ct. App. 1985). Therefore, this Court's award of Alfouadi's attorneys' fees cannot exceed twenty-five (25) percent of the amount that GMM sued for.  *Id.*

GMM's FAC did not state the dollar amount of damages sought against Alfouadi.  *See generally* ECF No. 77.  GMM's Final Pretrial Statement, however,

states "[p]laintiff seeks reasonable compensation for its labor and supplies expended pursuant to its contract with Defendant or otherwise for the benefit of Defendant, in the amount of $133,322.76, plus interest, attorney fees, and costs of court."  ECF No. 196 at 3.

On April 6, 2026, the parties met-and-conferred regarding Alfouadi's Fee Motion and the supporting documents for same previously forwarded to GMM for review.  GMM requested that Alfouadi reduce the amount of the claim upon which his fees were based by $6,849.51. This amount represented a truck depreciation claim that was ultimately abandoned by GMM just before trial, but was originally part of the damages sought by GMM against Alfouadi.  *See* Myhre Decl. at ¶¶ 21-30

On April 8, 2026, Alfouadi agreed to GMM's requested reduction and the parties agreed that: 1) the total GMM claim amount upon which Alfouadi's attorneys' fees Motion would be based was $126,410.75;[8] and 2) Alfouadi would proceed with filing his Fee Motion for $31,602.69 (25% of $126,410.75) without objection by GMM.  *See* Myhre Decl. at ¶¶ 21-30.  GMM does not object to the amount of attorneys' fees or the documentation supporting same.  *See* Exhibits A and E.

---

[8] This amount is also stated in GMM's Closing Arguments, ECF No. 272 at 20.

16

IV.    **CONCLUSION**

As set forth herein, Alfouadi's reasonable attorneys' fees far exceed the 25% statutory maximum of $31,602.69. Accordingly, with no objection from GMM as to either the amount of attorneys' fees sought by Alfouadi or the supporting documentation thereto, and having established that GMM's action was in the nature of assumpsit and Alfouadi's attorneys' fees were reasonably incurred, Alfouadi respectfully requests that the Court grant his Motion and award him attorneys' fees, up to the statutory maximum, in the amount of $31,602.69.

DATED:  Honolulu, Hawaii, April 24, 2026.

/s/ Brent K. Wilson
JAMES V. MYHRE
BRENT K. WILSON
Attorneys for Defendant
RAIED J. ALFOUADI

17