IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAVID DEMAREST and GREEN MOUNTAIN MYCOSYSTEMS LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> RAIED J. ALFOUADI; UNNAMED SAILING VESSEL in rem, Hull No. HA 6874 H; DOE DEFENDANTS 1-20; DOE CORPORATIONS 1-20; DOE GOVERNMENT AGENCIES 1-20; DOE PARTNERSHIPS 1-20, <br><br> Defendants. | CASE NO. 22-CV-00064-JAO-KJM <br> (In Admiralty) <br><br> DECLARATION OF JAMES V. MYHRE |

## DECLARATION OF JAMES V. MYHRE

| | | |
|---|---|---|
| STATE OF HAWAII | ) | |
| | ) | SS: |
| CITY & COUNTY OF HONOLULU | ) | |

JAMES V. MYHRE, being duly sworn on oath, hereby deposes and says:

1.    I am an attorney with the law firm Myhre & Storm ("M&S"), am licensed to practice law before all Courts in the State of Hawaii, and am one of the attorneys representing Defendant RAIED J. ALFOUADI ("Alfouadi") in the above-entitled matter.

2.    I make this Declaration based on my own personal knowledge, unless

otherwise, indicated, and am competent to testify as to the facts set forth herein.

3.      This Declaration is made in support of Alfouadi's Motion For Attorneys' Fees.

4.      M&S was retained by State Farm Fire And Casualty Company ("State Farm") to represent its insured, Alfouadi, in the above-referenced matter, beginning July 13, 2023.

5.      Pursuant to Local Rule ("L.R.") 54.2(f)(2)-(4), I have submitted a true and correct copy of the itemization of work performed and expenses incurred by M&S in this action.

6.      I reviewed the time entries and charges for the attorneys' fees incurred by M&S in this action.

7.      I am the lead counsel at my firm responsible for handling this matter, and I am familiar with all the files and proceedings in this case. As lead counsel, I directed all or oversaw all aspects of M&S's work on this case, including reviewing and overseeing filings and submissions in this matter, preparing and revising correspondence to Alfouadi; supervising client communications; and developing litigation strategy.

8.      I received my J.D. from Florida State University and was admitted to the Hawaii Bar in 1989.  I am a director and shareholder for M&S, and have practiced law in Hawaii for 37 years in insurance defense, and have represented

hundreds of clients in bench trials, jury trials, and hundreds of CAAP and private binding arbitrations.

9. My regular hourly billing rate for most insurance carriers is $225.00 - $275.00. Non-insurance rates are higher.

10. In this action, the "partner" hourly rate charged to State Farm for M&S' work was $175.00.

11. I was assisted in this case by Brent K. Wilson, Esq., who served as second-chair counsel for Alfouadi. Mr. Wilson obtained his J.D. from the William S. Richardson School of Law at the University of Hawaii at Manoa and was admitted to the Hawaii Bar in 2016. Prior to joining M&S, Mr. Wilson worked as in-house counsel for Government Employees Insurance Company ("GEICO"), and prior to GEICO, was a litigation associate at Lung Rose Voss & Wagnild. As of the filing of the instant Motion, Mr. Wilson has nearly ten [10] years of practicing complex commercial and insurance defense litigation, among others, in both state and federal trial courts, CAAP arbitrations, and administrative hearings, and has represented hundreds of clients in insurance defense matters. On this case, Mr. Wilson oversaw all aspects of M&S's efforts, including but not limited to, drafting the pleadings and other filings and briefs, motions practice, conducting legal research and discovery, supervising client communications, and developing and implementing litigation strategy.

12.    Mr. Wilson's billing rate for most insurance carriers is in the range of $225.00 - $275.00 per hour.  Non-insurance rates are higher.

13.    With respect to fees incurred, Mr. Wilson and myself were not assisted by any other individual in this matter.

14.    I have reviewed the fees for services rendered by M&S in this action and affirm to the best of my knowledge that they are accurate. The fees are based upon timesheet entries made by Mr. Wilson and myself, identified accordingly in the invoices, in the course of regularly conducted business activities, at or near the time of the acts, events, conditions, or opinions described therein.

15.    The attorneys' fees are reasonable and were necessarily incurred in this action in prevailing against the claims asserted by GMM. They are based upon work ordinarily, and actually, performed by licensed attorneys, including but not limited to:  researching the factual background of the claims and defenses in this action; researching the relevant maritime and state laws governing this action; the drafting of pleadings, discovery, and dispositive motions; attending and conducting depositions; and preparing for and conducting trial.

16.    "Exhibit C," attached hereto, is a true and correct redacted copy of the itemization of fees, reflecting and describing the services rendered and attorneys' fees incurred for work performed in connection with this action.  The total amount of fees is calculated by multiplying the billed hours by the relevant hourly rate.

4

17.    On March 11, 2026, the Court found in favor of Alfouadi, and against GMM, as to all Counts. *See generally* ECF No. 283. The Clerk's Judgment was also entered on March 11, 2026 ("Final Judgment"). ECF No. 284.

18.    On March 25, 2026, pursuant to LR 54.2(d)(2), Alfouadi forwarded to GMM redacted copies of Alfouadi's invoices and supporting documents for legal services, a summary of the individual attorneys' hours and hourly rates, and evidence that Alfouadi intended to rely on to establish appropriate hourly rates being claimed in his Fee Motion.

19.    Alfouadi originally sought an award of attorneys' fees in the amount of $33,330.69 (25% of GMM's alleged $133,322.76 in damages) pursuant to HRS § 607-14.

20.    GMM had 14 days after receipt of the attorneys' fee information—by April 8, 2026—to disclose any evidence they might use to oppose the fee request pursuant to LR 54.2(d)(5).

21.    On April 6, 2026, the parties met-and-conferred regarding Alfouadi's Bill of Costs, in addition to, his Fee Motion and the supporting documents for same previously forwarded to GMM for review.

22.    At the April 6, 2026 conference, GMM requested that Alfouadi reduce the amount of the claim upon which his fees were based by $6,849.51.

23.    This amount represented a truck depreciation claim that was ultimately

5

abandoned by GMM just before trial, but was originally part of the original damages sought by GMM against Alfouadi.

24.    GMM further represented that if Alfouadi would make the requested reduction, then GMM would not object to the instant Motion.

25.    The parties also agreed that the 4/6/25 video conference to discuss the Bill of Costs and Fee Motion satisfied the meet-and-confer requirements under LR 7.8, 54.1, and 54.2.

26.    On April 8, 2026, Alfouadi agreed to GMM's requested reduction.

27.    As such, the total GMM claim amount upon which Alfouadi's Fee Motion would be based is $126,410.75.

28.    Accordingly, Alfouadi advised that he would proceed with filing his Fee Motion, in accordance with LR 54.2(f), for $31,602.69 (25% of $126,410.75).

29.    Alfouadi requested that GMM confirm its agreement, with respect to the new totals and re-confirm its previous no-objection to the Fee Motion, given the reduction.

30.    GMM responded ". . . . Agreed." on April 9, 2026.

31.    With no objection by GMM to the Fee Motion, or matters remaining in dispute, it was mutually agreed by and between the parties that compliance with LR 54.2(e) (joint statement) was no longer required.  *See* LR 54.2(e) (requiring a joint statement "[i]f *any matters remain in dispute* after the above steps [set forth in LR.

6

54.2(d)] are taken . . . .").

32.     To date, no objections or opposition have been received from GMM regarding Alfouadi's requested attorneys' fees, rates, or hours.

33.     In accordance with 28 U.S.C. § 1746, I, James V. Myhre, do declare under the penalty of perjury that the foregoing is true and correct to the best of my personal knowledge and belief.

FURTHER AFFIANT SAYETH NAUGHT.

DATED:  Honolulu, Hawaii, April 24, 2026.

/s/ James V Myhre
JAMES V. MYHRE