# EXHIBIT "A"

**Brent Wilson**

---

| | |
|---|---|
| **From:** | Glenn Katon <gkaton@katon.law> |
| **Sent:** | Thursday, April 9, 2026 12:00 AM |
| **To:** | Brent Wilson |
| **Cc:** | Ryan M. Toyomura; Jim Myhre |
| **Subject:** | Re: Demarest v. Alfouadi; Defendant's Fee Motion |

Hi, Brent. Agreed.

Glenn Katon
KATON.LAW
385 Grand Ave., Ste 200
Oakland, CA 94610
(510) 463-3350

*The information transmitted is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. If you are not the intended recipient you are hereby notified that any use, review, retransmission, dissemination, distribution, reproduction or any action taken in reliance upon this message is prohibited. If you received this in error, please contact the sender and delete the material from any computer.*

On Wed, Apr 8, 2026, 4:56 PM Brent Wilson <bwilson@mtmhawaiilaw.com> wrote:

Glenn and Ryan:

Circling back on Defendant's Fee Motion, and in response to your 4/6/26 email, Defendant agrees to reduce the amount of GMM's claim by $6,849.51 (truck depreciation). Thus, the total GMM claim amount upon which Defendant's fee motion will be based, pursuant to the authorities below, is $126,410.75 (this is the amount shown on our revised trial Ex. 264).

As such, we will proceed with filing Defendant's fee motion, in accordance with LR 54.2(f), for $31,602.69 (25% of $126,410.75). Based on Glenn's 4/6 email, it is our understanding that GMM will not object to the fee motion given the above reduction. Please confirm.

We previously agreed that the 4/6 video conference between the parties to discuss the Bill of Costs and fee motion satisfied the meet-and-confer requirements under LR 7.8, 54.1, and 54.2. With no apparent objection by GMM to the fee motion at this time, compliance with LR 54.2(e) (joint statement) is no longer required. Therefore, for purposes of the fee motion, there appears to be no further procedural and/or evidentiary matters in dispute. Please advise if GMM maintains otherwise.

1

# EXHIBIT A

Thank you.


Brent




Brent K. Wilson, Esq.
Myhre & Storm, AAL, ALC
1003 Bishop Street, Suite 1290 | Honolulu, HI 96813
Tel: 808.524.2466 | Fax: 808.524.2556 | Direct: 808.469.4862



CONFIDENTIALITY NOTICE: The information contained in this e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, and have received this communication in error, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.







**From:** Brent Wilson
**Sent:** Wednesday, March 25, 2026 2:06 PM
**To:** Glenn Katon <gkaton@katon.law>
**Cc:** Ryan M. Toyomura <rtoyomura@awlaw.com>; Jim Myhre <jmyhre@mtmhawaiilaw.com>
**Subject:** RE: Demarest v. Alfouadi
**Importance:** High



Glenn,

Pursuant to LR 54.2(d), please find the attached summary, time and work records upon which our fee motion will be based.  Our client seeks an award of attorneys' fees in the amount of $33,330.69 (25% of GMM's alleged $133,322.76 in damages) under HRS 607-14, FRCP 54(d).

2

The records will show that the hourly rate in this matter for both Jim (Partner, 30+ yrs. experience) and myself (Partner, 10 yrs. experience), is $175.00.  Our position is that the rate is *per se* reasonable.  Attached also is a table of rates awarded to attorneys by the Hawaii USDC supporting our position. All of the work was performed by Jim and myself.  There are no hours for any other person.

Total hours were 1369 through January of 2026.  The attached also includes a table summary of the breakdown of hours between Jim and I, per invoice number, with the corresponding pages (page numbers of the pdf file) for each invoice provided for easier reference.  You will also find the detailed descriptions of the work done (redacted accordingly) in the invoices.

The demand for attorneys' fees, $33,330.69, at $175 per hour, equates to approximately 190.5 hours— about 14% of the total hours billed.  Our position is that the records show the number of hours reasonably expended in this matter <u>far</u> exceeds 190.5, but for purposes of the fee motion, is equal to or greater than 190.5 hours. Please advise whether your client objects.  If so, then we will specify the hours for which compensation will and will not be sought.

Per LR 54.2(d)(5), please advise as to any objections, and basis for same, by/before April 1, 2026. All information attached hereto and discussed by the parties shall be treated as strictly confidential  and shall be used solely for purposes of litigating the fee motion, in accordance with the applicable Local Rules.

Thanks,

Brent


Brent K. Wilson, Esq.
Myhre & Storm, AAL, ALC
<u>1003 Bishop Street, Suite 1290 | Honolulu, HI 96813</u>
Tel: 808.524.2466 | Fax: 808.524.2556 | Direct: 808.469.4862


CONFIDENTIALITY NOTICE: The information contained in this e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, and have received this communication in error, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.