IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GREEN MOUNTAIN MYCOSYSTEMS LLC, | ) ) ) | Civil No. 22-00064 JAO-KJM |
| | ) | FINDINGS AND |
| Plaintiff, | ) | RECOMMENDATION TO GRANT |
| | ) | DEFENDANT RAIED J. |
| vs. | ) | ALFOUADI'S MOTION FOR |
| | ) | ATTORNEYS' FEES |
| RAIED J. ALFOUADI, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO GRANT
DEFENDANT RAIED J. ALFOUADI'S MOTION FOR ATTORNEYS' FEES

On April 24, 2026, Defendant Raied J. Alfouadi ("Alfouadi") filed a Motion

for Attorneys' Fees ("Motion"). ECF No. 293. Plaintiff Green Mountain

Mycosystems LLC ("GMM") did not file an opposition or otherwise respond to the

Motion.

The Court finds this matter suitable for disposition without a hearing

pursuant to Rule 54.2(g) of the Local Rules of Practice for the United States

District Court for the District of Hawaii. After carefully considering the Motion,

applicable law, and the record in this case, the Court FINDS AND

RECOMMENDS that the district court GRANT the Motion for the reasons set

forth below.

## BACKGROUND

During a storm in January 2022, Alfouadi's sailboat came loose from its mooring and ran aground at Mala Wharf in Lahaina, Maui. ECF No. 283 at 1. In February 2022, former plaintiff David Demarest ("Demarest") and GMM filed this admiralty case seeking compensation for work allegedly performed to salvage the sailboat. *Id.* With the district court's approval, Demarest voluntarily dismissed his claims due to lack of standing. ECF Nos. 154, 157.

GMM asserted four claims against Alfouadi for breach of oral contract (Count I), breach of implied contract (Count II), quantum meruit (Count III), and maritime pure salvage award (Count IV). *See generally* ECF No. 77. The district court held a four-day bench trial in this matter from October 20 to 23, 2025. ECF No. 283 at 1. On March 11, 2026, the district court issued its Findings of Fact and Conclusions of Law ("FOFCOL"). ECF No. 283. Therein, the Court found in favor of Alfouadi and against GMM on all counts. *Id.* at 2. That same day, the Clerk of Court entered judgment pursuant to the FOFCOL. ECF No. 284.

On April 24, 2026, Alfouadi filed the Motion. ECF No. 293. On May 11, 2026, GMM filed a Notice of Appeal. ECF No. 294.

## DISCUSSION

Alfouadi asserts that he is the prevailing party and is entitled to $31,602.69 in attorneys' fees pursuant to Hawaii Revised Statutes ("HRS") § 607-14.

2

As an initial matter, the Court addresses whether it can decide the Motion while GMM's appeal is pending before the Ninth Circuit.  Federal Rule of Civil Procedure 54 allows courts to decide motions for attorneys' fees once a judgment is entered.  Fed. R. Civ. P. 54(d).  The rule provides a court with three options for handling such motion when a party appeals a judgment on the merits:  (1) rule on the motion; (2) defer until the appeal is final; or (3) dismiss the motion without prejudice.  Fed. R. Civ. P. 54(d) advisory committee's note to 1993 amendment.  The Ninth Circuit has held that "an appeal from the merits does not foreclose an award of attorneys' fees by the district court."  *Masalosalo by Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 956 (9th Cir. 1983).  The Court thus finds that it can resolve the Motion despite GMM's appeal.

HRS § 607-14 requires a court to award attorneys' fees to the prevailing party in certain contract actions.  In deciding whether Alfouadi is entitled to attorneys' fees, the Court must determine whether:  (1) the action is in the nature of assumpsit; (2) Alfouadi is the prevailing party; (3) the requested fees are reasonable; and (4) the requested fees do not exceed 25% of the judgment.  *Sheehan v. Centex Homes*, 853 F. Supp. 2d 1031, 1038 (D. Haw. 2011).  The Court discusses each in turn below.

I.      This Action Is In the Nature of Assumpsit

The Court has reviewed GMM's claims and finds that the claims for breach

3

of oral and implied contract (Counts I and II) and quantum meruit (Count III) are in the nature of assumpsit. *See Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 884 (9th Cir. 2000) ("It is well settled under Hawai'i law that an action in the nature of assumpsit includes all possible contract claims." (internal quotation marks omitted) (quoting *Leslie v. Estate of Tavares,* 93 Haw. 1, 994 P.2d 1047, 1051 (2000)); *Porter v. Hu*, 116 Haw. 42, 66, 169 P.3d 994, 1018 (Ct. App. 2007) (explaining that an unjust enrichment claim constitutes "an equity action within the realm of assumpsit").

In addition, when determining whether an action is in the nature of assumpsit, "[a] court awarding attorneys' fees pursuant to [HRS] § 607-14 must apportion the fees claimed between assumpsit and non-assumpsit claims, if practicable." *Au v. Republic State Mortg. Co.*, Civ. No. 11-00251 JMS-KSC, 2014 WL 770291, at *3 (D. Haw. Feb. 25, 2014) (citing *Blair v. Ing,* 96 Haw. 327, 332, 31 P.3d 184, 189 (2001)). If apportionment would be "impracticable" because the claims are "inextricably linked to the breach of contract," then the court may decline to apportion attorneys' fees between the claims. *Bruser v. Bank of Hawaii*, CIVIL NO. 14-00387 LEK-RLP, 2017 WL 1534189, at *5 (D. Haw. Apr. 27, 2017) (citations omitted); *Blair*, 96 Haw. at 333, 31 P.3d at 190 ("Because the negligence claim in this case was derived from the alleged implied contract and was inextricably linked to the implied contract claim by virtue of the malpractice

4

suit, we hold that it is impracticable, if not impossible, to apportion the fees between the assumpsit and the non-assumpsit claims."). The Court agrees with Alfouadi that this claim is inextricably linked to the breach of contract claims and apportionment would be impracticable. The Court thus declines to apportion fees between the claims. *Bruser*, 2017 WL 1534189, at *5; *Blair*, 96 Haw. at 333, 31 P.3d at 190.

## II.    Alfouadi Is the Prevailing Party

The Court finds that Alfouadi is the prevailing party. *See Au v. Funding Grp., Inc.*, 933 F. Supp. 2d 1264, 1270 (D. Haw. 2013) (citing *MFD Partners v. Murphy*, 9 Haw. App. 509, 514, 850 P.2d 713, 716 (1992) (stating that Hawaii courts have noted that "a party in whose favor judgment is rendered by the district court is the prevailing party in that court")). In addition, GMM does not dispute that Alfouadi is the prevailing party.

## III.    The Requested Fees Are Reasonable

Although the Motion states that GMM does not object to the requested attorneys' fees, the Court must still assess reasonableness. The Court has reviewed the declarations of counsel and the time entries in Exhibits B and C. ECF Nos. 293-2, 293-3, 293-5, 293-6. The Court finds that the requested fees are patently reasonable given the claims at issue and the favorable result obtained for Alfouadi. The Court thus declines to reduce the award.

IV.   The Requested Fees Do Not Exceed the Statutory Limit Under
      HRS § 607-14

HRS § 607-14 limits the amount of fees awarded to a prevailing party to 25% of "the amount sued for if the defendant obtains judgment."  HRS § 607-14. The Motion states that the parties agreed that the total amount on which the Motion would be based was $126,410.75 and that Alfouadi would request an award of attorneys' fees for 25% of this amount, $31,602.69.  ECF No. 293-1 at 22 (citing ECF No. 292-2 at 5–6 ¶¶ 21–30).  The Court thus finds that the requested award does not exceed the statutory limit pursuant to HRS § 607-14 and declines to reduce the award.

## CONCLUSION

Based on the foregoing, and the lack of opposition from GMM, the Court FINDS AND RECOMMENDS that the district court GRANT Defendant Raied J. Alfouadi's Motion for Attorneys' Fees (ECF No. 293) and AWARD Alfouadi his reasonable attorneys' fees in the amount of $31,602.69.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, May 15, 2026.



Kenneth J. Mansfield
United States Magistrate Judge

*Green Mountain Mycosystems LLC v. Alfouadi*, Civil No. 22-00064 JAO-KJM; Findings and Recommendation to Grant Defendant Raied J. Alfouadi's Motion for Attorneys' Fees