TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................1

II.   FACTS ...................................................................................................3

III.  DISCUSSION........................................................................................4

   A.  The Court Should Issue an Indicative Ruling That it Will Grant
       GMM's Rule 60(b) Motion to Vacate the Order Granting
       Extension of Time and Grant the Pending Motion
       for Extension of Time...........................................................................4

       i.    This Motion is made within a reasonable time. .........................7

       ii.   GMM is entitled to relief based upon the Magistrate's
             mistake in granting the Motion for Extension of Time...............9

       iii.  In the alternative, GMM is entitled to relief for "excusable
             neglect" under Rule 60(b)(1). ...................................................10

       iv.   In the alternative, GMM is entitled to relief under Rule
             60(b)(6). ....................................................................................15

   B.  The Court Should Issue an Indicative Ruling that it Will Grant
       Plaintiff's Motion for Extension of Time to File Notice of
       Appeal if the Ninth Circuit Remands or Dismisses for Lack of
       Jurisdiction. ......................................................................................17

IV.   CONCLUSION....................................................................................18

5134919.9

## TABLE OF AUTHORITIES

PAGE(S)

CASES

*AHANCHIAN V. XENON PICTURES, INC.*,
  624 F.3D 1253 (9TH CIR. 2010) .................................................................... 5

*ANGELES V. CNTY. OF LOS ANGELES*,
  NO. CV 23-0875-FMO (MARX), 2025 WL 2019939
  (C.D. CAL. JAN. 14, 2025) .......................................................................... 15

*BATEMAN V. U.S. POSTAL SERV.*,
  231 F.3D 1220 (9TH CIR. 2000) ............................................................. 11, 15

*BRIONES V. RIVIERA HOTEL & CASINO*,
  116 F.3D 379 (9TH CIR. 1997) .................................................................... 10

*BROWN V. ARIAS*,
  NO. 23-CV-0778-BAS-DDL, 2024 WL 3261197 (S.D. CAL. JULY 1, 2024).. 12

*BYNOE V. BACA*,
  966 F.3D 972 (9TH CIR. 2020) .................................................................... 16

*ERUM V. CNTY. OF KAUAI*, NO. CIV.08-00113SOM-BMK,
  2008 WL 2598138, AT *3 (D. HAW. JUNE 30, 2008) ..................................... 13

*GARCIA V. COSTCO WHOLESALE CORP.*,
  NO. 24-1485, 2025 WL 1467423 (9TH CIR. MAY 22, 2025) ............................ 8

*GILA RIVER RANCH, INC. V. UNITED STATES*,
  368 F.2D 354 (9TH CIR. 1966) ...................................................................... 7

*GONSALVES V. ALM*, NO. 1:25-CV-00053-SASP-,
  WRP, 2025 WL 2182693 (D. HAW. JUNE 26, 2025) ........................................ 7

*GUDINO V. MANNING*, NO. 2:21-CV-03387-MCS-MAR,
  2024 WL 4749217 (C.D. CAL. JUNE 26, 2024) ......................................... 12, 13

*IN MATTER OF J.G. V. DEP'T OF EDUC.*, NO. CV 11-00523
  DKW-BMK, 2014 WL 10520482 (D. HAW. AUG. 27, 2014) ........................... 18

*KEMP V. UNITED STATES*,
  596 U.S. 528, 142 S. CT. 1856, 213 L. ED. 2D 90 (2022) ............................ 6, 10

*KINGVISION PAY-PER-VIEW LTD. V. LAKE ALICE BAR*,
  168 F.3D 347 (9TH CIR. 1999) ................................................................. 7, 10

*LEMOGE V. UNITED STATES*,
  587 F.3D 1188 (9TH CIR. 2009) ...................................................... 8, 9, 11, 12

*MCDOWELL V. CALDERON*,
  197 F.3D 1253 (9TH CIR. 1999) .................................................................... 7

*MINETTI V. PORT OF SEATTLE*,
  152 F.3D 1113 (9TH CIR. 1998) ................................................................... 13

*MOORE V. JAIME*, NO. 518CV00907JLSMAA,
2021 WL 3598745 (C.D. CAL. MAR. 24, 2021) .................................................. 15
*NEWCOMB V. CAMBRIDGE HOME LOANS, INC.*, NO. CV 09-00567
DAE-KSC, 2011 WL 2518706 (D. HAW. JUNE 23, 2011) ............................ 8, 9
*PINCAY V. ANDREWS*,
351 F.3D 947 (9TH CIR. 2003) .................................................................... 14
*PINCAY V. ANDREWS*,
389 F.3D 853 (9TH CIR. 2004) .............................................................. 11, 14
*PIONEER INV. SERVS. CO. V. BRUNSWICK ASSOCS. LTD. P'SHIP*,
507 U.S. 380, 113 S. CT. 1489, 123 L. ED. 2D 74 (1993) ...................... 5, 10, 11
*RODGERS V. WATT*,
722 F.2D 456 (9TH CIR. 1983) ...................................................................... 5
*TCI GROUP LIFE INS. V. KNOEBBER*,
244 F.3D 691 (9TH CIR. 2001) ...................................................................... 6
*TOWNSEND V. SOC. SEC. ADMIN.*,
486 F.3D 127 (6TH CIR. 2007) ...................................................................... 6
*WASHINGTON V. RYAN*,
833 F.3D 1087 (9TH CIR. 2016) ........................................................ 5, 16, 17
*YNIQUES V. CABRAL*,
985 F.2D 1031 (9TH CIR. 1993) .................................................................... 7

STATUTES

28 U.S.C. § 628 .......................................................................................... 9
28 U.S.C. § 636 ................................................................................... 2, 9, 13
28 U.S.C. § 2107 ......................................................................................... 5

RULES

FRAP RULE 4  .............................................................................................. 6
FRCP RULE 4 ........................................................................................ 11, 15
FRCP RULE 60 .................................................................................... PASSIM
FRCP RULE 62 ............................................................................... 1, 2, 17, 18

OTHER AUTHORITIES

LR73 ................................................................................................. 2, 9, 13

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| DAVID DEMAREST and GREEN MOUNTAIN MYCOSYSTEMS LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> RAIED J. ALFOUADI, et al., <br><br> Defendants. | Case No.:  1:22-CV-00064 JAO KJM <br><br> MEMORANDUM IN SUPPORT OF MOTIONS |

## **MEMORANDUM IN SUPPORT OF MOTION**

Plaintiff, GREEN MOUNTAIN MYCOSYSTEMS LLC ("GMM"), files

these Motions for Relief from Order pursuant to Federal Rules of Civil Procedure

("FRCP") Rule 60(b) (the "Motion") and for Indicative Ruling pursuant to Rule

62.1, based upon the following.

## I.      **INTRODUCTION**

This case is currently on appeal to the U.S. Court of Appeals for the Ninth

Circuit. On June 10, 2026, that court issued an order questioning its jurisdiction

over the appeal because a Magistrate Judge of this Court, not a District Judge,

granted Plaintiff's timely Motion for Extension of Time to File Notice of Appeal

(ECF 290) ("Motion for Extension of Time"). *See* Exhibit "A" ("Ninth Circuit

Order"). The court noted that: "Because the magistrate judge may have lacked

5134919.9

authority to extend the deadline to appeal, this court may lack jurisdiction over this appeal." The court gave GMM 21 days to respond to the order. On July 1, 2026, GMM filed its response to the Ninth Circuit Order.

GMM believes that Magistrate Judge Kenneth J. Mansfield ("Magistrate") had the power to grant GMM's Motion for Extension of Time, which it filed so the parties could have further good faith settlement discussions, based upon LR73.1(c)(10) and 28 U.S.C. § 636(b)(3), among other grounds.

The Ninth Circuit may, however, determine that the Magistrate did not have the power to grant the Motion for Extension of Time and remand the case or dismiss the appeal for lack of jurisdiction. If the Court makes that determination, the Magistrate's Order granting the Motion for Extension of Time [ECF 290] ("Order Granting Extension of Time") is a nullity and the Motion for Extension of Time is still pending before this Court. It is submitted that if the Ninth Circuit Court sends the case back to this Court for lack of jurisdiction, the Court should vacate the Order Granting Extension and grant the Motion for Extension of Time under Rule 60(b). The Court should issue an indicative ruling now that it will do so under Rule 62.1. In the alternative, if the Ninth Circuit Court dismisses the appeal, this Court can reinstate the time to file an appeal under Rule 60(b).

Relief pursuant to Rule 60(b) is warranted because GMM acted timely and in good faith in seeking the extension of time, and relied on the Magistrate's Order

2

Granting Extension of Time (which may have been mistakenly issued without the authority to do so). This Motion is timely, and if granted, would not prejudice Alfouadi nor affect any judicial proceedings. Lastly, equity and fundamental fairness favor granting this Motion, as a denial of the opportunity to appeal the judgment would be extremely prejudicial to GMM.

## II.    FACTS

1.    On March 11, 2026, this Court entered final judgment in favor of Defendant RAIED J. ALFOUADI ("Alfouadi"), following a bench trial and its issuance of Findings of Fact and Conclusions of Law. ECF 284.

2.    On April 2, 2026, counsel for Alfouadi contacted counsel for GMM to discuss a settlement proposal to resolve the case, including any potential appeal. ECF 288-2 ¶ 3. On that basis, GMM moved for an extension of time to file its Notice of Appeal, which Alfouadi opposed. ECF 288 (motion); ECF 289 (opposition).

3.    The same day Alfouadi filed his opposition, the Magistrate granted the motion, extending the time to file the Notice of Appeal to May 11, 2026. ECF 290.

4.    The parties had a settlement conference with the Magistrate on April 20, 2026, which was unsuccessful in resolving the case. ECF 292.

5.    GMM timely filed its Notice of Appeal on May 11, 2026. ECF 294. The Ninth Circuit docketed the appeal on May 15, 2026, Case 26-3128. ECF 297.

6.      On June 10, 2026, the Ninth Circuit Order was entered questioning the Ninth Circuit Court's jurisdiction over the appeal because it was a magistrate judge who granted GMM's timely Motion for Extension of Time. *See* Exhibit "A." The Ninth Circuit Court noted that: "Because the magistrate judge may have lacked authority to extend the deadline to appeal, this court may lack jurisdiction over this appeal." The court gave GMM 21 days to respond to the order. *Id.*

7.      On July 1, 2026, GMM filed a substantive statement in response to the Ninth Circuit Order ("GMM Statement") (ECF 9.1).[1] On July 9, 2026, Alfouadi filed his Response to the GMM Statement ("Alfouadi Response") (ECF 10.1).[2]

## III.   <u>DISCUSSION</u>

### A.      The Court Should Issue an Indicative Ruling That it Will Grant GMM's Rule 60(b) Motion to Vacate the Order Granting Extension of Time and Grant the Pending Motion for Extension of Time.

Under FRCP Rule 60(b), the court may "relieve a party or its legal representative from a final judgment, order, or proceeding" pursuant to any of the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time for a new trial under Rule 59(b);
(3) fraud (when previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

---

[1] A true and accurate copy of the GMM Statement is attached as Exhibit "B".

[2] A true and accurate copy of the Alfouadi Response is attached as Exhibit "C".

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

For reasons (1), (2), and (3), the movant must seek relief within one year of "the entry of the judgment or order or the date of the proceeding." FRCP Rule 60(c).

Rule 60(b) further "permits the district court to vacate and reenter judgment to restore the right to appeal in limited circumstances," which is consistent with 28 U.S.C. § 2107, Rule 4(a), and case law from the Supreme Court and Ninth Circuits. *See Washington v. Ryan*, 833 F.3d 1087, 1091 (9th Cir. 2016) (en banc), *cert. denied*, 137 S. Ct. 1581 (2017).

The Ninth Circuit observed that a Rule 60(b) determination requires the movant to "show diligence before invoking Rule 60(b)(1) for the purpose of restoring the opportunity to appeal[,]" and must take into account "all relevant circumstances surrounding" a party's failure to make a timely filing. *Washington,* 833 F.3d at 1098 (citing and quoting to *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) and *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498, 123 L. Ed. 2d 74 (1993)). The rule is also "remedial in nature and . . . must be liberally applied." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1262 (9th Cir. 2010) (citing *TCI Group Life Ins. v. Knoebber,* 244 F.3d 691, 696 (9th Cir. 2001)).

5

In a case where the petitioner failed to timely file its notice of appeal (which is distinct from GMM's timely filings), the Sixth Circuit has stated that "[A] district court may grant a Rule 60(b) motion 'to revive a lost right of appeal.' . . . [S]uch a decision is proper only where a number of elements are met: the failure to appeal timely must result from one of Rule 60(b)'s enumerated reasons; there must be a lack of prejudice to the respondent; the moving party must file the motion promptly after discovering the failure to appeal timely; and counsel must exercise due diligence in attempting to comply with the time limitations of Federal Rule of Appellate Procedure 4[(a)(4)(A)]." *Townsend v. Soc. Sec. Admin.,* 486 F.3d 127, 134 (6th Cir. 2007).

In *Kemp v. United States*, the United States Supreme Court determined that "mistake," as provided under FRCP Rule 60(b)(1), "[a]s a matter of text, structure, and history . . . includes a judge's errors of law." 596 U.S. 528, 533-34, 142 S. Ct. 1856, 1861-862, 213 L. Ed. 2d 90 (2022). The Court reasoned that had the drafters of FRCP Rule 60(b)(1) intended to exclude a judge's errors of law, "they 'easily could have drafted language to that effect' . . . [or] could just as easily have excluded mistakes by judges from the Rule's ambit." *Id.,* 596 U.S. at 534-35, 142 S. Ct. at 1862.

Indeed, it is well settled in the Ninth Circuit that "a district court can correct its own mistake . . . under Rule 60(b)" *Kingvision Pay-Per-View Ltd. v. Lake Alice*

*Bar*, 168 F.3d 347, 350, 351-52 (9th Cir. 1999) (affirming the district court's

summary amendment to a judgment based on mere inadvertence pursuant to a

party's motion and observing that a district court can fix its mistakes *sua sponte*);

*see also Yniques v. Cabral*, 985 F.2d 1031, 1034 (9th Cir. 1993), *disapproved of on*

*other grounds by McDowell v. Calderon,* 197 F.3d 1253 (9th Cir. 1999) ("A Rule

60 (b) motion may be granted where, *inter alia,* the party seeking relief

demonstrates that the court made a 'mistake.'"); *Gila River Ranch, Inc. v. United*

*States*, 368 F.2d 354, 356-57 (9th Cir. 1966) (holding that the district court had the

authority to reopen a remittitur question to correct an issue pursuant to Rule

60(b)(1) because the district court has the authority to correct its own mistake

within a reasonable period of time.); *Gonsalves v. Alm*, No. 1:25-CV-00053-SASP-

WRP, 2025 WL 2182693, at *1 (D. Haw. June 26, 2025), *aff'd,* No. 25-4822, 2026

WL 1494021 (9th Cir. May 28, 2026) ("A judge's error of law qualifies as a

"mistake" under Rule 60(b)(1) even if the error is not an obvious legal mistake.")[3].

### i.    *This Motion is made within a reasonable time.*

Rule 60(b)(1) motions must be made within a reasonable time and within

one year of the final judgment. FRCP Rule 60(c)(1). The Ninth Circuit stated that

what is reasonable "depends upon the facts of each case, taking into consideration

---

[3] A copy of *Gonsalves v. Alm* is attached to this Memorandum as Exhibit "H".

7

the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties." *See Lemoge v. United States*, 587 F.3d 1188, 1196 (9th Cir. 2009); *Garcia v. Costco Wholesale Corp.*, No. 24-1485, 2025 WL 1467423, at *1 (9th Cir. May 22, 2025)[4]; *Newcomb v. Cambridge Home Loans, Inc.*, No. CV 09-00567 DAE-KSC, 2011 WL 2518706, at *3 (D. Haw. June 23, 2011) (finding that a delay of approximately eight months in filing the Rule 60(b) motion was reasonable given the circumstances). [5]

The Court entered its final judgment approximately four months ago on March 11, 2026. Approximately one month ago, the Ninth Circuit entered an Order questioning the Magistrate's authority to grant the Motion to Extend Time on June 10, 2026. GMM did not and could not "learn earlier of the grounds relied upon" in this Motion. GMM had no practical ability to know it needed (or the grounds for) this Motion before the deadline to file a notice of appeal because the Ninth Circuit Order was not issued until after GMM timely filed its notice. In the approximately one month since the Ninth Circuit Order, GMM prepared the GMM Statement (Exhibit "B") and reviewed the Alfouadi Response (Exhibit "C"). In short, GMM

---

[4] A copy of *Garcia v. Costco Wholesale Corp.* is attached to this Memorandum as Exhibit "G".

[5] A copy of *Newcomb v. Cambridge Home Loans, Inc.* is attached to this Memorandum as Exhibit "L".

filed this Motion as soon as it was practical and able to. Lastly, there is no

prejudice to Alfouadi in filing this Motion. *See infra iii*.

Therefore, based upon the facts and circumstances, this Motion is filed

within a reasonable time. *See Lemoge*, 587 F.3d at 1196. Even if the Court uses the

date of the final judgment to calculate the delay, this Motion is still filed within a

reasonable time. *See id. at* 1197 (finding that a seven-month delay in filing the

Rule 60(b) motion was reasonable); *Newcomb*, 2011 WL 2518706, at \*3 (finding

that a delay of approximately eight months in filing the Rule 60(b) motion was

reasonable given the circumstances)

### ii.    *GMM is entitled to relief if the Magistrate made a mistake in granting the Motion for Extension of Time.*

Here, the Court should grant the Motion now if it was mistakenly granted

before without the requisite authority.[6] *See* 28 U.S.C. § 636(c). As established by

*Kemp*, the term "mistake" under Rule 60(b) includes a judge's "'misconception,'

'misunderstanding,' or 'fault in opinion or judgment.'" 596 U.S. at 534, 142 S. Ct.

at 1862.

---

[6] To be clear, it is GMM's position that under U.S.C. § 628(c)(3) and
LR73.1(c)(10) that the Magistrate has the authority to grant an extension of time to
file a notice of appeal (especially when it is in furtherance of settlement and a
settlement conference). However, considering the unique procedural posture of this
case given the Ninth Circuit Order, GMM asserts, solely for purposes of argument
and to support this Motion, that the Magistrate did not have the requisite authority
to grant the extension of time.

In *Kingvision*, the Ninth Circuit stated that under Rule 60(b) a district court can correct its own mistake "months after judgment" based on inadvertence by the judge. *Kingvision Pay-Per-View Ltd.*, 168 F.3d at 350. In the required liberal application of Rule 60(b), the Circuit Court observed that a district court can correct its own mistakes *sua sponte* as "[j]ustice is better served by letting a judge repair mistakes . . . ." *Id.* at 352. Thus, the Magistrate's possibly mistaken belief that he had authority to extend the appeal deadline to May 11, 2026, coupled with the inadvertence of the District Judge in not ruling on the Motion for Extension of Time, falls squarely within the scope of Rule 60(b)(1).

### iii.    In the alternative, GMM is entitled to relief for "excusable neglect" under Rule 60(b)(1).

The Ninth Circuit observed that what constitutes "excusable" is based in principles of equity and takes into account the relevant circumstances of the party's omission. *See Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498, 123 L. Ed. 2d 74 (1993)). To determine whether there is "excusable neglect," the Ninth Circuit applies the following four-part *Pioneer* test: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4)

10

whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (citing *Pioneer*, 507 U.S. at 395, 113 S. Ct. 1489).

First, Alfouadi would not be prejudiced if the Order Extending Time were vacated because GMM has a right to appeal the district court's judgment; this motion is timely; the request for extension to appeal was made before the deadline's expiration; had the request been denied, GMM would have appealed within the allotted time; and relief would be equitable considering the facts and circumstances. GMM recently discovered the possible mistake pursuant to the Ninth Circuit Order entered on June 10, 2026, and timely filed its response on July 1, 2026. Alfouadi filed its reply on July 9, 2026. GMM promptly filed this Motion. GMM complied with and will continue to comply with the FRCP Rule 4(a).

Although granting the Motion would prevent Alfouadi from prevailing in the litigation without having to go through an appeal, the Ninth Circuit has held that preventing a party from a "quick victory" is not prejudicial. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000) (Noting that appellees "would have lost a quick victory and, should it ultimately have lost the summary judgment motion on the merits, would have had to reschedule the trial date. But such prejudice is insufficient to justify denial of relief under Rule 60(b)(1)"); *Lemoge*, 587 F.3d at 1196 (stating that "Prejudice requires greater harm than simply that relief would delay resolution of the case.")

11

In fact, GMM would be prejudiced by any delay or denial of this Motion because it would lose its right to appeal the judgment. *See Lemoge*, 587 F.3d at 1196 ("First, the government would not be prejudiced if the Lemoges were granted relief; instead, the Lemoges would suffer the "ultimate" prejudice absent relief because the statute of limitations on their claim has run."); *Brown v. Arias*, No. 23-CV-0778-BAS-DDL, 2024 WL 3261197, at \*1 (S.D. Cal. July 1, 2024) (in granting the plaintiff's Rule 60(b) motion to restore the right to appeal, the district court stated that "Any delay caused by this neglect prejudices the plaintiff, not the defendant, as the plaintiff must suffer a delayed appeals process.").[7]

Second, approximately three months have passed since the original deadline to file the notice of appeal on April 10, 2026. None of the merits briefs have been filed pursuant to the Ninth Circuit's stay on briefing until a decision is reached on the validity of the Order Granting Extension of Time. Additionally, this Motion does not ask the Court to revise or amend any substantive orders or judgments (e.g., findings of fact and conclusions of law). Therefore, there would be little to no impact on the judicial proceedings in this Court or the Ninth Circuit. *See Gudino v. Manning*, No. 2:21-CV-03387-MCS-MAR, 2024 WL 4749217, at \*1 (C.D. Cal. June 26, 2024) (granting the Rule 60(b) motion to restore the time to file finding

---

[7] A copy of *Brown v. Arias* is attached to this Memorandum as Exhibit "E".

12

that a delay for well over six months in making the motion would not impact the post-judgment proceedings).[8]

Third, the delay is due to GMM's good faith and reasonable reliance on the Magistrate's Order Granting Extension of Time, which extended the filing deadline to May 11, 2026. GMM believed (and continues to believe) that the Magistrate had the authority to grant the non-dispositive motion, especially since it was in furtherance of settlement and the Magistrate's authority to conduct settlement conferences under LR73.1(c)(2). *See* 28 U.S.C. § 636(b)(3) and LR73.1(c)(10).

Indeed, this Court has recognized that some Ninth Circuit authority suggests that, under § 636(b)(3), a magistrate judge may decide a post-judgment motion for sanctions that is "neither a nondispositive pretrial matter nor dispositive of a claim or defense raised in a pleading." See *Erum v. Cnty. of Kauai*[9], No. CIV.08-00113SOM-BMK, 2008 WL 2598138, at *3 (D. Haw. June 30, 2008) (discussing *Minetti v. Port of Seattle* 152 F.3d 1113, 1114 (9th Cir. 1998), while acknowledging conflicting Ninth Circuit authority and ultimately treating the post-judgment sanction order as findings and recommendations out of an abundance of caution). Much like the motion for sanctions, the Motion for Extension of Time was a

---

[8] A copy of *Gudino v. Manning* is attached to this Memorandum as Exhibit "I".

[9] A copy *Erum v. Cnty. of Kauai* of is attached to this Memorandum as Exhibit "F".

13

postjudgment, nondispositive motion that the Magistrate had the authority to rule

on. *See id.*

To the extent Alfouadi argues that ignorance of the rules is no defense, the

Ninth Circuit instructed that there is no *per se* rule that a "misinterpretation of an

unambiguous rule can never be excusable neglect . . . ." *Pincay*, 389 F.3d at 859.

Indeed, the "right way, under *Pioneer,* to decide cases involving ignorance of

federal rules is with an 'elastic concept' equitable in nature, not with a per se rule."

*Id.* at 859 (citing *Pincay v. Andrews,* 351 F.3d 947, 953 (9th Cir. 2003) (Kleinfeld,

J., dissenting)). Given that GMM acted in good faith, was transparent with its

intentions for the extension of time with Alfouadi, complied with all rules and

orders it had a good faith basis to believe were valid, and acted promptly to address

the issues raised by the Ninth Circuit, equity and fundamental fairness support

relief under Rule 60.

Fourth, GMM acted in good faith when it sought an extension of time solely

to engage in settlement discussions. Alfouadi made a settlement offer to GMM

eight days before the filing deadline. Four days before the filing deadline, counsel

for both parties held a meet-and-confer, during which GMM proposed additional

settlement terms and an extension of time. Based on the progress of the

negotiations, GMM filed its Motion for Extension of Time *two days before the*

*April 10, 2026, filing deadline*. The sole purpose of the extension was to continue

14

good faith settlement discussions in the hopes that an appeal could be avoided while preserving GMM's right to appeal if a deal was not reached.

GMM did not ask the Court for an extension because it failed to file its notice of appeal on time (i.e., an extension for excusable neglect under FRCP Rule 4(a)(5)(A)(ii)). In fact, GMM was prepared to file its notice of appeal on April 10 if the Court denied its Motion for Extension of Time or did not rule on the motion by then. GMM was fully transparent with Alfouadi regarding its intentions to file the Motion for Extension of Time, and there was no gamesmanship or improper purpose. *See Bateman*, 231 F.3d at 1225 (finding that the movant acted in good faith as its errors were not based on "deviousness or willfulness"); *Angeles v. Cnty. of Los Angeles*, No. CV 23-0875-FMO (MARX), 2025 WL 2019939, at *3 (C.D. Cal. Jan. 14, 2025) (finding that the movant acted in good faith as there was nothing in the record to demonstrate otherwise)[10]; *Moore v. Jaime*, No. 518CV00907JLSMAA, 2021 WL 3598745, at *3 (C.D. Cal. Mar. 24, 2021) (finding good faith because the petitioner asserted he acted in good faith and the "record does not present an inference to the contrary.")[11]

> ### iv.    In the alternative, GMM is entitled to relief under Rule 60(b)(6).

---

[10] A copy of *Angeles v. Cnty. of Los Angeles* is attached to this Memorandum as Exhibit "D".

[11] A copy of *Moore v. Jaime* is attached to this Memorandum as Exhibit "K".

Under Rule 60(b)(6), the district court can grant relief to restore the time to appeal provided the party shows (1) that the motion cannot be premised on another ground under 60(b), (2) that its motion is brought within a reasonable time, and (3) the movant demonstrates extraordinary circumstances justifying the reopening of the judgment. *See Bynoe v. Baca*, 966 F.3d 972, 979 (9th Cir. 2020).

Assuming for purposes of this alternative analysis that there are no other grounds under Rule 60(b) that are applicable, GMM brought the instant Motion in less than two months after the Ninth Circuit Order was issued, which is a reasonable time. *See Bynoe*, 966 F.3d at 981 (finding timely a Rule 60(b)(6) motion brought within seven months after the decision providing the basis of the motion).

In *Washington*, the appellant missed the deadline to request an extension of time to file a notice of appeal due to an error by the court clerk. *Washington*, 833 F.3d at 1090. The Circuit Court found that the appellant was entitled to relief under Rule 60(b)(6) because he was not at fault for the delay and that the record supported the inference that if he had time to request an extension, he would have. *Id.* at 1101.

Like the appellant in *Washington*, GMM is not at fault for any delay. GMM reasonably relied on the Magistrate's Order Granting Extension of Time, which it believed was proper. As discussed at length in this Memorandum, GMM acted in

good faith and complied with all imposed deadlines. GMM filed its Motion to

Extend Time two days before the April 10 deadline solely to engage in good-faith

settlement discussions initiated by Alfouadi. GMM's early filing of its Motion for

Extension of Time, timeliness throughout the district court proceedings, and the

prompt response to the Ninth Circuit Order, strongly support the inference that it

was fully prepared to file its notice of appeal on time if the Court denied its motion

or failed to rule on it by the April 10 filing deadline. Therefore, GMM has

demonstrated extraordinary circumstances to which GMM is entitled to relief

under Rule 60(b)(6). *See id.* at 1099.

**B.      The Court Should Issue an Indicative Ruling that it Will Grant Plaintiff's Motion for Extension of Time to File Notice of Appeal if the Ninth Circuit Remands or Dismisses for Lack of Jurisdiction.**

FRCP Rule 62.1(a) provides: "[i]f a timely motion is made for relief that the

court lacks authority to grant because of an appeal that has been docketed and is

pending" the court has the authority to:

(1) defer considering the motion;
(2) deny the motion; or
(3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

A Rule 62.1 motion allows the district court to inform the circuit court that

the district court may grant relief on a motion if a notice of appeal did not divest

17

the district court of jurisdiction. *See In Matter of J.G. v. Dep't of Educ.*, No. CV 11-00523 DKW-BMK, 2014 WL 10520482, at *2 (D. Haw. Aug. 27, 2014).[12]

Here, Plaintiff respectfully moves the Court to determine that if the Ninth Circuit remands the case or dismisses the appeal for lack of jurisdiction, it will grant Plaintiff's Motion for Extension of Time to File Notice of Appeal for the reasons discussed in the foregoing section. *Supra section A.*

## IV.    CONCLUSION

GMM has established that mistakes under FRCP Rule 60(b)(1) contemplate a judge's error of law, including the *possible error* here of the Magistrate's Order Granting Extension of Time to File Notice of Appeal. Alternatively, GMM has demonstrated that it is entitled to relief due to "excusable neglect," also under Rule 60(b)(1), or pursuant to the catchall provision of Rule 60(b)(6). The Court should, therefore, issue an indicative ruling under Rule 62.1 that if the Ninth Circuit Court remands or dismisses GMM's appeal, the Court will vacate its Order Granting Extension by the Magistrate Judge and grant the pending Motion for Extension of Time or otherwise reinstate the time to file a notice of appeal.

Dated:  Honolulu, Hawaii; July 28, 2026

/s/ Ryan M. Toyomura
KEVIN W. HERRING

---

[12] A copy *In Matter of J.G. v. Dep't of Educ.* of is attached to this Memorandum as Exhibit "J".

18

RYAN M. TOYOMURA
Ashford & Wriston, LLLP

GLENN KATON
Katon.Law

Attorneys for Plaintiff
GREEN MOUNTAIN MYCOSYSTEMS LLC