EXHIBIT "C"

NO. 26-3128

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

GREEN MOUNTAIN MYCOSYSTEMS LLC, et al.,

Plaintiff-Appellant

vs.

RAIED J. ALFOUADI, et al.,

Defendant-Appellee

---

RAIED J. ALFOUADI'S RESPONSE TO
GREEN MOUNTAIN MYCOSYSTEMS LLC'S STATEMENT
PURSUANT TO THE COURT'S JUNE 10, 2026 ORDER

---

Appeal from The United States District Court for the District of Hawaii

Civil No. 1:22-cv-00064-JAO-KJM

---

Of Counsel:

MYHRE & STORM
JAMES V. MYHRE #5092-0
jmyhre@mtmhawaiilaw.com
BRENT K. WILSON #10518-0
bwilson@mtmhawaiilaw.com
1003 Bishop Street, Suite 1290
Honolulu, Hawaii 96813
Telephone (808) 524-2466

Attorneys for Defendant-Appellee
RAIED J. ALFOUADI

EXHIBIT "C"

## TABLE OF CONTENT

*Page(s)*

I.  INTRODUCTION ................................................................................... 1

II. PROCEDURAL BACKGROUND .................................................... 2

III.  LEGAL STANDARD ...................................................................... 2

IV. ARGUMENT ...................................................................................... 4

    A. The Dispositive Nature and/or Effect of A Post-Judgment Motion to Extend The Deadline to Appeal is Well Established Under Ninth Circuit Law ............................................................................................................ 4

        1. A Magistrate Lacks Authority To Enter A Dispositive Post-Judgment Order Granting An Extension Of Time To Appeal ....... 5

        2. Ninth Circuit Law Effectively Negates GMM's Basis For Distinction And Characterization Of Its Post-Judgment Motion To Extend ................................................................................... 6

    B. Given The Dispositive Nature And/Or Effect Of GMM's Motion To Extend, Neither 28 U.S.C § 636(b)(3) Nor The Local Rules Provide A Legal Basis For Authority ................................................................. 8

        1. GMM's Arguments Are Inconsistent With The Laws Of The United States ........................................................................... 8

        2. GMM's Arguments Are Inconsistent With The U.S. Constitution................................................................................ 12

V.  CONCLUSION ................................................................................. 13

## **TABLE OF AUTHORITIES**

*Case*                                                                                          *Page(s)*

*Ashker v. Newsom*, 968 F.3d 975, 981-82 (9th Cir. 2020) .................................... 4

*Badgerow v. Walters*, 596 U.S. 1, 7 (2022) ........................................................... 2

*Bisel v. Fisher*, No. 23-15519, 2023 U.S. App. Lexis 9899 at *1-*2
(9th Cir. April 24, 2023) ........................................................................................ 6

*Bowles v. Russell*, 551 U.S. 205, 212 (2007) ..................................................... 3, 13

*Caetano* v. *Peery*, No. 18-15863, 2018 U.S. App. LEXIS
14701 at *1 (9th Cir. May 31, 2018) ..................................................................... 6

*Columbia Record Prods. v. Hot Wax Records, Inc.*,
966 F.2d 515, 516 (9th Cir. 1992) ........................................... 4, 5, 6, 7, 8, 9, 11, 12

*F.D.I.C v. LeGrand,* 43 F.3d 163, 167-68 (5th Cir. 1995) ..................................... 11

*Gibbs* v. *Unknown*, No. 22-16295, 2022 U.S. App. LEXIS 29987
at *1-*2 (9th Cir. October 27, 2022) ..................................................................... 6

*In Est. of Conners by Meredith v. O'Connor* , 6 F.3d 656,
659 n.2 (9th Cir. 1993) ................................................................................... 8, 9, 11

*Jones v. Edmonds*, No. 25-6358, 2026 U.S. App. LEXIS 2223,
2026 LX 19242, at *1-*2 (9th Cir. Jan. 27, 2026) ....................... 5, 6, 7, 8, 9, 10, 11

*King v. Ionization Int'l, Inc.*, 825 F.2d 1180, 1185 (7th Cir. 1987) ....................... 10

*N.S. v. Rockett*, No. 19-35955, 2021 U.S. App. LEXIS 4590, at *2
(9th Cir. Feb. 17, 2021) ........................................................................................... 6

*Parsons v. Ryan*, 912 F.3d 486, 495 (9th Cir. 2018) ............................................. 4

*Prater v. Dep't of Corr.*, 76 F.4th 184, 194 (3d Cir. 2023) .................................... 13

II

## TABLE OF AUTHORITIES

*Case*                                                                                    *Page(s)*

*United States v. Ceja-Prado*, 333 F.3d 1046, 1049 (9th Cir. 2003) ........................ 2

*United States v. Carr*, 18 F.3d 738, 740 (9th Cir. 1994) ........................................ 3

*United States v. Sadler*, 480 F.3d 932, 937 (9th Cir. 2007) .................................... 3

*Rules*

28 U.S.C. § 631 ...................................................................................... 13

28 U.S.C. § 636(b)(1)(A) ....................................... 1, 3, 5, 6, 8, 9, 10, 11, 12

28 U.S.C. § 636(b)(1)(B) ................................................................................ 3

28 U.S.C. § 636(b)(3) .................................................. 1, 4, 8, 9, 10, 11, 13

28 U.S.C. § 636(c) .................................................................................. 11, 12

28 U.S.C. § 636(c)(1) .................................................. 1, 4, 5, 6, 7, 8, 10, 12

28 U.S.C. § 2107(a) ................................................................................... 3

28 U.S.C. § 2107(c) ................................................................................... 3

FRAP Rule 4(a)(1)(A). ............................................................................... 3

FRAP Rule 4(a)(5) ............................................................................... 7, 13

FRAP Rule 4(a)(5)(A) ............................................................................... 3

FRAP Rule 32.1 ....................................................................................... 5

FRCP Rule 72 ......................................................................................... 5

III

## *Rules*

Local Rules 73.1(c)(1) ........................................................................ 1, 4, 8, 11, 12

Local Rules 73.1(c)(2) ........................................................................ 1, 4, 8, 11, 12

Local Rules 73.1(c)(10) ...................................................................... 2, 4, 8, 11, 12

## *Other*

*The Bluebook: A Uniform System of Citation* R. 1.2(a), at 62
(Columbia Law Rev. Ass'n *et al.* eds., 22nd ed. (2024) ........................................ 10

U.S. Const. art. III, §§ 1-2.................................................................................. 13

IV

Defendant-Appellee RAIED J. ALFOUADI ("Alfouadi"), by and through his attorneys, Myhre & Storm, hereby submits his RESPONSE TO GREEN MOUNTAIN MYCOSYSTEMS, LLC'S ("GMM") STATEMENT  PURSUANT TO THE COURT'S JUNE 10, 2026 ORDER. Docket Entry ("[DktEntry:]") 9.1.

## I.   **INTRODUCTION**

GMM fails to satisfy its burden and presents no compelling legal arguments with respect to the Court's order to show cause as to why the instant appeal should not be dismissed for lack of jurisdiction.

In the Ninth Circuit, the dispositive nature and/or effect of a post-judgment motion to extend the deadline to appeal is well established.  Simply, without the consent of the parties, pursuant to 28 U.S.C. § 636(c)(1), a magistrate lacks the authority to enter a dispositive post-judgment order granting an extension of time to appeal.

The proper dispositive characterization of GMM's Motion to Extend places it within the non-inclusive list of excepted dispositive motions in 28 U.S.C. § 636(b)(1)(A), thereby triggering the consent of the parties under 28 U.S.C. § 636(c)(1) as a required prerequisite to a magistrate's authority to extend the appeal deadline. GMM's arguments that authority should be found under the "catchall section" 28 U.S.C. § 636(b)(3), because the Local Rules 73.1(c)(1), (c)(2), and (c)(10) are consistent with it, ultimately fail because they were rejected by the

Ninth Circuit and are inconsistent with the laws of the United States and the U.S. Constitution.

Accordingly, as set forth more fully below, Alfouadi respectfully requests that the Court dismiss GMM's appeal for lack of jurisdiction.

## II.   PROCEDURAL BACKGROUND

Alfouadi concurs, generally, with the procedural history set forth in GMM's Statement, with one clarification.  At the April 6, 2026 meeting of the parties to discuss Alfouadi's proposed terms of settlement, GMM countered with an additional term.  *See* Declaration of Brent K. Wilson [DktEntry 9.5 pg. 6, at ¶¶ 6-11]. On April 8, 2026, counsel for Alfouadi advised counsel for GMM that Alfouadi rejected the additional term.  *Id.*  As of April 8, 2026, it was counsels' understanding that the parties remained diametrically opposed to the additional term proposed by GMM.  *Id.*  Alfouadi, therefore, objected to GMM's Motion for Extension of Time to File Notice of Appeal [DktEntry 9.3] ("Motion to Extend") the appeal deadline.

## III.   LEGAL STANDARD

Federal courts "are courts of limited jurisdiction, defined (within constitutional bounds) by federal statute." *Badgerow v. Walters*, 596 U.S. 1, 7 (2022). The Court, therefore, has an "obligation to investigate and ensure [its] own jurisdiction." *United States v. Ceja-Prado*, 333 F.3d 1046, 1049 (9th Cir. 2003).

The filing of a timely notice of appeal is mandatory and jurisdictional. *United States v. Sadler*, 480 F.3d 932, 937 (9th Cir. 2007). A notice of appeal in a civil action must be filed "within thirty days after the entry of . . . judgment[.]" 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). This statute-based filing period for civil cases is jurisdictional. *Bowles v. Russell*, 551 U.S. 205, 212 (2007). As such, "when an appeal has not been prosecuted in the manner directed, within the time limited by the acts of Congress, it must be dismissed for want of jurisdiction." *Id.* at 213 (internal quotation marks and citation omitted).

District courts have limited authority grant an extension of the 30-day time period. Relevant to this case, if certain conditions of excusable neglect or good cause are met, the district court has the statutory authority to grant motions to extend the time to file a notice of appeal. Fed. R. App. P. 4(a)(5)(A); 28 U.S.C. § 2107(c).

The authority of a magistrate judges "is a question of law subject to de novo review." *United States v. Carr*, 18 F.3d 738, 740 (9th Cir. 1994). While a district judge may designate a magistrate judge to decide non-dispositive pretrial matters, *see* 28 U.S.C. § 636(b)(1)(A), and issue recommended dispositions on dispositive pretrial matters, *see* 28 U.S.C. § 636(b)(1)(B), neither of these provisions speak to post-judgment dispositive motions in civil matters. A magistrate may obtain the

3

authority to enter a dispositive post-judgement final order under the consent provisions set forth in 28 U.S.C. § 636(c)(1).

Section 636(c)(1) has two jurisdictional parts. *Ashker v. Newsom*, 968 F.3d 975, 981-82 (9th Cir. 2020) (citing *Parsons v. Ryan*, 912 F.3d 486, 495 (9th Cir. 2018). A magistrate judge may enter a final order if: (1) the parties consent to the magistrate judge's authority; and (2) the district court specially designates the magistrate judge to exercise jurisdiction. *Id.*, citing *Columbia Record Prods. v. Hot Wax Records, Inc.*, 966 F.2d 515, 516 (9th Cir. 1992).

## IV.  ARGUMENT

### A.  The Dispositive Nature And/Or Effect Of A Post-Judgment Motion To Extend The Deadline To Appeal Is Well Established Under Ninth Circuit Law

The gravamen of GMM's argument in favor of jurisdiction is that the Magistrate's authority to decide a non-dispositive post-judgment motion for an extension of the deadline to appeal "should be found under [28 U.S.C] § 636(b)(3)[]" because *Rules of the United States District Court For the District of Hawaii* ("LR") 73.1(c)(1), (c)(2), and (c)(10)[1] are "consistent with the catchall section [28 U.S.C] § 636(b)(3)." Statement at 6. The argument is fatally flawed.

---

[1] Stating, in relevant part, "(c) Even without consent, a magistrate judge is authorized to: (1) Exercise general supervision of the civil calendars . . . (2) Conduct *pretrial* conferences, settlement conferences, omnibus hearings, and related *pretrial* proceedings in civil cases; . . . (10) Perform any additional duty not

4

Central to it is GMM's assertion that the  motion to extend the deadline to appeal was non-dispositive.  GMM contends that its post-judgment motion "was neither a dispositive motion under [28 U.S.C.] § 636(b)(1)(A) or FRCP Rule 72, nor was it analogous to a motion enumerated in that statute [28 U.S.C. § 636(b)(1)(A)] because it did not dispose of a claim or defense of any party." [DktEntry 9.1 at 14].

     1.    A Magistrate Lacks Authority To Enter A Dispositive Post-Judgment Order Granting An Extension Of Time To Appeal

The Ninth Circuit, however, clearly rejected these arguments when it held that absent consent by the parties under 28 U.S.C. § 636(c)(1), a magistrate "therefore lack[s] authority to enter *a **dispositive post-judgment order** granting an extension of time to appeal*."  *Jones v. Edmonds*, No. 25-6358, 2026 U.S. App. LEXIS 2223, 2026 LX 19242, at *1-*2 (9th Cir. Jan. 27, 2026)[2] (citing 28 U.S.C. § 636(b)(1)(A) and *Columbia Record Productions v. Hot Wax Records, Inc.* ("*Columbia*"), 966 F.2d 515, 516-17 (9th Cir. 1992) ("holding that absent consent, a federal magistrate judge lacked authority to render a post-judgment decision that has a dispositive effect on the parties")).

---

inconsistent with the Constitution and laws of the United States."  LR 73.1 §§ (c)(1), (c)(2), (c)(10) (emphasis added).
[2] Cited in accordance with FRAP Rule 32.1.

The Court's holding in *Jones* follows a long line of consistent Ninth Circuit decisions holding that without 28 U.S.C. § 636(c)(1) consent, a magistrate may not issue a post-judgment decision on a motion to extend time for appeal, due to its dispositive nature and/or effect on the parties. *See Bisel v. Fisher*, No. 23-15519, 2023 U.S. App. Lexis 9899 at *1-*2 (9th Cir. April 24, 2023); *Gibbs* v. *Unknown*, No. 22-16295, 2022 U.S. App. LEXIS 29987 at *1-*2 (9th Cir. October 27, 2022); *N.S. v. Rockett*, No. 19-35955, 2021 U.S. App. LEXIS 4590, at *2 (9th Cir. Feb. 17, 2021); *Caetano* v. *Peery*, No. 18-15863, 2018 U.S. App. LEXIS 14701 at *1 (9th Cir. May 31, 2018) (collectively "Dispositive Effect Cases").[3]  Both *Jones* and the Dispositive Effect Cases place such motions directly within the statutory ambit of the non-inclusive list of excepted dispositive motions in 28 U.S.C. § 636(b)(1)(A). These cases are directly on point with the instant matter and should control.

      2.      Ninth Circuit Law Effectively Negates GMM's Basis For Distinction And Characterization Of Its Post-Judgment Motion To Extend

As in *Jones* and the *Dispositive Effect Cases*, the Court's Order, filed on June 10, 2026 [DktEntry 7.1] cites *Columbia*, a 1992 decision, in support of its position that it may lack jurisdiction over this appeal. *Id.*  GMM attempts to distinguish *Columbia* from the instant matter on the basis that the magistrate's

---

[3] *See* n. 2, *supra*.

decision[4] in *Columbia* "had a dispositive effect on the parties, since it allowed

[plaintiff Columbia] to enforce its judgment against the debtor's assets[]" whereas

"[n]o such rights were at stake in GMM's motion for extension of time."

[DktEntry 9.1, at 14].  The Court's holdings in *Jones* and the *Dispositive Effect*

*Cases*, each the progeny of *Columbia*, however, effectively negate GMM's basis

for distinction and characterization of its post-judgment Motion to Extend the

deadline to appeal as "non-dispositive." *See  Jones*, 2026 U.S. App. LEXIS 2223,

2026 LX 19242, at *1-*2 (holding that a magistrate "therefore lack[s] authority to

enter a *dispositive post-judgment order granting an extension of time to appeal*.")

(emphasis added)).[5]

   Lastly, *Jones* is factually identical, in relevant part, to the instant matter and

should be afforded great weight.  In *Jones*, the magistrate entered a post-judgment

order, without 28 U.S.C. § 636(c)(1) consent, and granted an extension of time to

appeal under FRAP 4(a)(5).  *Id.* at *1.  Likewise, GMM brought its post-judgment

Motion to Extend the deadline to appeal pursuant to FRAP 4(a)(5) and the

---

[4] At issue in *Columbia* was the magistrate's post-judgment assignment order.  *See id.*, 966 F.2d at 516.

[5] In light of the Ninth Circuit authorities presented—*Jones* and the Dispositive Effect Cases—each establishing  that  without 28 U.S.C. § 636(c)(1) consent, a magistrate may not issue a post-judgment decision on a motion to extend the deadline to appeal due to the dispositive nature and/or effect of such motions on the parties, the Court need not address GMM's argument and determine whether the same type of motion granted in the instant matter was dispositive of either party's claims, defenses, or legal rights.  *See* DktEntry 9.1 at 13-14.

Magistrate granted the motion without the requisite consent by the parties for

jurisdiction pursuant to 28 U.S.C. § 636(c)(1).  [DktEntry 9.3 at 7].

Therefore, based on the above:  1) GMM's Motion to Extend the deadline to

appeal was dispositive and/or had a dispositive effect on the parties; 2) this proper

characterization of GMM's motion places it within the non-inclusive list of

excepted dispositive motions in 28 U.S.C. § 636(b)(1)(A), thereby triggering the

consent of the parties under 28 U.S.C. § 636(c)(1) as a required prerequisite to the

Magistrate's authority to extend the appeal deadline; and 3) consistent with *Jones,*

*Columbia,* and the Dispositive Effect Cases, the Court should  dismiss the appeal

for want of jurisdiction.

> B.    Given The Dispositive Nature And/Or Effect Of GMM's Motion To
> Extend, Neither 28 U.S.C § 636(b)(3) Nor The Local Rules Provide A
> Legal Basis For Authority

With the dispositive nature and/or effect of GMM's Motion to Extend the

deadline to appeal well established under Ninth Circuit law, the balance of GMM's

argument—that authority should be found under the "catchall section" 28 U.S.C. §

636(b)(3) because LR 73.1(c)(1), (c)(2), and (c)(10) are consistent with it—*see*

Statement at 6, falls apart.

> 1.    GMM's Arguments Are Inconsistent With The Laws Of The
> United States

First, GMM cites *In Est. of Conners by Meredith v. O'Connor*

("*O'Connor*"), 6 F.3d 656, 659 n.2 (9th Cir. 1993) for the proposition that this

Court "previously observed that [28 U.S.C] § 636(b)(3)'s catchall provision could also apply to post-judgment proceedings." [DktEntry 9.1 at 10].  GMM appears to obfuscate, misstate, or perhaps overstate the Court's dicta.  The issue before the Court in *O'Connor* was whether 28 U.S.C. § 636(b)(1)(A) empowered a magistrate to enter a final order on a post-judgment motion for attorney's fees.  *Id.*, 6 F.3d at 657.  The Court held that it did not:  "[T]he magistrate was not authorized under section 636(b)(1)(A) to enter a final order on the plaintiffs' motion for attorney's fees because the motion did not involve a nondispositive pretrial matter."  *Id.* at 659.  *O'Connor*, therefore, supports Alfouadi because it is akin to *Jones*, *Columbia*, and the Dispositive Effect Cases.

The dicta quoted by GMM, *see* Dkt. No. 9.1 at 10 of 17,[6] comes from n.2, appended to the end of the second to last paragraph of the decision.[7]  Amongst other things, n.2 clarifies that the parties suffered no prejudice because the district court exercised de novo review over the magistrate's findings and conclusions. *See O'Connor*, 6 F.3d at 659 n.2.  The quoted language, signaled by a "*cf*" citation, is

---

[6] "[N]o provision expressly authorizes the judge to assign a magistrate to post-judgment proceedings, although we can think of no good reason not to allow such assignments and the statute does have a catch-all section: A magistrate may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States reasoning therefore that a magistrate could issue an order in a post-judgment proceeding that would be appealable to the district judge."

[7] "The magistrate's error, however, was cured by the district court's later de novo review of the magistrate's findings and conclusions, and the court's entry of its own order awarding attorney's fees and costs." *O'Connor*, 6 F.3d at 659.

9

from *King v. Ionization Int'l, Inc.*, 825 F.2d 1180, 1185 (7th Cir. 1987), which was

presumably cited by the Court for support via analogy/comparison[8] to its preceding

clarification of its holding in n.2. N.2 contains no language indicating that the

Court made a formal determination, finding, or adoption of *King* as GMM

suggests.  *See* Dkt. No. 9.1 at 10 ("the Court *found* that 'no provision . . . .'")

(emphasis added)).

More importantly, the proposition forwarded by GMM, via *King*, that the 28

U.S.C § 636(b)(3) catchall provision "could" apply to post-judgment proceedings

related to its Motion to Extend and provide a legal vehicle for the Magistrate's

authority,[9] overlooks the fact that 28 U.S.C § 636(b)(3) is limited to "such

additional duties as are not inconsistent with the Constitution and laws of the

United States[.]"  Pursuant to *Jones*, *Colombia*, and the Dispositive Effect Cases,

however, the consistency of the Ninth Circuit's decisions on this matter have made

it abundantly clear that the relevant post-judgment proceeding here, a motion to

extend the deadline to appeal, is absolutely inconsistent with both 28 U.S.C. §§

636(b)(1)(A) and 636(b)(3), absent 28 U.S.C. § 636(c)(1) consent, and therefore,

inconsistent with the laws of the United States.

---

[8] *See The Bluebook: A Uniform System of Citation* R. 1.2(a), at 62 (Columbia Law
Rev. Ass'n *et al.* eds., 22nd ed. (2024)).
[9] *See* DktEntry 9.1 at 10-11.

10

In fact, the Court addressed this very issue in *Columbia*, which applies the

same here. "[GMM's] interpretation does not comport with section 636(c), which

provides that a decision with dispositive effect on the parties cannot be made

without their signed consent." *Id.*, 966 F.2d at 517. The Court declined to upset

the statutory scheme then, and held that 28 U.S.C § 636(b)(3) did not authorize a

magistrate to enter a post-judgment dispositive order. *Id.* There is no basis to do

so now. Thus, the instant appeal should be dismissed.

Second, GMM relies on *F.D.I.C v. LeGrand* ("*LeGrand*"),[10] a Fifth Circuit

decision upholding a magistrates authority to determine a post-judgment non-

dispositive discovery motion under 28 U.S.C § 636(b)(3) because such motions

bear a "reasonable relationship" to the pretrial statutory scheme under 28 U.S.C §

636(b)(1)(A), for the proposition that a magistrate's authority to decide a non-

dispositive post-judgment motion extending the deadline to appeal also bears a

"reasonable relationship to the magistrate's authority" granted under LR

73.1(c)(1), (c)(2), and (c)(10). [DktEntry 9.1 at 11-12]. Like *O'Connor*, *LeGrand*

also fails to provide GMM with a legal basis for jurisdiction.

*LeGrand* is inapposite because under *Jones*, *Columbia*, and the Dispositive

Effect Cases, for the reasons previously discussed, a post-judgment motion

extending the deadline to appeal is *dispositive* in nature and/or has a *dispositive*

---

[10] 43 F.3d 163, 167-68 (5th Cir. 1995).

*effect* on the parties. *See Jones*, 2026 U.S. App. LEXIS 2223 at \*1-\*2; *Columbia*, 966 F.2d at 517; Dispositive Effect Cases, *supra*.

Also, such motions do <u>not</u> reasonably relate to the statutory scheme of 28 U.S.C § 636(b)(1)(A) because they "do not comport with section 636(c), which provides that a decision with a dispositive effect on the parties cannot be made without [the parties'] signed consent." *Columbia*, 966 F.2d at 517. It follows then that there can be no authorization under LR 73.1(c)(1) and (c)(2), because both are precluded by (c)(10)[11]—a magistrate issuing a final order on a post-judgment motion to extend the deadline to appeal, without 28 U.S.C. § 636(c)(1) consent, is inconsistent with the laws of the United States.

2.    GMM's Arguments Are Inconsistent With The U.S. Constitution

Moreover, the arguments raised by GMM invoke constitutional inconsistencies as well. The decision of whether to extend the appeal deadline necessarily determines whether a district court's disposition of a "case" or "controversy" will finally adjudicate the parties' rights and obligations, or, whether a court of appeals will evaluate, and possibly revise, that decision. Absent 28 U.S.C. § 636(c)(1) consent, the U.S. Constitution's separation of powers does not

---

[11] *See* n.1, *supra*. Furthermore, there is no language in LR 73.1(c)(1) and (c)(2) stating, or even suggesting, that the cited Local Rules apply to post-judgment dispositive motions or somehow abrogate the required 28 U.S.C. § 636(c)(1) consent for such motions.

12

permit an Article I judge (a magistrate)[12] to finally decide the fate of a "case" or "controversy" that the parties have presented to the Article III judiciary. That decision lies exclusively within the "judicial power of the United States," a power that only Article III judges may properly exercise. *See* U.S. Const. art. III, §§ 1-2.

Therefore, GMM's arguments fail under 28 U.S.C. § 636(b)(3) because they would give rise to additional duties inconsistent with the U.S. Constitution.

## V.     CONCLUSION

This Court may not extend the time for filing a notice of appeal. Only the district court may do so and only under limited circumstances and for a limited time. *See* 28 U.S.C. § 2017(c); Fed. R. App. P. 4(a)(5)). GMM presents no compelling legal argument establishing the Court's jurisdiction over its appeal.

The filing of a timely notice of appeal is both mandatory and jurisdictional. The events leading to GMM's decision to forego filing its appeal by the original April 10, 2026 deadline present no "unique circumstances" that would warrant equitable intervention. *See Bowles*, 551 U.S. at 213-15. The  United States

---

[12] Magistrate judges, and the powers granted to them, are established by the Federal Magistrate Act of 1979, 28 U.S.C. § 631 *et seq.*, not Article III. They are "creatures of statute" whose jurisdiction is authorized only by Congress. *See*, *e.g.*, *Prater v. Dep't of Corr.*, 76 F.4th 184, 194 (3d Cir. 2023) (because magistrate judges derive their power from Article I of the Constitution, not Article III, they are limited in the ways they may exercise final adjudicatory authority).

Supreme Court has made clear that federal courts "ha[ve] no authority to create equitable exceptions to jurisdictional requirements." *Id.* GMM assumed the risk.

Accordingly, based on the arguments and authorities presented herein, Alfouadi respectfully requests that the Court dismiss GMM's appeal for lack of jurisdiction.

DATED:  Honolulu, Hawaii, July 9, 2026.

s/ Brent K. Wilson
JAMES V. MYHRE
BRENT K. WILSON
Attorneys for Defendant-Appellee
RAEID J. ALFOUADI

14