EXHIBIT "D"

Angeles v. County of Los Angeles, Not Reported in Fed. Supp. (2025)

2025 WL 2019939
Only the Westlaw citation is currently available.
United States District Court, C.D. California.

Luis Enrique Aguilera ANGELES, et al.
v.
COUNTY OF LOS ANGELES, et al.

Case No. CV 23-0875-FMO (MARx)
|
Signed January 14, 2025

**Attorneys and Law Firms**

Rachel R. Raymond, Raymond and Williams, Los Angeles, CA, Robert R. Powell, Powell and Associates, San Jose, CA, for Plaintiffs.

Avi Burkwitz, Sherry M. Gregorio, Vincent Contreras, Peterson Bradford Burkwitz Gregorio Burkwitz and Su LLP, Burbank, CA, for Defendants County of Los Angeles, Jeanette Arzate, Anthony Okelola, E. Lopez.

Sasha O. Lazarevich, Los Angeles City Attorneys Office, Los Angeles, CA, Christina P. Schmidt, Office of the City Attorney - City of Los Angeles, Los Angeles, CA, for Defendants City of Los Angeles, Los Angeles Police Department, Lapd Officer Ramirez, Lapd Officer Bravo.

**Proceedings: (In Chambers) Order Re: Motion to Vacate Default Judgment [40]**

Fernando M. Olguin, United States District Judge

**\*1** Having reviewed and considered plaintiffs' Motion to Vacate Default Judgment[1] (Dkt. 40, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.[2]

On July 6, 2023, the court granted defendants' Motion to Dismiss, and plaintiffs were "granted until July 17, 2023, to file a First Amended Complaint[.]" (Dkt. 34, Court's Order of July 6, 2023, at 2). Plaintiffs were admonished that "failure to timely file a First Amended Complaint shall result in this action being dismissed without prejudice for failure to prosecute and/or failure to comply with a court order." (Id. at 2-3). Plaintiffs failed to file a first amended complaint, and on August 1, 2023, the court dismissed the case without prejudice. (See Dkt. 35, Court's Order of August 1, 2023, at 3); (Dkt. 36, Judgment). Nearly eight months later, plaintiffs filed the instant Motion pursuant to Federal Rule of Civil Procedure 60(b)(1),[3] seeking to vacate the judgment and reopen the case. (See Dkt. 40, Motion).

Rule 60(b) allows trial courts to grant relief from a final judgment for, among other things, "mistake, inadvertence, surprise, or excusable neglect[.]" Fed. R. Civ. P. 60(b)(1); see Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp., 248 F.3d 892, 899 (9th Cir. 2001) (listing reasons a moving party may be entitled to relief under Rule 60(b)). When making an "excusable neglect" determination under Rule 60(b)(1), the court must consider "all relevant circumstances," Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship ("Pioneer"), 507 U.S. 380, 395, 113 S.Ct. 1489, 1498 (1993), including the four-factor test the Supreme Court established in Pioneer: "(1) the danger of prejudice to the non-moving party; (2) the length of the filing delay and its potential impact on the proceedings; (3) the reason for the filing delay; and (4) whether the moving party acted in good faith." Washington v. Ryan, 833 F.3d 1087, 1098 (9th Cir. 2016). "The determination of whether neglect is excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Lemoge v. United States, 587 F.3d 1188, 1192 (9th Cir. 2009) (internal quotation marks omitted). "Rule 60(b) is remedial in nature and ... must be liberally applied." TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001) (internal quotation marks omitted), overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner, 532 U.S. 141, 121 S.Ct. 1322 (2001).

**\*2** First, the court begins with factor number three – the reason for the delay – as it plays a major role in the court's decision. See Skrabec v. Town of N. Attleboro, 878 F.3d 5, 9 (1st Cir. 2017) ("While each potential factor should be weighed, there is ultimately a thumb on the scale because [w]ithin the constellation of relevant factors, the most important is the reason for the particular oversight.") (internal quotation marks omitted). Plaintiffs' counsel's mother died on July 8, 2023, leaving her with "debilitating grief which caused [her] to lose sight of everything in her life at that time, which included this case[.]" (Dkt. 40, Motion at 14-15). Counsel states that her period of bereavement disrupted her "professional responsibilities, including her ability to meet

Exhibit "D"

court-imposed deadlines." (See id. at 16). According to counsel, she relied on an "experienced federal civil attorney" to serve as her co-counsel, and was "assured[,]" that the other attorney had "formally associated" onto the matter and was tending to the case. (See id. at 6).

Under the circumstances, the court is persuaded by counsel's candor and transparency, including her willingness to share, via a letter from her psychiatrist, her mental health struggles following the passing of her mother. (See Dkt. 40-1, Declaration of Rachel R. Raymond ("Raymond Decl.") at ¶¶ 3, 9-13); (Dkt. 40-2, Letter from Psychiatrist Dr. David J. Hermiz ("Letter")). Plaintiffs' counsel makes clear that the reasons for the delay were that: (1) she was caring for her ill mother; (2) her mother's condition rapidly declined; (3) her mother passed away suddenly; and (4) as a result, she suffered a serious mental health crisis. (See Dkt. 40-1, Raymond Decl. at ¶¶ 3-13); (Dkt. 40-2, Letter at 1-2). While plaintiffs' counsel should have confirmed that the attorney who had agreed to associate into the case actually did so, it was not, under the circumstances, unreasonable for plaintiffs' counsel to rely on her purported co-counsel's representations that she had followed through and associated into the case. Moreover, plaintiffs' counsel has assured the court that an experienced § 1983 federal court litigator, Robert R. Powell, will associate in as lead counsel if the court reopens the case. (See Dkt. 40-1, Raymond Decl. at ¶ 15). In short, the reason for counsel's filing delay weighs in favor of granting the Motion.

Second, the length of delay – plaintiffs filed the instant Motion, (see Dkt. 40), approximately eight months after the court dismissed the action – is no doubt significant. "If a party is partly to blame for the delay, relief must be sought within one year under subsection (1) and the party's neglect must be excusable." Pioneer, 507 U.S. at 393, 113 S.Ct. at 1497; see Fed. R. Civ. P. 60(c) ("A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."). Given the circumstances described above, the court is persuaded the length of the delay here was reasonable. See, e.g., Lemoge, 587 F.3d at 1196-97 (finding plaintiffs' delay of seven months reasonable, given counsel's traumatic medical issues including surgery). Still, the length of the delay here did have an adverse impact on the proceedings. Under the circumstances, the court finds that this factor is neutral in the Pioneer analysis.

Third, as to the danger of prejudice to the opposing party, the court finds that whatever prejudice defendants have suffered is minimal at best. Defendants contend that they "will most certainly be prejudiced" because plaintiffs failed to meet and confer prior to filing the instant Motion. (See Dkt. 41, Opp. at 5). Defendants, however, had an opportunity to file an opposition to the Motion and plaintiffs' failure to meet and confer is, at most, a violation of the Local Rules. See L.R. 7-3. In any event, defendants have pointed to no tangible harm, (see, generally, Dkt. 41, Opp. at 5-6), they will suffer should the action be reopened. See Thompson v. Am. Home Assur. Co., 95 F.3d 429, 433-34 (6th Cir. 1996) (to be considered prejudicial, "the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion"); Gobert v. All Ways Transportation, Inc., 2024 WL 2964837, *2 (C.D. Cal. 2024) (finding that "prejudice is not significant" where the case against defendants would be reopened because the case was approximately one-year old).

**\*3** Fourth, counsel for plaintiffs appears to have acted in good faith, and there is nothing in the record to demonstrate otherwise. See, e.g., Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1225 (9th Cir. 2000) (finding good faith where there was "no evidence that [movant] acted with anything less than good faith" and that the errors were not caused by "deviousness or willfulness"); Moore v. Jaime, 2021 WL 3598745, *3 (C.D. Cal. 2021) (Good faith factor weighed in favor of granting Rule 60(b) relief where movant "assert[ed] that he ... acted in good faith ... and the record [did] not present an inference to the contrary.").

Finally, defendants do not address the merits of plaintiffs' action. (See, generally, Dkt. 41, Opp. at 3-6); see also Pease v. Pakhoed Corp., 980 F.2d 995, 998 (5th Cir. 1993) ("It is well established that Rule 60(b) requires the movant to demonstrate that he possesses a meritorious cause of action."). However, a review of the Complaint, (Dkt. 1), indicates that plaintiffs may have a meritorious claim. See also Local 59 v. Superline Transp. Co., 953 F.2d 17, 20 (1st Cir. 1992) (meritorious claim or defense requirement "guards the gateway to Rule 60(b) relief"). As noted earlier, "Rule 60(b)(1) guides the balance between the overriding judicial goal of deciding cases correctly, on the basis of their legal and factual merits, with the interest of both litigants and the courts in the finality of judgments." TCI Grp. Life Ins. Plan, 244 F.3d at 695. Under Rule 60(b)(1), "the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer, 507 U.S. at 395, 113 S.Ct. at 1498. Here, having considered all the relevant circumstances, the court finds that plaintiffs have established excusable neglect within

**Angeles v. County of Los Angeles, Not Reported in Fed. Supp. (2025)**

the meaning of Rule 60(b)(1). See Pincay v. Andrews, 389 F.3d 853, 860 (9th Cir. 2004) (J. Berzon, concurring) ("Pioneer portends a balancing test, and ... whether neglect is 'excusable' is the conclusion one reaches after considering the pertinent factors, not an independent element with moral content.").

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiffs' Motion **(Document No. 40)** is hereby

**granted**. The Clerk of the court shall reopen the case.

2. Attorney Robert Powell shall forthwith file a notice of appearance in this case. Counsel for the parties shall attend a status conference in Courtroom 6D of the First Street Court on **Thursday, February 13, 2025,** at **10:00 a.m.**

**All Citations**

Not Reported in Fed. Supp., 2025 WL 2019939

Footnotes

1   Default judgment was not entered against any plaintiff in this case. Rather, plaintiffs' action was dismissed for failure to prosecute. Plaintiffs' Motion, which seeks relief under Rule 60(b)(1) of the Federal Rules of Civil Procedure, should have been captioned as a Motion for Relief from Judgment Pursuant to Rule 60(b)(1).

2   Because the parties are familiar with the facts of this case, the court recites them only as necessary.

3   All further "Rule" references are to the Federal Rules of Civil Procedure.

---

**End of Document**                                    © 2026 Thomson Reuters. No claim to original U.S. Government Works.