EXHIBIT "E"

2024 WL 3261197
Only the Westlaw citation is currently available.
United States District Court, S.D. California.

Jonas BROWN, Plaintiff,
v.
Roberto ARIAS, Defendant.

Case No. 23-cv-0778-BAS-DDL
|
Signed July 1, 2024

**Attorneys and Law Firms**

Marc Eric Norton, Zamora, CA, for Plaintiff.

Attorney General, Matthew C. Mulford, California Department of Justice-Office of the Attorney General, San Diego, CA, for Defendant.

**ORDER VACATING AND REENTERING JUDGMENT PURSUANT TO RULE 60(b)(1)**

**ECF No. 14**

Cynthia Bashant, United States District Judge

**\*1** On April 4, 2024, Plaintiff Jonas Brown ("Plaintiff" or "Brown") moved this Court to vacate and reenter its January 16, 2024, judgment so Plaintiff's Notice of Appeal could be timely. (ECF No. 14.) Plaintiff moved for such relief under Federal Rule of Civil Procedure ("Rule") 60(b)(1) on the grounds of mistake, inadvertence, surprise, or excusable neglect; and (6) on the grounds of "any other reason that justifies relief." (*Id.*) The defendant did not oppose.

Broadly, Rule 60(b) allows a district court to vacate and reenter judgment to restore the right to appeal in "limited circumstances." *Washington v. Ryan*, 833 F.3d 1087, 1091 (9th Cir. 2016). Rule 60(b)(1) specifically permits it in cases of "mistake, inadvertence, surprise, or excusable neglect." The district court is empowered to exercise this discretion to even "trigger a new filing deadline." *Washington*, 833 F.3d at 1092 (citing *Hill v. Hawes*, 320 U.S. 520, 523–24 (1944)) ("The Federal Rules of Civil Procedure permit the amendment or vacation of a judgment for clerical mistakes or errors arising from oversight or omission and authorize the court to relieve a party from a judgment or order taken against him through his mistake, inadvertence, surprise or excusable neglect.").

Having considered Plaintiff's motion and accompanying exhibits and the lack of the defendant's opposition, the Court finds all four factors considered in determining excusable neglect weigh in favor of granting Plaintiff's motion. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993). Plaintiff's counsel's legal assistant apparently attempted to file Plaintiff's Notice of Appeal more than a month before the deadline, including paying the requisite filing fee, but failed to complete the filing due to clerical error. (ECF No. 17-4.) Any delay caused by this neglect prejudices the plaintiff, not the defendant, as the plaintiff must suffer a delayed appeals process. Additionally, because Plaintiff is serving a life sentence, the stakes of this case are also extraordinarily high, which further weighs in favor of granting the motion. *Washington*, 833 F.3d at 1098. Accordingly, Plaintiff's motion is hereby **GRANTED**. The Clerk of Court is instructed to vacate its prior judgment in this case. (ECF No. 14.) Subsequently, the Clerk of Court is instructed to enter a new judgment in this case with the date of this order. Plaintiff must file his Notice of Appeal, to the extent he still wishes to file one, no later than **July 31, 2024**.

**IT IS SO ORDERED.**

**All Citations**

Not Reported in Fed. Supp., 2024 WL 3261197

---

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT "E"