EXHIBIT "G"

2025 WL 1467423
Only the Westlaw citation is currently available.
United States Court of Appeals, Ninth Circuit.

Adolfo GARCIA, Personal Representative/Successor-in-Interest, Plaintiff - Appellant,
v.
COSTCO WHOLESALE CORPORATION, Defendant - Appellee,
and
Jen Pell, Does, 1 to 50, Inclusive, Defendants.

No. 24-1485
|
Submitted May 14, 2025* Pasadena, California
|
FILED MAY 22, 2025

Appeal from the United States District Court for the Central District of California, Michael W. Fitzgerald, District Judge, Presiding, D.C. No. 2:23-cv-01727-MWF-MAR

**Attorneys and Law Firms**

Arturo T. Salinas, Law Offices of Jacob Emrani, Los Angeles, CA, for Plaintiff - Appellant.

Jeffrey Tsao, Lagasse Branch Bell and Kinkead, LLP, Los Angeles, CA, for Defendant - Appellee.

Before: IKUTA, R. NELSON, and LEE, Circuit Judges.

MEMORANDUM**

**\*1** Apolonia Cortes appeals from the district court's denial of her motion to set aside the order of dismissal pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure (the Rule 60(b)(1) motion).[1] We have jurisdiction under 28 U.S.C. § 1291. We affirm.

The district court did not abuse its discretion in denying Cortes's Rule 60(b)(1) motion, *see Latshaw v. Trainer*

*Wortham & Co., Inc.*, 452 F.3d 1097, 1100 (9th Cir. 2006), as it properly applied the four factors set forth in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993).

With respect to the first *Pioneer* factor, prejudice to the nonmovant, the district court did not abuse its discretion in concluding that, given the loss of evidence that had resulted from Cortes's death, the prejudice to Costco Wholesale Corporation (Costco) counseled against granting the Rule 60(b)(1) motion. The district court reasonably rejected Cortes's argument that Costco bore responsibility for the loss of evidence because it postponed Cortes's deposition until after the parties' conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. Although Cortes's death prejudiced both parties, *Pioneer* does not require a consideration of prejudice to the moving party. 507 U.S. at 395. Therefore, the district court did not abuse its discretion in concluding that the first *Pioneer* factor weighed against granting Cortes's Rule 60(b)(1) motion.

Nor did the district court abuse its discretion in determining that the second *Pioneer* factor, the length of delay and its impact on judicial proceedings, weighed against granting Cortes's Rule 60(b)(1) motion. Delays of similar duration may be excusable. *See Lemoge v. United States*, 587 F.3d 1188, 1197 (9th Cir. 2009) (concluding that a delay of "about seven months" was excusable). However, whether a Rule 60(b)(1) motion was made within a reasonable time "depends upon the facts of each case." *Id.* at 1196. Here, the district court dismissed the case without prejudice in May 2023, Cortes died in August 2023, and counsel filed its Rule 60(b)(1) motion in January 2024. Given the loss of evidence that resulted from Cortes's death, the delay of nearly eight months after the district court dismissed the case was significant.

Cortes concedes that the district court did not err in determining that the third *Pioneer* factor, the reason for the delay, weighed against granting her Rule 60(b)(1) motion.

Last, the district court did not err in concluding that the final *Pioneer* factor, good faith, counseled in favor of granting the motion.

Because three out of four *Pioneer* factors weighed against granting Cortes's Rule 60(b)(1) motion, the district court did not abuse its discretion in denying that motion. *Cf. Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000) (holding that a district court abuses its discretion when it fails to "conduct the equitable analysis

EXHIBIT "G"

**Garcia v. Costco Wholesale Corporation, Not Reported in Fed. Rptr. (2025)**

---

laid out in *Pioneer*”).

**\*2 AFFIRMED.**[2]

Footnotes

\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1    Cortes died in August 2023. Cortes's son and personal representative, Adolfo Garcia, has been substituted as plaintiff-appellant in this case. Dkt. 35.

2    Costco's motion for judicial notice (Dkt. 25) is DENIED.

**All Citations**

Not Reported in Fed. Rptr., 2025 WL 1467423

---

**End of Document**    © 2026 Thomson Reuters. No claim to original U.S. Government Works.