EXHIBIT "H"

2025 WL 2182693
Only the Westlaw citation is currently available.
United States District Court, D. Hawai'i.

Celeste M. GONSALVES, Plaintiff,
v.
Prosecutor Steven S. ALM, et al.,
Defendants

CASE NUMBER: 1:25-cv-00053-SASP-WRP
|
Filed June 26, 2025

**Attorneys and Law Firms**

Celeste M. Gonsalves, Kailua, HI, Pro Se.

MINUTE ORDER

**EO: COURT ORDER DENYING PLAINTIFF'S "MOTION TO VACATE FINAL JUDGMENT FILED APRIL 21, 2025 PURSUANT TO FRCP RULE 60(b)(1)" [FILED 5/19/2025 (ECF NO. 11)]**

Shanlyn A. S. Park

**\*1** Before the Court is Plaintiff Celeste M. Gonsalves' ("Plaintiff") "Motion to Vacate Final Judgment Filed April 21, 2025 Pursuant to FRCP Rule 60(b)(1)" ("Motion"). [ECF No. 11.] For the reasons set forth herein, Plaintiff's Motion is DENIED.

On April 21, 2025, the Court issued an Order Dismissing the Complaint with Prejudice and Adopting Magistrate Judge's Findings and Recommendation ("Order"), and Judgment was entered. [ECF Nos. 9 & 10, respectively.][1] The Court's Order dismissing the Complaint was based on absolute prosecutorial immunity, the doctrine of separation of powers, and the lack of a cognizable constitutional violation under 42 U.S.C. § 1983. [*See* ECF

No. 9 at PageID.124–31.] Specifically, the Court found that the Defendants, who are county prosecutors, are protected by absolute immunity for their prosecutorial decisions, which are "intimately associated with the judicial phase of the criminal process." [*Id.* at PageID.129–31.] The Court also determined that Plaintiff's request for equitable relief violated the doctrine of separation of powers, as federal courts cannot compel prosecutors to investigate or prosecute. [*Id.* at PageID.124–26.] Additionally, the Court concluded that Plaintiff failed to demonstrate a violation of constitutional rights, as there is no constitutional right to an investigation or prosecution. [*Id.* at PageID.126–29.]

On May 19, 2025, Plaintiff filed the subject Motion, ECF No. 11, arguing that the recent Hawai'i Supreme Court decision in *McGuire v. County of Hawai'i*, 155 Hawai'i 475, 567 P.3d 180 (2025), directly impacts the legal findings in the Order. Additionally, Plaintiff seeks to amend her Complaint to assert a claim pursuant to 18 U.S.C. § 3771, Crime Victims' Rights Act ("CVRA"), and now seeks monetary damages, when she previously denied making such a request.[2] For the reasons discussed, Plaintiff's Motion is DENIED.

Federal Rules of Civil Procedure Rule 60(b)(1) provides that a court may relieve a party or a party's legal representative from a final judgment based on mistake, inadvertence, surprise, or excusable neglect. A judge's error of law qualifies as a "mistake" under Rule 60(b)(1) even if the error is not an obvious legal mistake. *Kemp v. United States*, 596 U.S. 528, 533–34 (2022).

In her Motion, Plaintiff argues that the *McGuire* decision directly impacts this Court's findings. In *McGuire*, the Hawai'i Supreme Court declined to extend state sovereign immunity to county prosecutors, affirming they are subject to suit under 42 U.S.C. § 1983 as county officials. *McGuire*, 155 Hawai'i at 484, 567 P.3d at 189. The *McGuire* decision clarifies that county prosecutors are considered a "person" under § 1983 and can be sued in their official capacities for constitutional violations. *Id.* However, in doing so, the Hawai'i Supreme Court recognized that judicially fashioned immunity still shields county prosecutors and their deputies in their individual capacities, as such county prosecutors enjoy absolute immunity from § 1983 suits for damages when they act within the scope of their prosecutorial duties. *Id.* at 486–87, 567 P.3d at 191–92 (citing *Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009) (absolute immunity from § 1983 liability attaches "when a prosecutor prepares to initiate a judicial proceeding" or "appears in court to present evidence in support of search warrant

EXHIBIT "H"

application")). Therefore, while *McGuire* clarifies the lack of sovereign immunity for county prosecutors, it does not affect the applicability of absolute prosecutorial immunity, which when applied to the facts of this case warrant a dismissal. [*See also* ECF No. 9 at PageID.129–30 (discussing absolute immunity in the context of prosecutorial discretion).] Accordingly, Plaintiff is not entitled to relief under Rule 60(b)(1).

**\*2** To the extent that Plaintiff seeks leave of court to amend her claim based on her understanding of the CVRA, 18 U.S.C. § 3771, such a request is denied as being futile. While a claim may be asserted, under the CVRA, by a crime victim or the crime victim's lawful representative, the statute defines a "crime victim" as "a person directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia." 18 U.S.C. § 3771(e)(2)(A). Victims of state offenses are only afforded these protections in a federal habeas corpus proceeding arising out of a state conviction. *Id.* § 3771(b)(2). Plaintiff does not satisfy either definition. Moreover, the CVRA makes clear that "[n]othing in this chapter shall be construed to authorize a cause of action for damages or to create, to

enlarge, or to imply any duty or obligation to any victim or other person for the breach of which the United States or any of its officers or employees could be held liable in damages." *Id.* § 3771(d)(6). Assuming for purposes of the Court's analysis that Plaintiff is a crime victim as defined, no cause of action for damages can be asserted against the United States, and thus, the same considerations would seem to apply to a county prosecutor. Accordingly, Plaintiff's request to amend her complaint to bring a cause of action pursuant to 18 U.S.C. § 3771 is denied, as such amendment would be futile.

For the reasons stated herein, Plaintiff's Motion [ECF No. 11] is hereby DENIED.

IT IS SO ORDERED.

**All Citations**

Slip Copy, 2025 WL 2182693

Footnotes

1    For a detailed summary of the allegations contained in the Complaint, see ECF No. 9 at PageID.2–3.

2    In "Plaintiff Celeste M. Gonsalves' Objections Per LR74.1 of Magistrate Judge Wes Porter's Findings and Recommendations to Dismiss Plaintiff's Complaint Without Leave to Amend Filed on March 12, 2025," Plaintiff states, "This particular lawsuit unequivocally does not request for any Damages whatsoever." [ECF No. 8 at PageID.115.]

**End of Document**                                   © 2026 Thomson Reuters. No claim to original U.S. Government Works.