EXHIBIT "I"

2024 WL 4749217
Only the Westlaw citation is currently available.
United States District Court, C.D. California.

Jorge GUDINO, Petitioner,
v.
Raymond MANNING, Warden,
Respondent.

Case No. 2:21-cv-03387-MCS-MAR
|
Signed June 26, 2024

**Attorneys and Law Firms**

Emry J. Allen, Emry Allen Law Offices, Elk Grove, CA, for Petitioner.

Herbert S. Tetef, CAAG - Office of Attorney General, Los Angeles, CA, for Respondent.

**ORDER RE: MOTION FOR RELIEF FROM JUDGMENT (ECF NO. 29)**

MARK C. SCARSI, UNITED STATES DISTRICT JUDGE

**\*1** The Court entered judgment dismissing Petitioner Jorge Gudino's petition for a writ of habeas corpus under 28 U.S.C. § 2254 but granted a certificate of appealability as to one of his claims. (Judgment, ECF No. 21; Order Granting Certificate of Appealability, ECF No. 22.) The Ninth Circuit dismissed his untimely appeal for want of jurisdiction. (Order, ECF No. 28.) Petitioner now moves the Court for relief from the judgment under Federal Rule of Civil Procedure 60(b), asking the Court to renew the judgment in order to reopen the time to appeal. (Mot., ECF No. 29.) Respondent Raymond Manning opposes the motion. (Opp'n, ECF No. 31.) The Court deems the motion appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

"[F]ederal court authority to relieve parties from judgment ... vested in Rule 60(b)[ ] includes the authority to vacate and reenter the judgment in extraordinary circumstances to restore the thirty-day opportunity to appeal." *Washington v. Ryan*, 833 F.3d 1087, 1097 (9th Cir. 2016). Relief under Rule 60(b) "is an extraordinary remedy and is granted only in exceptional circumstances." *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005) (internal quotation marks omitted). Under the rule, "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for, among other reasons, "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). Whether there is excusable neglect depends upon an analysis of four factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Petitioner submits that extraordinary relief under Rule 60(b)(1) is appropriate for his counsel's excusable neglect, as counsel's inattentiveness to the entry of judgment, ascribed to a "serious respiratory infection that seriously compromised [his] ability t [sic] meet the obligations of [his] caseload," prevented Petitioner from taking a timely appeal of the judgment. (Req. 65–66, ECF No. 23;[1] *see* Mot. 3.)

Respondent concedes that "it does not appear [he] will suffer any prejudice" if relief were granted. (Opp'n 4.) Further, the Court concurs with Respondent that the record does not show that Petitioner acted in bad faith. (*Id.*) Both these factors favor relief.

The delay is significant: Petitioner's counsel did not discover the entry of judgment for five months. (Req. 66.) Although Petitioner sought relief from the appeal deadline shortly after counsel took notice of the entry of judgment, he delayed months in seeking relief under Rule 60(b) after the Court signaled that the rule might afford Petitioner relief. (*Compare* Order Re: Req., ECF No. 27 (filed Oct. 19, 2023), *with* Mot. (filed Apr. 23, 2024).) While the first delay might be excusable due to counsel's illness, counsel offers no explanation for the second. That said, Petitioner filed the motion within one year of entry of judgment, Fed. R. Civ. P. 60(c)(1), and the length of the delay does not threaten to meaningfully impact the proceedings. Although the parties' counsel might have lost familiarity with the case in the fourteen months since entry of judgment, the underlying habeas issue subject to the

WESTLAW    © 2026  Thomson Reuters. No claim to original U.S. Government Works.    1

EXHIBIT "I"

Gudino v. Manning, Not Reported in Fed. Supp. (2024)

proposed appeal is a legal one to be resolved on a fixed record. In the context of the postconviction proceedings as a whole, which began over seven years ago, the months-long delay here is relatively insignificant. *Cf. Washington*, 833 F.3d at 1098 ("[E]ven considering the time required to resolve the Rule 60(b) motion, reentering judgment so that Washington's appeal could move forward would have added only an insignificant amount of time in the context of this case."). The length of the delay weighs only weakly against the relief requested.

**\*2** There is a mixed record on the reason for the delay. Respondent argues that "counsel's failure to review his emails for five months following his illness appears to evince a lack of diligence." (Opp'n 4.) Petitioner submits that his counsel was ill "[d]uring the last half of April, 2023," which "essentially brought [his practice] to a halt." (Req. 65–66.) The illness had a "spillover effect ... over the subsequent weeks and months." (*Id.* at 66.) Counsel was still catching up on his case obligations through June 2023. (*See id.* at 69–79.) Counsel submits that he did not become aware of entry of judgment until September 2023 "while reviewing past emails" he previously missed. (*Id.* at 66.) Although counsel might be faulted for not reviewing important communications from the Court about the case for five months, the Court entered judgment "squarely in the middle of the period" counsel's illness impacted his practice. (*Id.*) Overlooking an automatically generated notice of electronic filing at that time is understandable given the paucity of movement in the court docket; entry of judgment followed two months

after the Magistrate Judge issued her report and recommendation and eighteen months after the case was fully briefed. On the whole, the Court declines to conclude that counsel was not diligent, and the reason for the delay favors relief from judgment.

Respondent argues that Petitioner should not receive relief because this is not a death penalty case, unlike *Washington*. (Opp'n 4.) Even if Petitioner's sentence does not involve capital punishment, this is not a run-of-the-mill civil case for damages: Petitioner's liberty is at issue. The stakes are high. *See Washington*, 833 F.3d at 1098 ("[C]onsistent with the Supreme Court's emphasis in Pioneer that all relevant circumstances surrounding the parties' failure to make a timely filing must be considered, ... we consider the stakes at issue." (citation and internal quotation marks omitted)). Given those stakes, the Court finds the *Pioneer* factors on balance weigh in favor of relief.

The motion is granted. The Court directs the Clerk to enter an amended judgment.

**IT IS SO ORDERED.**

**All Citations**

Not Reported in Fed. Supp., 2024 WL 4749217

Footnotes

1    The Court considers Petitioner's prior request to reopen the time to appeal in evaluating the motion, and accepts the representations made under penalty of perjury therein. Pinpoint citations of the request refer to the page numbers assigned by CM/ECF.

**End of Document**    © 2026 Thomson Reuters. No claim to original U.S. Government Works.