EXHIBIT "K"

Case 1:22-cv-00064-JAO-KJM    Document 301-13    Filed 07/28/26    Page 2 of 5
PageID.5616

Moore v. Jaime, Not Reported in Fed. Supp. (2021)


2021 WL 3598745
Only the Westlaw citation is currently available.
United States District Court, C.D. California.

Ulysses Franklin MOORE, Jr., Petitioner,
v.
George JAIME, Warden, Respondent.

Case No. 5:18-cv-00907-JLS-MAA
|
Signed 03/24/2021

**Attorneys and Law Firms**

Ulysses Franklin Moore, Jr., San Luis Obispo, CA, Pro Se.

Kristen Kinnaird Chenelia, CAAG - Office of Attorney General California Department of Justice, San Diego, CA, for Respondent.

**ORDER GRANTING MOTION/REQUEST FOR RECIND [*sic*] AND WITHDRAWAL OF COURT'S 1-4-21 ORDER DISMISSING PETITION AND DISMISSING ACTION WITHOUT PREJUDICE (ECF NO. 55); ORDERING PETITONER TO FILE OPPOSITION TO RESPONDENT'S MOTION TO DISMISS (ECF NO. 48)**

JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE

**\*1** On January 14, 2021, Petitioner Ulysses Franklin Moore, Jr. ("Petitioner") constructively filed a document entitled "Motion/Request For Recind [*sic*] and Withdrawal of Court's 1-4-21 Order Dismissing Petition and Dismissing Action Without Prejudice ("Motion to Reopen").[1] (Mot. to Reopen, ECF No. 55.) For the following reasons, the Court **GRANTS** the Motion to Reopen.

**I. BACKGROUND**

On April 30, 2018, the Court received and filed Petitioner's *pro se* Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). (Pet., ECF No. 1.) The Court received and filed Petitioner's operative Second Amended Petition ("SAP") on February 19, 2020. (SAP, ECF No. 47.)

On March 4, 2020, Respondent filed a Motion to Dismiss the SAP ("Motion to Dismiss"). (Mot. to Dismiss, ECF No. 48.) Petitioner's Opposition to the Motion to Dismiss was due within thirty days after service of the Motion to Dismiss. (ECF No. 46. at 4.)

On June 4, 2020, the Court issued an Order *sua sponte* extending Petitioner's Opposition deadline to August 3, 2020 upon discovery that Petitioner had been transferred from his institution of record ("June 4 Order"). (June 4, 2020 Or., ECF No. 50.) The Court also ordered Petitioner to file a notice of change of address pursuant to Local Rule 41-6. (*Id.* at 1.)

On June 19, 2020, Petitioner filed the required Notice of Change of Address. (ECF No. 51.) However, Petitioner did not file his Opposition to the Motion to Dismiss.

On September 9, 2020, the Court issued an Order to Show Cause regarding Petitioner's failure to file an Opposition to Respondent's Motion to Dismiss ("September 9 Order"). (Sept. 9, 2020 Or., ECF No. 9.) The Court ordered Petitioner to show cause by November 9, 2020 why the Court should not recommend that the case be dismissed for failure to file an Opposition to the Motion. (*Id.* at 1–2.) The September 9 Order stated that "[i]f Petitioner file[d] an Opposition on or before that date, the Order to Show Cause [would] be discharged, and no additional action need be taken." (*Id.*)

On January 4, 2021, in the absence of an Opposition or any other response from Petitioner, the Court issued an Order granting Respondent's Motion to Dismiss pursuant to Local Rule 7-12 and dismissing the SAP ("January 4 Order"). (Jan. 4, 2021 Or., ECF No. 52.) The Court entered judgment dismissing the action without prejudice. (Jan. 4, 2021 J., ECF No. 54.)

**II. PETITIONER'S MOTION TO REOPEN**

In his Motion to Reopen, Petitioner states that "extraordinary circumstances" caused his inadvertent failure to respond to the Court and contends that "to the

WESTLAW    © 2026  Thomson Reuters. No claim to original U.S. Government Works.    1

EXHIBIT "K"

best of his recollection, he timely filed an Opposition herein, yet he concedes that due to the extraordinary circumstances he cannot provide the Court with sufficient corroborative evidence to support." (Mot. to Reopen 1.)[2] Petitioner points out that he promptly updated his address when ordered to do so and avers that this "is representative of his habit and custom of timely filing necessary motions." (*Id.* at 1–2.) He states that the global COVID-19 pandemic and the recent deaths of several of his relatives, including his mother, interfered with his ability to monitor and prosecute this case. (*Id.* at 2.) Petitioner reiterates that he filed (or attempted to file) his Opposition in good faith and has not deliberately failed to prosecute this action, and requests that the Court rescind its January 4 Order. (*Id.*)

**\*2** On February 8, 2021, the Court ordered Respondent to file a response to the Motion to Reopen. (Feb. 8, 2021 Or., ECF No. 56.) On February 22, 2021, Respondent filed a response stating that he does not oppose the Motion to Reopen. (Feb. 22, 2021 Response, ECF No. 57.)

### III. LEGAL STANDARD

Pursuant to Rule 60(b)(1), a court may relieve a party from a final judgment, order, or proceeding for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). In the habeas context, "a central purpose of Rule 60(b)" is to grant relief from judgments that "would prevent the true merits of a petitioner's constitutional claims from ever being heard." *Phelps v. Alameida*, 569 F.3d 1120, 1140 (9th Cir. 2009). "Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Derrick v. Koening*, Case No. SACV 18-865-CAS (KK), 2018 WL 3471002, 2018 U.S. Dist. LEXIS 227101 (C.D. Cal. Sept. 28, 2018) (citing *Engleson v. Burlington N. R.R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1992)). The movant "bears the burden of proving the existence of a justification for Rule 60(b) relief." *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988). The disposition of a Rule 60(b) motion for relief from judgment is within "the sound discretion of the district court." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004).

Under Rule 60(b)(1), "[e]xcusable neglect 'encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence,' and includes 'omissions caused by carelessness.' " *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (second alteration in original) (quoting *Pioneer Inv. Servs. Co. v.*

*Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388, 394, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)). "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.' " *Id.* (quoting *Pioneer*, 507 U.S. at 395, 113 S.Ct. 1489).

Generally, courts considering whether to set aside a judgment pursuant to Rule 60(b)(1) evaluate four factors: (1) the danger of prejudice to the adverse party; (2) the length of any delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the moving party acted in good faith. *Pioneer*, 507 U.S. at 395, 113 S.Ct. 1489; *see also Washington v. Ryan*, 833 F.3d 1087, 1098 (9th Cir. 2016) (applying *Pioneer* standard to habeas petitioner's Rule 60(b)(1) motion); *accord Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000).

### IV. DISCUSSION
The Court analyzes the *Pioneer* factors in turn and concludes that, on balance, relief pursuant to Rule 60(b)(1) is warranted.

#### A. Risk of Prejudice to Respondent
There is a presumption of prejudice against the nonmoving party unless the movant provides a nonfrivolous justification for the delay. *See Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998). Here, Petitioners' justification for the delay was his belief that he had filed his Opposition and the extraordinary circumstances caused by the global COVID-19 pandemic and the deaths of Petitioner's relatives. (Mot. to Reopen 1–2.) Once a petitioner "has come forth with an excuse for his delay that is anything but frivolous, the burden of production shifts to the [respondent] to show at least some actual prejudice." *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1281 (9th Cir. 1980). Therefore, this factor weighs in favor of finding excusable neglect because Respondent does not oppose the Motion to Reopen. (*See* Feb. 22, 2021 Response.)

#### B. Length of Delay and Potential Impact on

### Proceedings

**\*3** Next, the Court considers the length of Petitioner's delay and its potential impact on these court proceedings. *See Bateman*, 231 F.3d at 1223, 1225. On the one hand, assuming the truth of Petitioner's allegation that he believed he had filed his Opposition to the Motion to Dismiss, Petitioner still caused a delay of several months by failing to take steps to ensure that the Court had received his Opposition after he received the Court's June 4 Order, or to respond to the Court's September 9 Order, which clearly indicated that the Court had not received Petitioner's Opposition. However, Petitioner promptly filed his Motion to Reopen ten days after the Court issued its January 4 Order dismissing the action without prejudice.

While Petitioner's failure to timely file his Opposition has delayed the Court's adjudication of Respondent's Motion to Dismiss by several months, it has not had any other adverse impact on these proceedings. Considering the overall length of the proceedings, which began in April 2018, the Court finds that the length of Petitioner's delay by itself does not require denying his Motion to Reopen.

### C. Reason for Delay

As to the reason the reason for the delay, Petitioner states that he believed he filed his Opposition, although he acknowledges that he cannot provide proof of such filing. (Mot. to Reopen 1.) Petitioner states that his ability to monitor and prosecute this case was adversely affected by the COVID-19 pandemic as well as the trauma of losing several relatives in the past year. (*Id.* at 1–2.) Further, although Petitioner does not specifically mention the impact of COVID-19-related prison restrictions, such as limitations on law library access, the Court is fully aware of Petitioner's status as a *pro se* and incarcerated litigant. Overall, the Court finds that this factor weighs in favor of granting the Motion to Reopen.

### D. Movant's Good Faith

Finally, as to the fourth factor, Petitioner asserts that he has acted in good faith (Mot. to Reopen 2), and the record does not present an inference to the contrary. Accordingly, this factor weighs in favor of granting Rule 60(b) relief.

### E. Balancing the *Pioneer* Factors

Having considered the *Pioneer* factors, the Court concludes that, on balance, relief from the judgment pursuant to Rule 60(b)(1) is warranted.

### IT THEREFORE IS ORDERED:

1. Petitioner's Motion to Reopen (ECF No. 55) is **GRANTED**.

2. The Clerk is directed to reopen the case (JS-5).

3. The Judgment of January 4, 2021 (ECF No. 54) is vacated.

4. Absent further extensions based upon Petitioner's showing of good cause, Petitioner shall file his Opposition to the Motion to Dismiss no later than thirty days after the date this Order is issued. **Petitioner is expressly cautioned that his failure to timely file an Opposition will be construed as consent to granting the Motion to Dismiss pursuant to Local Rule 7-12 and will also result in dismissal for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).**

5. The action is referred to the assigned Magistrate Judge for further proceedings consistent with this Order.

### All Citations

Not Reported in Fed. Supp., 2021 WL 3598745

---

Footnotes

1    Petitioner is entitled to a constructive filing date of January 14, 2021 because he has attached a sworn proof of service stating that he deposited the Motion to Reopen, with postage fully pre-paid, into the prison's mail system on that date. (Mot. to Reopen 3.) *See* Rule 3(d), Rules Governing Section 2254 Cases in the District Courts.

---

WESTLAW    © 2026 Thomson Reuters. No claim to original U.S. Government Works.

**Moore v. Jaime, Not Reported in Fed. Supp. (2021)**

2       Pinpoint citations of the parties' filings in this Report and Recommendation refer to the page numbers appearing in the ECF-generated headers.

**End of Document**                                      © 2026 Thomson Reuters. No claim to original U.S. Government Works.