IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GREEN MOUNTAIN MYCOSYSTEMS LLC,<br><br>Plaintiff,<br><br>vs.<br><br>RAIED J. ALFOUADI,<br><br>Defendant. | CIV. NO. 22-00064 JAO-KJM<br><br>INDICATIVE RULING REGARDING PLAINTIFF'S MOTION FROM JUDGMENT UNDER FRCP 60(B)(1) (ECF NO. 301) |

**INDICATIVE RULING REGARDING PLAINTIFF'S MOTION FROM JUDGMENT UNDER FRCP 60(B)(1) (ECF NO. 301)**

Following a bench trial, the Court issued Findings of Fact and Conclusions of Law in which it found against Plaintiff and in favor of Defendants on all claims. ECF No. 283. The Clerk of Court accordingly entered Judgment the same day, March 11, 2026, which initiated Plaintiff's 30-day deadline to appeal. ECF No. 284; Fed. R. App. P. 4(a)(1)(A). Prior to the expiration of that deadline, Plaintiff moved for an extension of time based on ongoing settlement negotiations that would have resolved the need to appeal. *See* ECF No. 288 at 2. As the Court understands it, during that time, Chief Magistrate Judge Kenneth J. Mansfield was facilitating the negotiations, *see* ECF Nos. 291, 292, and thus granted Plaintiff's motion for an extension, re-setting the appeal deadline to May 11, 2026, ECF No.

290. Settlement discussions ultimately failed, ECF No. 292, and Plaintiff filed a Notice of Appeal on May 11, ECF No. 294.

On June 10, the Ninth Circuit issued an order questioning whether magistrate judges may extend the time to appeal absent consent, and thus whether the instant Notice of Appeal was timely. *See* ECF No. 301-3. That court directed Plaintiff to dismiss the appeal or file a statement explaining why it should not be dismissed for lack of jurisdiction. *See id.* at 3. The parties filed the requested briefing in the Ninth Circuit, and as of now, the appeal remains pending. *See* ECF Nos. 301-4, 301-5.

Back in this Court, Plaintiff filed a Motion from Judgment under Federal Rule of Civil Procedure (60)(b)(1) ("Motion"). ECF No. 301. The Motion takes the position that if Judge Mansfield lacked authority to grant the extension of time to appeal, then Plaintiff's motion to extend is still pending, so the Court should vacate the order granting the extension and then grant the motion to extend under Rule 60(b)(1). *See* ECF No. 301-1 at 5. Presently, however, because the Motion was filed after Plaintiff's Notice of Appeal, the Court lacks jurisdiction to grant the Motion outright, and as such Plaintiff asks for an indicative ruling under Rule

62.1[1] that the Court *would* grant the Motion. *See id.* Defendant takes no position on the Motion.

While the Court is somewhat unclear as to the best procedural mechanism to afford Plaintiff relief, the Court states unequivocally that it would grant the Motion and issue whatever order is within its authority to allow Plaintiff to timely appeal. Whether that takes the form of treating Judge Mansfield's grant of extension as a Report and Recommendation, or vacating Judge Mansfield's order to enter the order itself, the Court will determine at a later date if given the opportunity. Indeed, if Judge Mansfield had not granted Plaintiff's motion to extend time to appeal, the Court would have done so itself to encourage the good faith settlement negotiations that were taking place. The Court also notes that Plaintiff was diligent in seeking the extension, reasonably relied on Judge Mansfield's grant of the extension, and appealed within the re-set deadline. The Court also emphasizes that Defendant will suffer no prejudice if Plaintiff is allowed to appeal. Suffice it to say, the Court thinks that Plaintiff should not lose its right to appeal through no fault of its own.

---

[1] Rule 62.1(a)(3) provides: "If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: . . . (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."

## CONCLUSION

Based on the foregoing, the Court indicates pursuant to Rule 62.1(a)(3) that it would grant the Motion.

IT IS SO ORDERED.

DATED: Honolulu, Hawai‘i, August 18, 2026.

Jill A. Otake
United States District Judge

CIV. NO. 22-00064 JAO-KJM, *Green Mountain Mycosystems, LLC v. Alfouadi*; INDICATIVE RULING REGARDING PLAINTIFF’S MOTION FROM JUDGMENT UNDER FRCP 60(B)(1) (ECF No. 301).