IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GREEN MOUNTAIN MYCOSYSTEMS LLC,<br><br>Plaintiff,<br><br>vs.<br><br>RAIED J. ALFOUADI,<br><br>Defendant. | CIV. NO. 22-00064 JAO-KJM<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF UNDER FRCP 60(b)(1) (ECF NO. 301) AND EXTENDING TIME TO APPEAL |

**ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF UNDER FRCP 60(b)(1) (ECF NO. 301) AND EXTENDING TIME TO APPEAL**

Following limited remand from the Ninth Circuit, ECF No. 304, pending before the Court is Plaintiff's Motion for Relief Under Fed. R. Civ. P. 60(b)(1) ("Motion"), in which Plaintiff seeks an extension of time to appeal the Court's judgment. ECF No. 301.

For the following reasons, the Court GRANTS the Motion. The Court thus VACATES the Court's current judgment and directs the Clerk of Court to reenter judgment. The Court reopens Plaintiff's time to appeal for fourteen days from the entry of this order. *See* Fed. R. App. 4(a)(5).

## I. BACKGROUND

Following a bench trial, the Court issued Findings of Fact and Conclusions of Law in which it found against Plaintiff and in favor of Defendants on all claims. ECF No. 283. The Clerk of Court accordingly entered Judgment the same day, March 11, 2026, which initiated Plaintiff's 30-day deadline to appeal. ECF No. 284; Fed. R. App. P. 4(a)(1)(A). Prior to the expiration of that deadline, Plaintiff moved for an extension of time based on ongoing settlement negotiations that would have resolved the need to appeal ("Motion for Appeal Extension"). *See* ECF No. 288 at 2. As the Court understands it, during that time, Chief Magistrate Judge Kenneth J. Mansfield was facilitating the negotiations, *see* ECF Nos. 291, 292, and thus granted Plaintiff's Motion for Appeal Extension, re-setting the appeal deadline to May 11, 2026, ECF No. 290. Settlement discussions ultimately failed, ECF No. 292, and Plaintiff filed a Notice of Appeal on May 11, ECF No. 294.

On June 10, the Ninth Circuit issued an order questioning whether magistrate judges may extend the time to appeal absent consent, and thus whether the instant Notice of Appeal was timely. *See* ECF No. 301-3. That court directed Plaintiff to dismiss the appeal or file a statement explaining why it should not be dismissed for lack of jurisdiction. *See id.* at 3. The parties filed the requested briefing in the Ninth Circuit. *See* ECF Nos. 301-4, 301-5.

Back in this Court, Plaintiff filed the instant Motion, ECF No. 301, but the Court lacked jurisdiction at that time because of the pending appeal. As such, Plaintiff asked the Court for an indicative ruling under FRCP 62.1[1] that the Court *would* grant the Motion if the Ninth Circuit remanded the case. *See* ECF No. 301-1 at 5. The Court issued the indicative ruling signaling that it would grant Plaintiff's Motion to extend the time to appeal. ECF No. 303. On August 25, 2026, the Ninth Circuit remanded the case for the limited purpose of considering the Motion. *See* ECF No. 304. The Motion is therefore properly before this Court.

Defendant takes no position on the Motion. ECF No. 302.

## II. DISCUSSION

FRCP 60(b)(1) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "Mistake" includes a judge's legal errors. *See Kemp v. United States*, 596 U.S. 528, 533–34 (2022). "Rule 60(b) permits the district court to vacate and reenter judgment to restore the right to appeal in limited

[1] Rule 62.1(a)(3) provides: "If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: . . . (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."

circumstances." *Washington v. Ryan*, 833 F.3d 1087, 1091 (9th Cir. 2016). To determine whether to grant relief under FRCP 60(b)(1) in delayed appeal cases, courts consider "(1) the danger of prejudice to the non-moving party; (2) the length of the filing delay and its potential impact on the proceedings; (3) the reason for the filing delay; and (4) whether the moving party acted in good faith." *Id.* at 1098 (citations omitted). Courts also consider the moving party's diligence. *See id.*

The Court concludes that the factors all support granting Plaintiff's Motion. First, there is no indication that Defendants will be prejudiced by the delayed appeal as evidenced by their lack of opposition to the Motion. Second, the months-long delay in appeal is "insignificant" in the context of this case, which has been pending since 2022. *See Washington*, 833 F.3d at 1098. Third, Plaintiff bears no responsibility for any delay. To the extent Magistrate Judge Mansfield lacked authority to grant Plaintiff's initial Motion for Appeal Extension, it was the Court's mistake to fail to recognize any problem with Judge Mansfield issuing the order. If the Court had foreseen any issue with the timeliness of Plaintiff's initial attempt to appeal, it would have stepped in and granted the Motion for Appeal Extension itself. Finally, Plaintiff has demonstrated diligence and acted in good faith in its attempts to maintain its appeal rights. It filed the Motion for Appeal Extension before its 30-day appeal deadline had lapsed and then relied on Magistrate Judge Mansfield's grant of the extension in good faith. *See* ECF No.

288. Plaintiff then appealed within what it believed to be a valid extended deadline. ECF No. 294. After the Ninth Circuit questioned the timeliness of the appeal, Plaintiff promptly raised the issue with this Court with the instant Motion. There is little else Plaintiff could have done to preserve its right to appeal.

As such, the Court GRANTS the Motion.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion. The Court thus VACATES the March 11, 2026 Clerk's Judgment, ECF No. 284 and DIRECTS the Clerk to reenter judgment in accordance with the Court's Findings of Fact and Conclusions of Law, ECF No. 283. The Court reopens Plaintiff's time to appeal for fourteen days from the entry of this order. *See* Fed. R. App. 4(a)(5).

IT IS SO ORDERED.

DATED: Honolulu, Hawai‘i, September 3, 2026.

Jill A. Otake
United States District Judge

CIV. NO. 22-00064 JAO-KJM, *Green Mountain Mycosystems, LLC v. Alfouadi*; Order Granting Motion for Relief Under FRCP 60(b)(1) and Extending Time to Appeal (ECF No. 301)